IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company,<br><br>*Defendants*. | Civil Action No. 2:18-cv-01290-PJP<br><br>*Electronically Filed* |

**CERTAIN UNSERVED DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR INITIAL CONFERENCE**

    1.    Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Edwin Wong, Andreas Vourloumis, Shyam Maheshwari, Dinesh Goel, and Ira Syavitri Noor (collectively, the "SSG Defendants") requested the unexceptional relief that this Court convene a status conference to discuss administrative matters related to this litigation.

2.  The relief requested was simple: the SSG Defendants asked for an initial conference with the Court to discuss service of the complaint and summons and the scheduling of motions under Federal Rule of Civil Procedure 12.

3.  The SSG Defendants filed their motion because they believe that Plaintiffs are deliberately withholding service in order to use the pendency of this lawsuit to slander the SSG Defendants in the marketplace. The SSG Defendants cannot file their intended motion to dismiss until proper service has been made.

4.  In response to that simple request, Plaintiffs filed a fifteen-page brief attaching 80 pages of exhibits. In their response, Plaintiffs covered various topics, including this action's merits (or lack thereof), procedural developments in a separate action in the state of Washington, letters rogatory issued in Hong Kong, and alleged fraud perpetrated on Kyko by parties *other* than the SSG Defendants.[1]

5.  Noticeably absent from Plaintiffs' response, however, is any factual or legal assertion that Pennsylvania is the correct forum for this case. Rather, Plaintiffs' filing—which makes extensive references to events in other locations such as Hong Kong or Washington—supports the opposite contention: there may be several appropriate locations for this lawsuit, but Pennsylvania is not one of them.

6.  Nor did Plaintiffs' response contain any allegations supporting jurisdiction over the SSG Defendants. In Plaintiffs' "Statement of Facts," there are *no* contentions that the SSG Defendants were involved in any fraudulent activity. Rather, Plaintiffs' prolix factual recitation

---

[1] Plaintiffs also requested that this Court send the parties to mediation *before* the filing of a motion to dismiss or even the convening of a status conference. Such relief runs directly counter to the scheduling contemplated by the Western District of Pennsylvania's Local Rules and its Alternative Dispute Resolution Policies and Procedures. *See* LCvR 16.2.D (explaining that the Court "will discuss the ADR options with counsel" at the "Scheduling Conference contemplated by LCvR 16.1").

discusses at length the allegedly fraudulent activities of Madhavi Vuppalapati, Anandhan Jayaraman, and Prithvi Information Solutions Ltd ("PISL"), which are not connected with the SSG Defendants.  See Plaintiffs' Response at 1–9.

7. Furthermore, Plaintiffs misrepresent the SSG Defendants' multiple offers to accept service of the summons and complaint by implying that those offers were contingent on Plaintiffs "waiving their rights to conduct discovery in the United States."  Plaintiffs' Response at 9.

8. To be clear, counsel for the SSG Defendants is authorized to accept service on behalf of the SSG Defendants without any conditions.[2]

9. In conclusion, the SSG Defendants respectfully request that the Court schedule an initial status conference to address the orderly service of the summons and the complaint filed in this action and to set a mutually-agreed date for the SSG Defendants to file a motion to dismiss the complaint.  This Court has the authority under the Federal Rules to grant such relief.  See Fed R. Civ. P. at 1, 16(a)(1).[3]

---

[2] Notably, Plaintiffs have filed motions to serve defendants Vuppalapati, Jayaraman, and PISL by publication, in which they indicate their efforts at serving those defendants, see ECF Nos. 11–15, but Plaintiffs have refused to accept the straightforward offer by the SSG Defendants' undersigned counsel, who remain ready and willing to accept service of the summons and complaint in this action without condition.

[3] Counsel for the SSG Defendants also note that they are not representing Value Team Corporation because Value Team Corporation no longer exists.  See Plaintiffs' Response at 7 n.8.

           Respectfully submitted,

Dated:  November 27, 2018    /s/  Michael H. Ginsberg
           Michael H. Ginsberg (Pa. Bar #43582)
           John D. Goetz (Pa. Bar #47759)
           Douglas Baker (Pa. Bar #318634)
           JONES DAY
           500 Grant Street, Suite 4500
           Pittsburgh, PA  15219-2514
           Telephone:  (412) 391-3939
           Facsimile:  (412) 394-7959
           Email: mhginsberg@jonesday.com
           Email: jdgoetz@jonesday.com
           Email: ddbaker@jonesday.

**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis**

## CERTIFICATE OF SERVICE

      I hereby certify that on November 27, 2018, I electronically filed the foregoing with the Clerk of Court using the Western District of Pennsylvania's CM/ECF system which will send notification of the filing to the following:

Joseph F. Rodkey, Jr.
FOWKES ♦ RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont, PA 15139
(412) 828-2802 (Phone)
(412) 828-2588 (Fax)
jrodkey@fowkesrodkey.com


Dated:  November 27, 2018

Respectfully submitted,

/s/ Michael H. Ginsberg
Michael H. Ginsberg (Pa. Bar #43582)
John D. Goetz (Pa. Bar #47759)
Douglas Baker (Pa. Bar #318634)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 394-9524
Facsimile:  (412) 394-7959
Email: mhginsberg@jonesday.com
Email: jdgoetz@jonesday.com
Email: ddbaker@jonesday.com

**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis**