# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company,<br><br>*Defendants*. | Civil Action No. 2:18-cv-01290-PJP<br><br>*Electronically Filed* |

## SSG DEFENDANTS' MOTION FOR RELIEF FROM
## THE COURT'S ORDER SETTING INITIAL SCHEDULING CONFERENCE

1. Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Edwin Wong, Andreas Vourloumis, Shyam Maheshwari, Dinesh Goel, and Ira Syavitri Noor (collectively, the "SSG Defendants") submit this motion for relief from the pre-conference obligations set forth in Court's December 28, 2018 Order Setting Initial Scheduling Conference. ECF No. 20, ¶¶ 1–3.

2. The Court's December 28, 2018 Order instructs the parties to meet and confer, to jointly file a Report pursuant to Federal Rule of Civil Procedure 26(f), and to file a stipulation selecting an Alternative Dispute Resolution process under the Western District's Local Rules. ECF No. 20, ¶¶ 1–3.

3. Respectfully, the Court's Rule 26(f) Order is premature because none of the Defendants in this matter has been served. Moreover, the Court has not yet determined whether it has personal jurisdiction over the SSG Defendants.[1]

4. Personal jurisdiction is a threshold issue that must be decided before the Court may turn to the merits of the case. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) *and the parties (personal jurisdiction)*." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (emphasis added) (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83 (1998)).

5. "Preliminary matters such as personal jurisdiction should be raised *and disposed of* before the court considers the merits or quasi-merits of a controversy." *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (alterations omitted) (emphasis added) (quoting *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to

---

[1] On November 16, 2018, counsel for the SSG Defendants entered their appearance, ECF Nos. 8–9, in order to file a motion requesting a status conference, ECF No. 10. The SSG Defendants had only one reason for filing the motion for an initial conference: the SSG Defendants, once served, intended to file a motion to dismiss the complaint. ECF No. 10 ¶¶ 11–12. The primary basis for dismissal of the complaint is that "[t]here is no personal jurisdiction over the SSG Defendants, all of whom are foreign corporations and individuals and who have no presence in this jurisdiction and have directed no activities into this forum." *Id.* at ¶ 11(a).

declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. 83, 94 (1998).

6. Equally important, the SSG Defendants do not want to risk waiving their right to object on personal jurisdiction grounds by proceeding with the actions outlined in the Court's December 28, 2018 Order.

7. It is well established that a party does not waive personal jurisdiction merely by entering an appearance to challenge personal jurisdiction. *See* 5B Fed. Prac. & Proc. Civ. § 1344 (3d ed.) ("[I]t no longer is necessary to appear specially or employ any particular set of words to challenge a federal court's personal jurisdiction, venue, or service of process.").

8. It is less clear, however, whether a party may engage in the sorts of activities required by the Court's Order without risking waiver of a personal jurisdiction objection. *See, e.g., City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 134 (2d Cir. 2011) ("A court will obtain, through implied consent, personal jurisdiction over a defendant if the actions of the defendant during the litigation amount to a legal submission to the jurisdiction of the court, whether voluntary or not." (internal quotation marks, alterations, and citations omitted)).

9. It is true that compliance with court-ordered activities do not necessarily waive personal jurisdiction. *See Germain v. Am. Int'l Grp., Inc.*, No. 07-133, 2008 WL 11347704, at *4 (D. Mont. July 31, 2008) (declining "to hold that the Defendants are precluded from asserting lack of personal jurisdiction as a defense by virtue of . . . court-ordered participation," including conferring, submitting a joint discovery plan, filing preliminary pretrial statements, and attending a preliminary pretrial conference in chambers). But the law is not clear on this point. Indeed, the Third Circuit has explained that "a party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in

extensive litigation in the forum." *In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994).

10. The SSG Defendants still have not been served in this lawsuit, even though the case has been pending for three and a half months and in spite of the SSG Defendants' multiple offers to accept service. To ensure preservation of the personal jurisdiction defense, the SSG Defendants intend to file a Motion to Dismiss and supporting brief imminently, despite the failure of Plaintiffs to effect service of the summons and complaint.

11. In the interest of resolving the personal jurisdiction issue (and preserving their objections), the SSG Defendants respectfully request that this Court relieve the SSG Defendants of the pre-conference obligations set forth in the December 28, 2018 Order, ECF No. 20, ¶¶ 1–3, until after the Court has resolved the personal jurisdiction issues that will be set forth in the SSG Defendants' forthcoming Motion to Dismiss.

Respectfully submitted,

Dated: January 14, 2019

/s/ John D. Goetz
Michael H. Ginsberg (Pa. Bar #43582)
John D. Goetz (Pa. Bar #47759)
Douglas Baker (Pa. Bar #318634)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: mhginsberg@jonesday.com
Email: jdgoetz@jonesday.com
Email: ddbaker@jonesday.

**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis**