# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation, *Plaintiffs*, v. PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company, *Defendants*. | Civil Action No. 2:18-cv-01290-PJP *Electronically Filed* |

## SSG DEFENDANTS' MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), 12(B)(2), AND 12(B)(6)

1. Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Edwin Wong, Andreas Vourloumis, Shyam Maheshwari, Dinesh Goel, and Ira Syavitri Noor (collectively, the "SSG Defendants") respectfully submit this motion to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). The SSG Defendants advance three independent bases to dismiss Plaintiffs' claims in their entirety.

2. *First*, this Court lacks personal jurisdiction over the SSG Defendants.

3. Personal jurisdiction is a threshold issue that must be decided before the Court may turn to the merits of the case. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007); *Bel-Ray Co. Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999).

4. The SSG Defendants are all foreign corporations and individuals. *See* Compl. ¶¶ 15, 17, 21, 25, 29, 31, 36. The Complaint also acknowledges that the SSG Defendants have, at all relevant times, been located outside Pennsylvania. *See, e.g.,* Compl. ¶¶ 59, 61, 63, 64, 66, 68, 69, 72, 73, 76, 77, 80, 81, 84, 85, 88. The SSG Defendants thus have *no* contacts with Pennsylvania, and there is no general personal jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014).

5. Furthermore, Plaintiffs have not and cannot demonstrate that the SSG Defendants purposefully availed themselves of the laws of Pennsylvania, that the claims at issue arise out of that availment, or that exercising jurisdiction comports with due process. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

6. There is nothing in the Complaint demonstrating that the SSG Defendants purposefully directed any activities into Pennsylvania. The only activities that allegedly occurred within Pennsylvania—by *any* party in this action—are wire transfers to and from a PNC Bank account by Defendant Vuppalapati on November 2 and 3, 2010. *See* Compl. ¶¶ 117–24. The SSG Defendants did not make the wire transfers, and none of the SSG Defendants were owners of the PNC Bank account in question. In fact, the PNC Bank account belonged to Prithvi Solutions, Inc., one of the Plaintiffs. *Id.*

7. Bank wire transfers are insufficient to create specific personal jurisdiction. *Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 214 (3d Cir. 1984) (wire transfers

"create[] no expectation of submission to the jurisdiction of Pennsylvania courts" and "do not constitute purposeful availing of the privilege of conducting activity within the forum state").

8. Nor do Plaintiffs conspiracy allegations establish jurisdiction. Plaintiffs have not alleged (i) that substantial acts in furtherance of the alleged conspiracy occurred in Pennsylvania, or (ii) that the SSG Defendants were aware of any activities occurring in Pennsylvania. *See Massachusetts School of Law v. American Bar Ass'n*, 846 F.Supp. 374, 379 (E.D. Pa. 1994) (holding "the co-conspirator jurisdictional theory is not applicable in this case because plaintiff has not alleged substantial acts . . . in Pennsylvania in furtherance of the conspiracy"), *aff'd*, 107 F.3d 1026, 1042 (3d Cir. 1997); *Doe v. Hesketh*, 15 F. Supp. 3d 586, 598 (E.D. Pa. 2014) (dismissing case for lack of jurisdiction where plaintiff did not plead with particularity how the non-forum co-conspirator was aware of or should have been aware of the acts in furtherance of the conspiracy).

9. There is no specific personal jurisdiction because Plaintiffs fail to allege that the SSG Defendants have "certain minimum contacts" with Pennsylvania "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 923 (2011).

10. Because Plaintiffs fail to present factual allegations that suggested with reasonable particularity the possible existence of the requisite minimum contacts, the Court must dismiss the SSG Defendants from this action as a matter of law. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 156 (3d Cir. 2010); *Fatouros v. Lambrakis*, 627 F. App'x 84, 88 (3d Cir. 2015).

11. ***Second***, Plaintiffs failed to plead sufficient facts in support of the elements of their civil RICO claim, which should therefore be dismissed.

12. Plaintiffs allege that Defendants engaged in a fraudulent scheme. Compl. ¶ 10. As such, they were obligated under Federal Rule of Civil Procedure 9(b) to "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Plaintiffs vague and conclusory allegations fail to "plead the who, what, when, and where details of the alleged fraud." *Allen Neurosurgical Assocs., Inc. v. Lehigh Valley Health Network*, No. 99-4653, 2001 WL 41143, at *3 (E.D. Pa. Jan. 18, 2001).

13. Plaintiffs also fail to allege facts supporting the existence of a RICO enterprise. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369–70 (3d Cir. 2010); *Ferguson v. Moeller*, No. 16-41, 2016 WL 1106609, at *7 (W.D. Pa. Mar. 22, 2016) (association-in-fact enterprise insufficiently pleaded where "[t]here are no allegations regarding ongoing organization or decision-making, an actual role for each Defendant in a functional unit, or the existence of any activities beyond the alleged racketeering").

14. And the Complaint contains nothing beyond legal conclusions demonstrating the "conduct" of a RICO enterprise. *In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *31 (D.N.J. June 30, 2015) ("These plaintiffs have not made factual allegations demonstrating that any defendant knowingly conducted or participated in the conduct of the enterprise's affairs, as opposed to its own affairs, and that it did so through a pattern of racketeering activity." (internal quotation marks, citations, and alterations omitted)).

15. The RICO claim should be dismissed. Because the RICO claim is the only basis for the Court's subject-matter jurisdiction, the Court should decline to exercise supplemental jurisdiction over the remaining nine pendent state-law claims. *See* Counts I–V and VII–X; *Ferguson v. Moeller*, No. 16-41, 2016 WL 4530383, at *10 (W.D. Pa. Aug. 30, 2016) (holding

that "[p]laintiffs have failed to plead cognizable RICO claims over which this Court has original jurisdiction" and "[t]herefore, the Court 'must' decline to exercise supplemental jurisdiction over the pendent state law claims"); *Rock v. Ribbons Express, Inc.*, No. 09-1127, 2009 WL 10687747, at *3 (E.D. Pa. Nov. 30, 2009) ("Having dismissed Plaintiff's RICO claim, we find no justification to exercise jurisdiction over Plaintiff's state law claims.").

16. ***Third***, the doctrine of *forum non conveniens* also supports dismissal.

17. Plaintiffs' arbitrary choice of Pennsylvania as a forum is entitled to very little deference, since none of the Plaintiffs is from Pennsylvania. *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013) ("Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."); *see also Windt v. Qwest Comm'ns Int'l, Inc.*, 529 F.3d 183, 191 (3d Cir. 2008).

18. The relevant parties, witnesses, and evidence are all located outside Pennsylvania, and the only facts from the Complaint related in any way to Pennsylvania are two PNC Bank wire transfers in 2010. *Kisano Trade*, 737 F.3d at 878 (because "most interactions" between the parties "took place in Israel, Monaco or the Ukraine, not in Pennsylvania" and "[o]ther than the actual wire payments and [one party's] law firm, there appears to be no other connection to Pennsylvania, and little else to the United States").

19. For any of these independent reasons, the SSG Defendants request that this Court dismiss them from this action.

Respectfully submitted,

Dated:  January 15, 2019

/s/  John D. Goetz
Michael H. Ginsberg (Pa. Bar #43582)
John D. Goetz (Pa. Bar #47759)
Douglas Baker (Pa. Bar #318634)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:  (412) 394-7959
Email: mhginsberg@jonesday.com
Email: jdgoetz@jonesday.com
Email: ddbaker@jonesday.com

**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis**