# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company,<br><br>*Defendants*. | Civil Action No. 2:18-cv-01290-PJP<br><br>*Electronically Filed* |

## SSG DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1), 12(B)(2), AND 12(B)(6)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................... 1

II. BACKGROUND ................................................................................................... 1

III. ARGUMENT ........................................................................................................ 3

    A. There Is No Personal Jurisdiction over the SSG Defendants ............................... 4

        1. The Complaint contains no Pennsylvania-specific allegations against the SSG Defendants ........................................................ 5

        2. The Complaint fails to establish personal jurisdiction with its conspiracy allegations ............................................................. 10

    B. The RICO Claim, the Only Basis for This Court's Subject Matter Jurisdiction, Must Be Dismissed As Insufficiently Pleaded ............................... 12

        1. The Complaint fails to allege a plausible RICO claim .......................... 12

            a. Plaintiffs fail to plead fraud with the specificity required by Rule 9(b) and RICO .............................................. 13

            b. Plaintiffs fail to plead the existence of an enterprise .................. 16

            c. Plaintiffs fail to plead the "conduct" of an enterprise ................. 17

        2. Without the RICO claim, there is no subject matter jurisdiction ............. 18

    C. *Forum Non Conveniens* Supports Dismissal of the Action ................................. 19

IV. CONCLUSION .................................................................................................... 21

NAI-1505691940

# <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*Aardvark Event Logistics, Inc. v. Bobcar Media LLC*,
2017 WL 59059 (E.D. Pa. 2017) ........................................................................11

*Allen Neurosurgical Assocs., Inc. v. Lehigh Valley Health Network*,
No. 99-4653, 2001 WL 41143 (E.D. Pa. Jan. 18, 2001).....................................14

*Am. Guarantee & Liab. Ins. Co. v. Arch Ins. Co.*,
No. 17-582, 2017 WL 4842413 (W.D. Pa. Oct. 26, 2017)....................................8

*Ashcraft v. IDM Equip.*,
No. 13-726, 2014 WL 123031 (W.D. Pa. Jan. 13, 2014) .....................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................16

*Bel-Ray Co. Inc. v. Chemrite (Pty) Ltd.*,
181 F.3d 435 (3d Cir. 1999)..................................................................................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................15

*Boyle v. United States*,
556 U.S. 938 (2009)............................................................................................16

*Budhun v. Reading Hosp. & Med. Ctr.*,
765 F.3d 245 (3d Cir. 2014)................................................................................18

*Cevdet Aksut Ogullari Koll. Sti v. Cavusoglu*,
245 F. Supp. 3d 650 (D.N.J. 2017), *aff'd*, 2018 WL 6016549 (3d Cir. Nov. 16,
2018) ...................................................................................................................13

*D'Jamoos v. Pilatus Aircraft Ltd.*,
566 F.3d 94 (3d Cir. 2009)....................................................................................9

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)..............................................................................................6

NAI-1505691940

CASES

*Doe v. Hesketh*,
15 F. Supp. 3d 586 (E.D. Pa. 2014) ........................................................................11

*Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*,
746 F.2d 208 (3d Cir. 1984)...........................................................................1, 3, 5

*Donnelly v. Option One Mortg. Corp.*,
No. 11-7019, 2014 WL 1266209 (D.N.J. Mar. 26, 2014) .......................................14

*Dresser Indus., Inc. v. Underwriters at Lloyd's of London*,
106 F.3d 494 (3d Cir. 1997)...................................................................................18

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
623 F.3d 147 (3d Cir. 2010)..........................................................................5, 7, 12

*Fatouros v. Lambrakis*,
627 F. App'x 84 (3d Cir. 2015) .........................................................................5, 12

*Ferguson v. Moeller*,
No. 16-41, 2016 WL 1106609 (W.D. Pa. Mar. 22, 2016) ......................................17

*Ferguson v. Moeller*,
No. 16-41, 2016 WL 4530383 (W.D. Pa. Aug. 30, 2016) ......................................19

*Fleisher v. Standard Ins. Co.*,
679 F.3d 116 (3d Cir. 2012)...................................................................................16

*Frederico v. Home Depot*,
507 F.3d 188 (3d Cir. 2007)...................................................................................14

*Fuce v. West*,
No. 12-0874, 2012 WL 3046235 (E.D. Pa. July 26, 2012) ....................................18

*Goodson v. Maggi*,
797 F. Supp. 2d 604 (W.D. Pa. 2011).....................................................................11

*Goodyear Dunlop Tires Operations, SA v. Brown*,
564 U.S. 915 (2011)..................................................................................................5

*Gov't Employees Ins. Co. v. Nealey*,
262 F. Supp. 3d 153 (E.D. Pa. 2017) ......................................................................8

NAI-1505691940v4

CASES

*Hedges v. Musco,*
    204 F.3d 109 (3d Cir. 2000).................................................................19

*HS Real Co., LLC v. Sher,*
    526 F. App'x 203 (3d Cir. 2013) .......................................................9, 10

*In re Aetna UCR Litig.,*
    No. 07-3541, 2015 WL 3970168 (D.N.J. June 30, 2015).......................18

*In re Ins. Brokerage Antitrust Litig.,*
    618 F.3d 300 (3d Cir. 2010)..................................................................16

*In re Ins. Brokerage Antitrust Litig.,*
    618 F.3d at 370–71 ...............................................................................17

*In re Westinghouse Sec. Litig.,*
    90 F.3d 696 (3d Cir. 1996)....................................................................13

*Issaschar v. ELI Am. Friends of Israel Ass'n for Child Prot., Inc.,*
    No. 13-2415, 2014 WL 716986 (E.D. Pa. Feb. 25, 2014) .....................18

*Kisano Trade & Invest Ltd. v. Lemster,*
    737 F.3d 869 (3d Cir. 2013)..............................................................20, 21

*Kolar v. Preferred Real Estate Investments, Inc.,*
    361 F. App'x 354 (3d Cir. 2010) ..........................................................13

*Marten v. Godwin,*
    499 F.3d 290 (3d Cir. 2007).................................................................5, 6

*Maser v. Deeble,*
    No. 17-99, 2017 WL 930795 (W.D. Pa. Mar. 9, 2017) ...........................8

*Massachusetts School of Law v. American Bar Ass'n,*
    846 F.Supp. 374 (E.D. Pa. 1994), *aff'd*, 107 F.3d 1026 (3d Cir. 1997).................11

*Murray v. Mulgrew,*
    704 F. Supp. 2d 45 (D.D.C. 2010) ........................................................19

*Naporano Iron & Metal Co. v. Am. Crane Corp.,*
    79 F. Supp. 2d 494 (D.N.J. 1999) .........................................................14

NAI-1505691940v4

CASES

*Ne. Revenue Servs., LLC v. Maps Indeed, Inc.*,
    685 F. App'x 96 (3d Cir. 2017) ...............................................................................13

*Path to Riches, LLC v. CardioLync, Inc.*,
    290 F. Supp. 3d 280 (D. Del. 2018)........................................................................19

*Phunware, Inc. v. Excelmind Grp. Ltd.*,
    117 F. Supp. 3d 613 (D. Del. 2015)........................................................................12

*Pollux Holding Ltd. v. Chase Manhattan Bank*,
    329 F.3d 64 (2d Cir. 2003)................................................................................20, 21

*Rock v. Ribbons Express, Inc.*,
    No. 09-1127, 2009 WL 10687747 (E.D. Pa. Nov. 30, 2009) .................................19

*Santana Prod., Inc. v. Bobrick Washroom Equip.*,
    14 F. Supp. 2d 710 (M.D. Pa. 1998) ......................................................................10

*Sathianathan v. Pac. Exch., Inc.*,
    248 F. App'x 345 (3d Cir. 2007) .........................................................................5, 12

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007)..................................................................................................4

*Steel Co. v. Citizens for Better Environment*,
    523 U.S. 83 (1998)....................................................................................................4

*T.J. Raney & Sons, Inc. v. Security Sav. & Loan Assoc.*,
    749 F.2d 523 (8th Cir. 1984) ..................................................................................10

*Tatoian v. Andrews*,
    100 F. Supp. 3d 549 (W.D. Va. 2015) ...................................................................10

*Travelers Indem. Co. v. Cephalon, Inc.*,
    32 F. Supp. 3d 538 (E.D. Pa. 2014), *aff'd*, 620 F. App'x 82 (3d Cir. 2015) ..........13

*V-Tech Servs., Inc. v. St.*,
    215 F. App'x 93 (3d Cir. 2007) ..............................................................................19

*Valcom, Inc. v. Vellardita*,
    No. 13-3025, 2014 WL 1628431 (D.N.J. Apr. 23, 2014).......................................17

NAI-1505691940v4

CASES

*Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*,
 75 F.3d 147 (3d Cir. 1996)......................................................................................6

*Wall v. Corona Capital, LLC*,
 221 F. Supp. 3d 652 (W.D. Pa. 2016)......................................................................8

*Windt v. Qwest Comm'ns Int'l, Inc.*,
 529 F.3d 183 (3d Cir. 2008)............................................................................20, 21

*Winex, Ltd. v. Paine*,
 No. 89-2083, 1990 WL 121483 (E.D. Pa. 1990) ...................................................21

*Wood v. Wood*,
 No. 16-995, 2017 WL 57186 (W.D. Pa. Jan. 5, 2017) ..........................................17

*Zazzali v. Hirschler Fleischer, P.C.*,
 482 B.R. 495 (D. Del. 2012)..................................................................................17

*Zucker v. Farish*,
 No. 18-1790, 2018 WL 6570867 (N.D. Tex. Dec. 12, 2018) ................................19

STATUTES

18 U.S.C. § 1962(c) ........................................................................................13, 17

18 U.S.C. § 1962(d) ...............................................................................................13

28 U.S.C. § 1367(c)(3).............................................................................................18

OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ..............................................................12

Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) ..........................1

NAI-1505691940v4

## I.     INTRODUCTION

Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Edwin Wong, Andreas Vourloumis, Shyam Maheshwari, Dinesh Goel, and Ira Syavitri Noor (collectively, the "SSG Defendants") respectfully submit this brief in support of their motion to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).  For the reasons set forth below, the Court must dismiss the SSG Defendants from this action.  *First*, there is no personal jurisdiction over the SSG Defendants, who are foreign corporations and individuals, who have no presence in Pennsylvania, and who have directed no activities into Pennsylvania.  Personal jurisdiction is a threshold matter that must be decided before the Court may move to merits or quasi-merits issues in the case.  *Second*, Plaintiffs have failed to allege sufficient facts to state a viable civil RICO claim, and the claim should be dismissed.  Without the RICO claim, the Court should dismiss the remaining pendent state law claims for lack of subject matter jurisdiction.  *Third*, the suit should also be dismissed on the grounds of *forum non conveniens*.  Any one of these bases provides an independent ground for dismissal.

## II.     BACKGROUND

The SSG Defendants are all foreign companies and individuals.  *See* Compl. ¶¶ 15, 17, 21, 25, 29, 31, 36.  SSG Capital Partners I, L.P., an investment fund, is a partnership registered under the laws of the Cayman Islands.  *Id.* ¶¶ 15–16.  SSG Capital Management (Hong Kong), an asset management firm, is a Company incorporated under the laws of Hong Kong.  *Id.* ¶¶ 17–18.  SSG Capital Partners I, L.P. and SSG Capital Management (Hong Kong) have their principal places of business in Hong Kong.  Edwin Wong, Andreas Vourloumis, Shyam

Maheshwari, and Dinesh Goel are all associated with SSG Capital Partners I, L.P. and SSG Capital Management (Hong Kong), and all reside in Singapore or Hong Kong.[1]  *Id.* ¶¶ 21–37.

Prithvi Information Solutions Ltd ("PISL") is an information technology and consulting company.  *Id.* ¶ 6.  In February 2007, PISL issued bonds with a face value of $50 million.  *Id.* ¶ 98.  These were zero-coupon bonds, so they did not accrue interest but were to be redeemed at a premium in February 2012.  *Id.*

In 2010, one of the SSG Defendants, SSG Capital Partners I, L.P., bought the $50 million in bonds issued by PISL from various investors who had purchased the bonds originally.  *Id.* ¶¶ 98, 106.  The plan was to restructure the bonds before the February 2012 maturity.  *Id.* ¶¶ 107, 111, 134.  After purchasing the bonds, SSG Capital Partners I, L.P. made an agreement with a Hong Kong subsidiary of PISL to enlist its cooperation with its parent in restructuring the bonds. In consideration for that agreement, PISL's Hong Kong subsidiary made certain payments to SSG Capital Partners I, L.P.  *Id.* ¶¶ 108, 112, 135.[2]  None of these financial transactions occurred in the United States or, more specifically, in Pennsylvania, and no allegations in the Complaint support such a view.  The purpose of restructuring was to alleviate the impending debt burden in order to give the struggling PISL time to become a profitable company again. SSG Capital Partners I, L.P. would only realize the full benefit of its investment if PISL once again became a successful company.  But that never happened.  PISL failed, the bonds became worthless, and SSG Capital Partners I, L.P. wrote down its investment in the bonds to zero.

---

[1] Value Team Corporation was also named as a Defendant in this case, but it is no longer in existence.  It was incorporated in the British Virgin Islands.  Compl. ¶ 14.  Ira Syavitri Noor, a resident of Hong Kong, is listed in the Complaint as a director of Value Team Corporation, Compl. ¶¶ 29–30, but otherwise there are no factual allegations related to her.

[2] The Complaint inaccurately states that SSG Capital Partners I, L.P. entered into agreements with and received payments from PISL, not PISL's Hong Kong subsidiary.  Though the SSG Defendants contest that factual misrepresentation, it makes no difference at the pleading stage.  Even accepting Plaintiffs' recitation of the facts as true, the Complaint must still be dismissed for the reasons stated herein.

-2-

The SSG Defendants have resided and operated outside the United States at all times. Indeed, the Complaint expressly alleges that none of the SSG Defendants resides in or has its principal place of business anywhere in the United States. *See* Compl. ¶¶ 15, 17, 21, 25, 29, 31, 36. The Complaint repeatedly acknowledges that the SSG Defendants have, at all relevant times, been located *outside* Pennsylvania. *See, e.g., id.* ¶¶ 59, 61, 63, 64, 66, 68, 69, 72, 73, 76, 77, 80, 81, 84, 85, 88.[3]

The Complaint does not allege that the SSG Defendants took *any* actions in Pennsylvania. The only activities in the entire 32-page Complaint that allegedly occurred within Pennsylvania by *any* party in this action are two wire transfers into and out of a PNC Bank account on November 2 and 3, 2010—an account belonging to Prithvi Solutions, Inc. ("PSI"), *one of the Plaintiffs*[4]—by Defendant Vuppalapati. *See* Compl. ¶¶ 117–24. Plaintiffs have not been able to effect service on this individual. The SSG Defendants were not involved in the wire transfers. *Id.* Nor did any of the SSG Defendants own or have control of the PNC Bank account in question. *Id.* And there is no allegation that the SSG Defendants were aware that the transfers into and out of the PNC Bank account ever occurred.

## III.   ARGUMENT

The claims against the SSG Defendants should be dismissed for three reasons. ***First***, this Court lacks personal jurisdiction over the SSG Defendants, who are all foreign corporations and individuals and have *no* contacts with Pennsylvania. Plaintiffs have not and cannot demonstrate that the SSG Defendants purposefully availed themselves of the laws of Pennsylvania, that the

---

[3] The other Defendants in the action are also foreign. *See* Compl. ¶¶ 7–8, 11–12, 38. In the 110 days since the Complaint was filed, neither the SSG Defendants nor any other Defendants have been served. Counsel for the SSG Defendants has contacted Plaintiffs' counsel on several occasions to discuss service, but Plaintiffs have refused to effect service of the summons and Complaint. ECF No. 10 ¶¶ 4–5.

[4] PSI is a subsidiary of PISL. Compl. ¶ 100.

NAI-1505691940

claims at issue arise out of that availment, or that exercising jurisdiction comports with due process. Personal jurisdiction is a threshold issue that must be decided now.

**Second**, Plaintiffs failed to plead sufficient facts in support of the elements of their civil RICO claim, which should therefore be dismissed. Because the RICO claim is the only basis for the Court's subject matter jurisdiction, the Court should decline to exercise supplemental jurisdiction over the remaining nine pendent state-law claims. *See* Counts I–V and VII–X.

**Third**, the doctrine of *forum non conveniens* also supports dismissal. Plaintiffs' arbitrary choice of this forum is entitled to very little deference, since none of the Plaintiffs is from Pennsylvania. The relevant parties, witnesses, and evidence are all located outside Pennsylvania, and the only facts from the Complaint related in any way to Pennsylvania are two PNC Bank wire transfers in 2010.

### A. There Is No Personal Jurisdiction over the SSG Defendants

Personal jurisdiction is a threshold issue that must be decided before the Court may turn to the merits of the case. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject matter jurisdiction) *and the parties (personal jurisdiction)*." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (emphasis added); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). "Preliminary matters such as personal jurisdiction should be raised and disposed of before the court considers the merits or quasi-merits of a controversy." *Bel-Ray Co. Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (alterations omitted) (quoting *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)).

-4-

"[T]he plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). It is Plaintiffs' obligation to "establish a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 156 (3d Cir. 2010). To establish a prima facie case, Plaintiffs were required to "present factual allegations that suggested with reasonable particularity the possible existence of the requisite minimum contacts." *Fatouros v. Lambrakis*, 627 F. App'x 84, 88 (3d Cir. 2015). As demonstrated below, Plaintiffs failed to satisfy that obligation. Because Plaintiffs failed to make a "threshold showing of jurisdiction" over the SSG Defendants, the Court must dismiss them from this action as a matter of law. *Sathianathan v. Pac. Exch., Inc.*, 248 F. App'x 345, 347 (3d Cir. 2007).

### 1. The Complaint contains no Pennsylvania-specific allegations against the SSG Defendants

The Court must dismiss the claims against the SSG Defendants—all foreign individuals and entities who did not direct any activities to Pennsylvania—for lack of personal jurisdiction. Due process requires that "the defendant [have] certain minimum contacts" with the forum state—here, Pennsylvania—"such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 923 (2011); *see also Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 214 (3d Cir. 1984) (wire transfers "create[] no expectation of submission to the jurisdiction of Pennsylvania courts" and "do not constitute purposeful availing of the privilege of conducting activity within the forum state").

Plaintiffs have not pleaded—and cannot plead—facts to establish that either general or specific jurisdiction applies to the SSG Defendants. General jurisdiction exists only when a defendant's contacts with a forum are "so continuous and systematic as to render it essentially at

NAI-1505691940

home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quotation marks, alteration, and citation omitted). However, each of the SSG Defendants is a foreign corporation or individual. *See* Compl. ¶¶ 15, 17, 21, 25, 29, 31, 36. None of the SSG Defendants resides in or has its principal place of business anywhere in the United States. *Id.* Moreover, there are no allegations that the SSG Defendants have such continuous or systematic contacts with Pennsylvania so as to be essentially at home in this State. *Daimler*, 571 U.S. at 139. Rather, the Complaint makes clear that the SSG Defendants have, at all relevant times, been located *outside* Pennsylvania. *See, e.g.,* Compl. ¶¶ 59, 61, 63, 64, 66, 68, 69, 72, 73, 76, 77, 80, 81, 84, 85, 88. There is no general personal jurisdiction over these Defendants.

Plaintiffs also have failed to plead the existence of specific personal jurisdiction over the SSG Defendants. "Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities, such that the defendant should reasonably anticipate being haled into court there." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) (internal citations and quotation marks omitted). For specific personal jurisdiction to exist, three elements must be met: (1) the defendant must have purposefully directed its activities into the forum state; (2) the litigation must relate to those activities; and (3) the assertion of jurisdiction must otherwise comport with traditional notions of fair play and substantial justice. *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Plaintiffs have failed to establish—and cannot establish—any of these elements.

First, there is nothing in the Complaint demonstrating that the SSG Defendants *purposefully* directed any activities into Pennsylvania. The Complaint acknowledges that none of the SSG Defendants ever entered into Pennsylvania, alleging instead that each member of the SSG Defendants was "located outside of Pittsburgh, Pennsylvania." *See* Compl. ¶¶ 59, 61, 63,

NAI-1505691940

64, 66, 68, 69, 72, 73, 76, 77, 80, 81, 84, 85, 88.  The Complaint then alleges in a conclusory

fashion that each member of the SSG Defendants "directed its activities to Pittsburgh,

Pennsylvania."  *See* Compl. ¶¶ 59, 61, 64, 66, 69, 73, 77, 81, 85.[5]  But there are no allegations

that the SSG Defendants engaged in any discussions, meetings, business transactions, or any

activities whatsoever within Pennsylvania.  And aside from the SSG Defendants' ownership of

PISL bonds, the Complaint does not allege any facts showing that the SSG Defendants were

connected to the remaining Defendants in this action.

The *only* activities that allegedly occurred within Pennsylvania—by *any* party in this

action—are one wire transfer into and three wire transfers out of a PNC Bank account by

Defendant Vuppalapati on November 2 and 3, 2010.  *See* Compl. ¶¶ 117–24.  The SSG

Defendants did not make the wire transfers, and none of the SSG Defendants were owners of the

PNC Bank account in question.  In fact, the PNC Bank account belonged to PSI, one of the

Plaintiffs.  According to the Complaint, the "Defendants" made the first wire transfer from

"PISL's Key Bank account located in the State of Washington" to "PSI's bank account at PNC

Bank located in Pittsburgh, Pennsylvania."  *Id.* ¶¶ 117–18.[6]  The next day, PSI made transfers

from the PNC Bank account to bank accounts belonging to PISL, *id.* ¶¶ 121, 123, and to Prithvi

---

[5] Plaintiffs' other attempt to tie the SSG Defendants to Pennsylvania, are the conclusory allegations—repeated verbatim throughout the Complaint—that a given Defendant took "actions outside of Pittsburgh, Pennsylvania but directed to Pittsburgh, Pennsylvania by, without limitation, arranging the transfer of the Bonds funds away from PSI and to Defendants and creating bogus receivables on PSI's books and records."  *See* Compl. ¶¶ 169, 171, 173, 175, 177, 179, 181, 183. That allegation takes a slightly modified form (but is materially the same) elsewhere in the Complaint.  *See* Compl. ¶¶ 212–18.  Even if true, these threadbare allegations do nothing to establish that the SSG Defendants purposefully directed their activities *into* Pennsylvania, nor do they establish that the SSG Defendants should reasonably have anticipated being haled into court in Pennsylvania.  *Eurofins*, 623 F.3d at 157 (explaining that "[a] plaintiff may not . . . undertake a fishing expedition based only upon bare allegations" and affirming dismissal for lack of personal jurisdiction as a matter of law).

[6] This reference to "Defendants" cannot include the SSG Defendants who had no access to PISL's Washington bank account.

-7-

Asia in Hong Kong, *id.* ¶ 124. Plaintiffs do not allege that the SSG Defendants knew that the PNC Bank transfers ever happened or took any actions to affect them. Therefore, there are ***no*** allegations supporting this Court's exercise of specific personal jurisdiction over the SSG Defendants. *Gov't Employees Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 165 (E.D. Pa. 2017) (dismissing one defendant for lack of personal jurisdiction where plaintiff was "unable to point to any allegation in its complaint, or other evidence, showing that [the defendant] ever took any actions—with or without [a co-defendant who was subject to personal jurisdiction]—in Pennsylvania or directed at Pennsylvania").

Even if the SSG Defendants were connected to the PNC Bank wire transfers—which they were not—there is still no basis for jurisdiction. Courts in this district have regularly dismissed claims against defendants where the only connection of the defendant to Pennsylvania is minimal. *See, e.g., Wall v. Corona Capital, LLC*, 221 F. Supp. 3d 652, 656 (W.D. Pa. 2016) (no specific personal jurisdiction over party that intended residents "to be third-party beneficiaries to the structured settlement petition and directed New York Life to send payments to [those residents] in Pennsylvania over the next five years" and dismissing complaint against that defendant); *Maser v. Deeble*, No. 17-99, 2017 WL 930795, at *6 (W.D. Pa. Mar. 9, 2017) (plaintiff had not "set out facts to show that Defendants aimed tortious conduct towards the state with the 'intentionality' that is required for specific jurisdiction" and "hold[ing] that Plaintiff has failed to meet his burden to establish specific personal jurisdiction over Defendants"); *Am. Guarantee & Liab. Ins. Co. v. Arch Ins. Co.*, No. 17-582, 2017 WL 4842413, at *7 (W.D. Pa. Oct. 26, 2017) (no specific personal jurisdiction where defendant merely entered into a contract with a Pennsylvania company and was listed as an "additional insured" on the Pennsylvania company's insurance policy).

NAI-1505691940

Second, because the Complaint does not plead any actions by the SSG Defendants in Pennsylvania, the litigation necessarily cannot arise out of the SSG Defendants' activities in Pennsylvania. The Third Circuit has required a causal connection between a plaintiff's claim and the defendant's activities in the forum state. *HS Real Co., LLC v. Sher*, 526 F. App'x 203, 206 (3d Cir. 2013). The second element "requires a closer and more direct causal connection than that provided by the but-for test." *Id.* If a plaintiff fails to plead this "direct causal connection," then personal jurisdiction has not been established. *Id.* (affirming dismissal where defendant was not subject to specific jurisdiction in New Jersey because plaintiffs' claims did not arise out of its contacts with New Jersey).

Here, Plaintiffs did not—and cannot—allege any direct causal connection between the SSG Defendants' Pennsylvania-related activities and Plaintiffs' claims. Plaintiffs also did not allege *any* actions by the SSG Defendants in Pennsylvania. Even if the SSG Defendants were involved in the PNC bank wire transfers, there is not a sufficient direct causal connection between an incidental wire transfer and Plaintiffs' claims. *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 104 (3d Cir. 2009) ("[E]ven if these contacts could constitute purposeful availment of the privilege of conducting activities in Pennsylvania, appellants do not allege that their claims 'arise out of or relate to' these direct contacts within Pennsylvania."); *Ashcraft v. IDM Equip.*, No. 13-726, 2014 WL 123031, at *5 (W.D. Pa. Jan. 13, 2014) (recommending that plaintiffs' claims be dismissed for lack of jurisdiction, in part, because they "fail to allege any facts as to how their claim 'arise[s] out of or relate[s] to' this direct contact within Pennsylvania").

Third, the exercise of personal jurisdiction here does not comport with traditional notions of fair play and substantial justice. The Third Circuit has specifically held that factual

NAI-1505691940

allegations involving an in-state wire transfer were insufficient to establish personal jurisdiction. *Dollar Savings Bank,* 746 F.2d at 214–15. In *Dollar Savings Bank*, the court found that the minimum contacts required for due process had not been established when a non-resident bank did no more than borrow from and repay a loan to a Pennsylvania bank by wire transfer. *Id*. at 209. Other courts have held similarly that a wire transfer is not enough for personal jurisdiction. *See, e.g., T.J. Raney & Sons, Inc. v. Security Sav. & Loan Assoc.*, 749 F.2d 523, 525 (8th Cir. 1984) (affirming district court's dismissal of complaint for lack of personal jurisdiction where appellee's contacts with the forum state were limited to telephone calls and wire transfers of money); *Tatoian v. Andrews*, 100 F. Supp. 3d 549, 554 (W.D. Va. 2015) (dismissing complaint for lack of personal jurisdiction where defendant's only contact with the forum was a single wire transfer).[7]

## 2. The Complaint fails to establish personal jurisdiction with its conspiracy allegations

Plaintiffs attempt to evade the absence of any Pennsylvania-specific allegations against the SSG Defendants, stating wrongly that the Court can exercise "absent co-conspirator personal jurisdiction" over the SSG Defendants. They make this assertion even though they have been unable to serve the remaining Defendants who formed the very core of the alleged conspiracy.

"Under Pennsylvania law, personal jurisdiction of a non-forum co-conspirator may be asserted only where a plaintiff demonstrates that substantial acts in furtherance of the conspiracy occurred in Pennsylvania and that the non-forum co-conspirator was aware or should have been aware of those acts." *See Santana Prod., Inc. v. Bobrick Washroom Equip.*, 14 F. Supp. 2d 710, 718 (M.D. Pa. 1998) (declining to assert jurisdiction over non-forum defendants, who were alleged co-conspirators). A plaintiff must allege facts showing that the purported non-forum co-

---

[7]It is unlikely that the Court is able to exercise personal jurisdiction over *any* of the named Defendants in this case.

NAI-1505691940

conspirator was aware of the forum-related activities. *See Goodson v. Maggi*, 797 F. Supp. 2d 604, 621 (W.D. Pa. 2011) (declining to assert jurisdiction over non-forum defendant, an alleged co-conspirator, because no facts were alleged that he was aware of any alleged activities occurring in Pennsylvania).

Here, Plaintiffs cannot allege (i) that substantial acts in furtherance of the conspiracy occurred in Pennsylvania, or (ii) that the SSG Defendants were aware of *any* activities occurring in Pennsylvania. First, as noted above, the only allegations related to Pennsylvania are wire transfers into and out of a PNC Bank account located in Pennsylvania. *See* Compl. ¶¶ 117–24. These de minimis contacts simply do not rise to the level of "substantial." *See Aardvark Event Logistics, Inc. v. Bobcar Media LLC*, 2017 WL 59059, at *7 (E.D. Pa. 2017) (dismissing case for lack of jurisdiction, where plaintiff failed to identify "substantial acts . . . that took place in Pennsylvania in furtherance of the alleged conspiracy"); *Massachusetts School of Law v. American Bar Ass'n*, 846 F.Supp. 374, 379 (E.D. Pa. 1994) (holding "the co-conspirator jurisdictional theory is not applicable in this case because plaintiff has not alleged substantial acts . . . in Pennsylvania in furtherance of the conspiracy"), aff'd, 107 F.3d 1026, 1042 (3d Cir. 1997).

Second, there are *no* allegations that any of the SSG Defendants were aware that those wire transfers occurred in Pennsylvania. This also merits dismissal, since Plaintiffs are obligated to plead facts demonstrating that alleged co-conspirators were aware of the Pennsylvania-specific activity. *See Doe v. Hesketh*, 15 F. Supp. 3d 586, 598 (E.D. Pa. 2014) (dismissing case for lack of jurisdiction where plaintiff did not plead with particularity how the non-forum co-conspirator was aware or should have been aware of the acts in furtherance of the conspiracy); *Goodson*, 797 F. Supp. 2d at 621.

NAI-1505691940

In sum, Plaintiffs' Complaint is totally devoid of factual allegations supporting the Court's exercise of personal jurisdiction over the SSG Defendants. Plaintiffs' own allegations establish that none of the SSG Defendants have any contacts in Pennsylvania, and the Complaint's conclusory allegations regarding their purported participation in a conspiracy are insufficient to establish jurisdiction.

The Court must dismiss the SSG Defendants from this action as a matter of law. *Eurofins*, 623 F.3d at 156 (affirming dismissal as a matter of law where, "even accepting [plaintiff's] allegations in the complaint as true, they fail to establish a prima facie case of personal jurisdiction"); *Fatouros*, 627 F. App'x at 88 (affirming district court's dismissal for lack of personal jurisdiction where plaintiff "did not present factual allegations that suggested with reasonable particularity the possible existence of the requisite minimum contacts"); *Sathianathan*, 248 F. App'x at 347 (affirming dismissal on personal jurisdiction grounds without "jurisdictional discovery" where "plaintiff failed to make even a threshold showing of jurisdiction"); *Phunware, Inc. v. Excelmind Grp. Ltd.*, 117 F. Supp. 3d 613, 631 (D. Del. 2015) (granting motion to dismiss for lack of personal jurisdiction where complaint failed to "establish with reasonable particularity the possible existence of requisite contacts" with the forum state).

**B.      The RICO Claim, the Only Basis for This Court's Subject Matter Jurisdiction, Must Be Dismissed As Insufficiently Pleaded**

**1.      The Complaint fails to allege a plausible RICO claim**

Plaintiffs' RICO allegations fail to state a plausible claim for relief and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[8] Plaintiffs have asserted that

---

[8] The SSG Defendants also contest the allegations supporting Plaintiffs' RICO claim for various reasons—*see, e.g.*, Compl. ¶¶ 99, 101, 107, 109, 115, 127, 130, 136–37, 141, 154–55, 168–183—but will address the factual inaccuracies in the Complaint at a later stage only if necessary. As explained herein, the Complaint's conclusory allegations fail, as a matter of law, to state a plausible claim for relief and the RICO count must be dismissed.

NAI-1505691940

Defendants violated 18 U.S.C. § 1962(c).  *See* Compl. ¶ 283.[9]  "To plead a RICO claim under

§ 1962(c), 'the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of

racketeering activity.'"  *Ne. Revenue Servs., LLC v. Maps Indeed, Inc.*, 685 F. App'x 96, 101 (3d

Cir. 2017) (quoting *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010)).

Plaintiffs were required to plead all four elements but fail to do so.

### a.    Plaintiffs fail to plead fraud with the specificity required by Rule 9(b) and RICO

Plaintiffs' RICO claim alleges fraud, and Plaintiffs failed to satisfy the particularity

requirement embodied in Federal Rule of Civil Procedure 9(b).  Rule 9(b) provides that, "[i]n

alleging fraud or mistake, a party must state with particularity the circumstances constituting

fraud or mistake."  Fed. R. Civ. P. 9(b).  Claims that sound in fraud are subject to the heightened

pleading requirements of Rule 9(b).  *See Travelers Indem. Co. v. Cephalon, Inc.*, 32 F. Supp. 3d

538, 551 (E.D. Pa. 2014) ("Because these allegations sound in fraud, the claims must be pleaded

with particularity under the Rule 9(b)."), *aff'd*, 620 F. App'x 82 (3d Cir. 2015); *Cevdet Aksut*

*Ogullari Koll. Sti v. Cavusoglu*, 245 F. Supp. 3d 650, 658 (D.N.J. 2017) ("It is well settled that

all claims sounding in fraud, including RICO claims, must be alleged with particularity."), *aff'd*,

2018 WL 6016549 (3d Cir. Nov. 16, 2018).  If a plaintiff invokes fraud in asserting a cause of

action, it must plead that claim with particularity.  *In re Westinghouse Sec. Litig.*, 90 F.3d 696,

717 (3d Cir. 1996) ("[A]lthough fraud is not a necessary element of a [negligence] claim under

section 12(2), section 12(2) claims that do sound in fraud must be pled with particularity.").

---

[9] The Complaint also asserts that Defendants conspired to violate RICO under 18 U.S.C. § 1962(d).  Compl. ¶ 285.  The conspiracy claim is dependent on the substantive RICO claim.  *See Kolar v. Preferred Real Estate Investments, Inc.*, 361 F. App'x 354, 367 (3d Cir. 2010) ("[I]f the pleadings do not state a substantive RICO claim upon which relief may be granted, then the conspiracy claim also fails." (quoting *Efron v. Embassy Suites*, 223 F.3d 12, 21 (1st Cir. 2000))).

NAI-1505691940

Plaintiffs here allege predicate acts dependent on purportedly fraudulent conduct, in places describing Defendants' conduct as a "fraudulent scheme." *E.g.,* Compl. ¶ 10. The words "fraud," "fraudulent," and "defraud" are used nineteen times in the Complaint, including the vague and conclusory allegation that various Defendants "engaged in fraudulent activities." Compl. ¶¶ 42, 46, 51, 54, 59, 64, 69, 73, 77, 81, 85, 89, 110, 114, 137, 263, 264; *see also* ECF No. 1-1 (civil cover sheet describing cause of action as "[f]raud and conspiracy to convert money in violation of RICO and PA state common law"). The crux of the Complaint is that certain Defendants fraudulently removed $35,000,000 of funds from an escrow account, distributed those funds among various Defendants, and fraudulently concealed these financial transactions with "bogus receivables" on PSI's books and records. *See, e.g.,* Compl. ¶¶ 107–143. Because the claims sound in fraud, Plaintiffs must satisfy the requirements of Rule 9(b).

To satisfy Rule 9(b), a plaintiff must "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *Allen Neurosurgical Assocs., Inc. v. Lehigh Valley Health Network*, No. 99-4653, 2001 WL 41143, at *3 (E.D. Pa. Jan. 18, 2001) (holding that in cases involving fraud, Rule 9(b) "generally requires a plaintiff to plead the who, what, when, and where details of the alleged fraud." (internal quotation marks and citations omitted)). Plaintiffs failed to meet this requirement. For example, the Complaint fails to allege with specificity which Defendant is alleged to have committed each act. When pleading under Rule 9(b), a plaintiff's complaint "cannot contain collectivized allegations against 'defendants.'" *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 WL 1266209, at *6 (D.N.J. Mar. 26, 2014); *see also Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 1999) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the

-14-

alleged fraudulent statement to 'defendant.'"). Rather, "[a] plaintiff must plead fraud with particularity with respect to each defendant [to] inform each defendant of the nature of its alleged participation in the fraud." *Id.*

Here, Plaintiffs only generally allege that "Defendants" committed various acts in furtherance of the purported "fraudulent scheme":

- "On or about November 2, 2010, ***Defendants*** transferred approximately $35,000,000 USD from Key Bank located in the State of Washington to PSI's bank account at PNC Bank located in Pittsburgh, Pennsylvania." Compl. ¶ 118 (emphasis added).

- "***Defendants*** never had any intention of permitting PSI to utilize the Bonds funds or to otherwise restructure the Bonds as ostensibly indicated in the SSG Capital Partners' Agreement and VTC Agreement." *Id.* ¶ 119 (emphasis added).

- "On or about November 3, 2010, PSI, at ***Defendants'*** behest, transferred approximately $7,000,000 USD of the $35,000,000 USD to PISL." *Id.* ¶ 123 (emphasis added).

- "In order to further disguise the actual use of the Bonds funds, ***Defendants*** created bogus receivables on PSI's books and records regarding funds owing from SSG Capital Partners and SSG Hong Kong to PSI and funds owing from VTC to PSI." *Id.* ¶ 126 (emphasis added).

These allegations do not indicate what conduct any individual Defendant is alleged to have committed. For example: which Defendant transferred the $35,000,000 from Key Bank? All of them? Which Defendants created bogus receivables on PSI's books? Are Plaintiffs alleging that the SSG Defendants, all of whom are foreign, had access to the books and records maintained by PSI and were able to create bogus receivables? The Complaint is full of similarly vague allegations.

These allegations fail to allege plausible claims even under Rule 8, which requires a complaint to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

NAI-1505691940

(2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) ("[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).

### b.    Plaintiffs fail to plead the existence of an enterprise

The Third Circuit has explained that "a RICO claim must plead facts plausibly implying the existence of an enterprise with the structural attributes identified in [*Boyle v. United States*, 556 U.S. 938 (2009)]:  a shared 'purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'"  *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369–70 (3d Cir. 2010) (quoting *Boyle*, 556 U.S. at 946) (collecting cases).  Here, Plaintiffs have alleged that Defendants constitute an association-in-fact.  Compl. ¶¶ 235, 237–43; RICO Case Statement, ECF No. 5, at 6.a.  But Plaintiffs do not plead facts supporting the existence of an association-in-fact enterprise.  Instead, they assert only conclusory allegations:

- "As previously set forth herein, all Defendants engaged in conduct with the common purpose to divert the Bonds funds away from PSI and to Defendants."  Compl. ¶ 232.

- "Defendants are interrelated as spouses and/or business partners who conducted their activities individually and through legal entities."  *Id.* ¶ 233.

- "Defendants' association had a sufficient duration which allowed Defendants to achieve their common purpose to divert the Bonds funds away from PSI and to Defendants."  *Id.* ¶ 234.

These allegations only parrot back the boilerplate legal standard for what constitutes an enterprise.  They do not state a plausible claim:

> *Plaintiff has not alleged any facts* regarding an on-going organization or any on-going decision-making. Nor has Plaintiff alleged any facts regarding an actual role for each Defendant or how they collaborated or coordinated their activities in a functional continuing unit. Moreover, contrary to Plaintiff's conclusory assertion in her RICO Statement, *Plaintiff has not pled any facts*

NAI-1505691940

> regarding the existence of any activities beyond the alleged racketeering. *Plaintiff therefore has failed to set forth facts* from which the existence of an enterprise can be inferred.

*Wood v. Wood*, No. 16-995, 2017 WL 57186, at *5 (W.D. Pa. Jan. 5, 2017) (emphasis added); *see also Valcom, Inc. v. Vellardita*, No. 13-3025, 2014 WL 1628431, at *7 (D.N.J. Apr. 23, 2014) (dismissing RICO claim where "Plaintiff has not plausibly alleged the existence of anything which operated as a continuing unit in which each person performed a role in the group consistent with the organizational structure which furthers the activities of the organization" (internal quotation marks, alterations, and citations omitted)); *Ferguson v. Moeller*, No. 16-41, 2016 WL 1106609, at *7 (W.D. Pa. Mar. 22, 2016) (association-in-fact enterprise insufficiently pleaded where "[t]here are no allegations regarding ongoing organization or decision-making, an actual role for each Defendant in a functional unit, or the existence of any activities beyond the alleged racketeering").

### c. Plaintiffs fail to plead the "conduct" of an enterprise

Similarly, Plaintiffs have not alleged facts demonstrating the conduct of an enterprise. "Mere association with an enterprise does not violate § 1962(c)." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d at 370–71. Rather, to satisfy the "'conduct or participate' element requires a defendant to 'have some part in directing those affairs.'" *Id.* (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)). That is "one is not liable under [§ 1962(c)] unless one has participated in the operation or management of the enterprise itself." *Id.* (quoting *Reves*, 507 U.S. at 183). Plaintiffs were required to allege facts demonstrating that each Defendant participated in the operation or management of the enterprise.

The Complaint contains no such factual allegations. *See* Compl. ¶¶ 97–147. Plaintiffs have failed to plead this aspect of their RICO claim. *See Zazzali v. Hirschler Fleischer, P.C.*, 482 B.R. 495, 516 (D. Del. 2012) ("While the Complaint formulaically recites that Defendant

-17-

was in 'control' of the RICO enterprise, this threadbare recital of 'control' is insufficient, as the Complaint fails to plead any facts demonstrating that Defendant was in control."); *In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *31 (D.N.J. June 30, 2015) ("These plaintiffs have not made factual allegations demonstrating that any defendant knowingly conducted or participated in the conduct of the enterprise's affairs, as opposed to its own affairs, and that it did so through a pattern of racketeering activity." (internal quotation marks, citations, and alterations omitted)).[10]

## 2. Without the RICO claim, there is no subject matter jurisdiction

The RICO claim is the only basis for federal question jurisdiction. The other nine counts in the Complaint all plead pendent state-law causes of actions. Diversity jurisdiction is unavailable. *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997) (explaining that "in suits between aliens on one side of the controversy and aliens and citizens on the other" diversity jurisdiction may not be invoked). If the Court dismisses the RICO claim, it may dismiss the remaining state-law claims as well. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction.").

The Third Circuit has explained that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent

---

[10] The Court should not permit Plaintiffs to amend. "[A] court may deny leave to amend when such amendment would be futile." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014). Given the paucity of factual allegations supporting Plaintiffs' RICO claim, denial of leave to amend is appropriate. *See, e.g., Fuce v. West*, No. 12-0874, 2012 WL 3046235, at *4 (E.D. Pa. July 26, 2012) ("It is clear from [plaintiff's] allegations that no racketeering activity actionable under RICO occurred. Accordingly, we shall not grant [plaintiff] leave to amend because amendment would be futile."). *Issaschar v. ELI Am. Friends of Israel Ass'n for Child Prot., Inc.*, No. 13-2415, 2014 WL 716986, at *6 (E.D. Pa. Feb. 25, 2014) (dismissing plaintiff's RICO claims and holding that "[g]iven the myriad deficiencies in Plaintiff's pleading, it is apparent to the Court that granting Plaintiff leave to amend would be futile"). Furthermore, though not addressed in this brief, there are also insurmountable statute of limitations issues with Plaintiffs' RICO claim.

NAI-1505691940

state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting B*orough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). This rule is applied where a RICO claim is the only basis for federal jurisdiction. *See V-Tech Servs., Inc. v. St.*, 215 F. App'x 93, 96 (3d Cir. 2007) (affirming district court's refusal to exercise supplemental jurisdiction over state-law claims after dismissing RICO claim); *Ferguson v. Moeller*, No. 16-41, 2016 WL 4530383, at *10 (W.D. Pa. Aug. 30, 2016) (holding that "[p]laintiffs have failed to plead cognizable RICO claims over which this Court has original jurisdiction" and "[t]herefore, the Court 'must' decline to exercise supplemental jurisdiction over the pendent state law claims"); *Rock v. Ribbons Express, Inc.*, No. 09-1127, 2009 WL 10687747, at *3 (E.D. Pa. Nov. 30, 2009) ("Having dismissed Plaintiff's RICO claim, we find no justification to exercise jurisdiction over Plaintiff's state law claims.").[11]

### C.    *Forum Non Conveniens* Supports Dismissal of the Action

The Court may also dismiss this action under the doctrine of *forum non conveniens*, which "empowers federal courts to dismiss an action when 'a foreign tribunal is plainly the more suitable arbiter of the merits of the case.'" *Path to Riches, LLC v. CardioLync, Inc.*, 290 F. Supp. 3d 280, 284 (D. Del. 2018) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007)). As explained above, Pennsylvania has virtually no connection to any of the parties—including Plaintiffs—or to the allegations in the action. Plaintiffs are not from Pennsylvania and have no contacts here: Kyko is a Canadian company; Kyko Global is a

---

[11] Courts generally dismiss pendent state-law claims where the RICO claim is dismissed early in the action. *See, e.g., Zucker v. Farish*, No. 18-1790, 2018 WL 6570867, at *9 (N.D. Tex. Dec. 12, 2018) ("Because the civil RICO claim has been dismissed early in the stages of litigation, and all other claims for relief are state-law claims, the Court declines to retain supplemental jurisdiction over Plaintiffs' remaining claims."); *Murray v. Mulgrew*, 704 F. Supp. 2d 45, 49 (D.D.C. 2010) (dismissing remaining state-law claims after RICO claim was dismissed where "the parties have not even begun to conduct discovery, let alone prepare for trial").

NAI-1505691940

Bahamian company; and Prithvi Solutions, Inc. is a Delaware Corporation with no alleged connection to Pennsylvania.  Compl. ¶¶ 1–3.  Plaintiffs' choice therefore carries little weight. *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013) ("Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."); *see also Windt v. Qwest Comm'ns Int'l, Inc.*, 529 F.3d 183, 191 (3d Cir. 2008) (holding that because foreign plaintiff had "no connections to New Jersey" beyond the litigation, "the District Court did not abuse its discretion in according the Trustees' choice of forum a low degree of deference"); *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 74 (2d Cir. 2003) (holding that "plaintiffs and their case have only a faint connection to the United States and thus their choice of forum does not merit the same substantial deference afforded to a suit initiated in a plaintiff's home forum").

Plaintiffs' choice is due even less deference since it was possibly motivated by the availability of treble damages under RICO.  *Kisano Trade*, 737 F.3d at 877 n.4 (noting that "the possibility of a treble damages award under RICO—and the unavailability of such remedy in Israel—may have, at least in part, motivated plaintiffs to choose a United States forum," which "would further support a presumption that plaintiffs' forum choice was not based on convenience").

Furthermore, the relevant parties, witnesses, and evidence are all located outside Pennsylvania.  The Complaint establishes that all Defendants (not merely the SSG Defendants) reside outside the United States.  *See* Compl. ¶¶ 8, 12, 14, 15, 17, 21, 25, 29, 31, 36, 38.  There are no allegations supporting the presence of any witnesses in the United States, and the only activities in the entire Complaint that allegedly occurred within Pennsylvania are wire transfers into and out of a PNC Bank account.  *See* Compl. ¶¶ 117–24; *Kisano Trade*, 737 F.3d at 878

-20-

(because "[t]he location of the parties, their witnesses, and the availability of evidence favor resolution in Israel . . . [t]he District Court did not abuse its discretion in concluding that the private interest factors weighed in favor of dismissal").

Because the allegations relate to events that purportedly took place outside the United States, there is no reason to burden a court located in Pennsylvania with deciding an action that has nothing to do with the region, and there is no local interest in having the case tried here. *See Kisano Trade,* 737 F.3d at 878 (finding public interest weighed in favor of dismissal where "most interactions" between the parties "took place in Israel, Monaco or the Ukraine, not in Pennsylvania" and where "[o]ther than the actual wire payments and [one party's] law firm, there appears to be no other connection to Pennsylvania, and little else to the United States").

Other courts have granted motions to dismiss on this basis in similar cases. *See, e.g., Pollux Holding*, 329 F.3d at 74 (affirming district court's dismissal on *forum non conveniens* grounds where a Liberian corporation sued an American banking conglomerate in New York City for fraud arising out of the purchase of financial instruments in England because the only connection to the United States was the presence of the parent company's headquarters and some alleged minor involvement by New York bank officials). *See also Windt,* 529 F.3d at 198 (affirming district court's dismissal of lawsuit brought by foreign plaintiffs alleging, among other things, a RICO violation on *forum non conveniens* grounds); *Winex, Ltd. v. Paine*, No. 89-2083, 1990 WL 121483, at *9 (E.D. Pa. 1990) (dismissing case alleging violations of RICO on the basis of *forum non conveniens* due to the foreign nature of the dispute and the entities involved).

This case should be dismissed based on the doctrine of *forum non conveniens*.

IV.   **CONCLUSION**

This Court should dismiss the SSG Defendants from this action for any of the three above-stated reasons:  (i) there is no personal jurisdiction over the SSG Defendants; (ii) because

Plaintiffs' RICO claim is inadequately pleaded, the Court should dismiss it and decline to exercise supplemental jurisdiction over the remaining state-law claims; and (iii) *forum non conveniens* supports dismissal because this action has no connection to Pennsylvania.

NAI-1505691940

Respectfully submitted,

Dated:  January 15, 2019

/s/  John D. Goetz
Michael H. Ginsberg (Pa. Bar #43582)
John D. Goetz (Pa. Bar #47759)
Douglas Baker (Pa. Bar #318634)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:  (412) 394-7959
Email: mhginsberg@jonesday.com
Email: jdgoetz@jonesday.com
Email: ddbaker@jonesday.com

**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis**

-23-