IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC. *et al.*, <br><br> *Plaintiff,* <br><br> v. <br><br> PRITHVI INFO. SOLUTIONS, LTD. *et al.*, <br><br> *Defendant.* | Civil Action No. 2:18-cv-1290 <br><br> Hon. William S. Stickman, IV |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiffs' Motions for Service by Publication upon Defendants, Prithvi Info. Solutions, LTD., ECF No. 11 (hereinafter, "Pl.'s Mot., ECF No. 11"), and Madhavi Vuppalapati and Anandhan Jayaraman (hereinafter, "Individual Defendants"), ECF No.13 (hereinafter, "Pl.'s Mot., ECF No. 13"). For the reasons set forth below, Plaintiffs' Motions are hereby GRANTED IN PART and DENIED IN PART.

**A. Plaintiffs' Efforts to Effectuate Service Upon Prithvi Info. Solutions, LTD.**

Plaintiffs seek an order authorizing them to serve Defendant Prithvi Info Solutions, LTD ("PISL") by publication in Pittsburgh, Pennsylvania through the *Pittsburgh Legal Journal* and the *Pittsburgh Post-Gazette*. They also seek leave to serve PISL via regular mail to its registered office in Pittsburgh and by publication in India through two newspapers, *NavaTelangana* and *The Hindu*. *See* Pl.'s Mot., ECF No. 11.

Plaintiffs allege that PISL is an Indian corporation that is registered to do business in Pennsylvania and that it lists a registered address in Pittsburgh. Plaintiffs represent that PISL has not appointed a registered agent to accept service in the Commonwealth. According to Plaintiffs' Motion, their process server made three separate attempts to serve the Summons and Complaint at

1


PISL's registered address, but each time the building was locked. The process server posted a copy of the Summons and Complaint on the door of the address, but Plaintiffs were never contacted by anybody on PISL's behalf. *See* Pl.'s Mot. ¶¶ 3-4, ECF No. 11. Additionally, Plaintiffs attempted to serve PISL at its registered offices in India through registered mail.[1] Service was not effectuated and the package was returned with a remark of "addressee left." *See* Pl.'s Mot. ¶ 5, ECF No. 11. Plaintiffs represent to this Court that they also "attempted to locate PISL by reviewing documentation and talking to third-parties." *See* Pl.'s Mot. ¶ 6, ECF No. 11.

### B. Plaintiffs' Efforts to Effectuate Service Upon the Individual Defendants

Individual Defendants Vuppalapati and Jayaraman are alleged to be a married couple who reside in the area of Hyderabad, India. Plaintiffs attempted to serve them at their last known address. As with PISL, Plaintiffs' attempts at service were returned with the notation, "addressee left." Plaintiffs further allege that, although Individual Defendants could not be served at their last-known physical address, they have communicated with Plaintiffs via email, maintain communication with their India-based attorneys, and that Defendant Vuppalapati maintains an active LinkedIn account. Plaintiffs aver that Individual Defendants are aware of this action and are intentionally avoiding service. Indeed, Defendant Vuppalapati has fled the United States to avoid prosecution on a multi-count indictment in the United States District Court for the Western District of Washington. *See* Pl.'s Mot. ¶¶ 2-14, ECF No. 13.

Plaintiffs ask this Court to enter an order authoring service upon Individual Defendants by publication in *NavaTelanana* and the *Times of India* newspapers. They also seek permission to serve Individual Defendants via email and (as to Defendant Vuppalapati) through an email to the

---

[1] Plaintiffs' Motion warrants that their efforts to serve PISL in India comported with the requirements of Indian law.

LinkedIn account and by mail at the offices of Individual Defendants' India-based attorneys. *See* Pl.'s Mot., ECF No. 13.

### C. Analysis

Service of process is governed by Fed. R. Civ. P. 4. Rule 4(h), which controls service upon a corporation, partnership or association. *See* Fed. R. Civ. P. 4(h). To the extent that a corporate defendant cannot be served by delivering a copy of the summons to an officer, agent or designated agent for service, the defendant may be served by the means permitted for service upon an individual. Rule 4(e) governs service upon individuals within a Judicial District of the United States. *See* Fed. R. Civ. P. 4(e). Because the Individual Defendants are purportedly located in India, Rule 4(f), is also implicated by Plaintiffs' Motions. *See* Fed. R. Civ. P. 4(f).

Instantly, Plaintiffs aver that they have attempted to effectuate service in this Commonwealth upon PISL, but were unable to do so because it has not designated a registered agent for service and, despite multiple attempts, they were unable to contact anybody at PISL's purported registered address in Pittsburgh. Plaintiffs aver that they attempted to serve PISL's offices in India, as well as Individual Defendants, through registered mail (consistent with Indian law) but that their attempts failed. Because their efforts at service under the ordinary means have not been successful, Plaintiffs seek an order permitting alternative service. *See* Pl.'s Mot., ECF No. 11; *see also* Pl.'s Mot., ECF No. 13.

This Court may authorize alternative service to the extent that it would be available under the law of the Commonwealth of Pennsylvania. *See* Fed. R. Civ. P. 4(e)(1) (permitting service by following state law in the state where the district court is located). Under Pennsylvania law, a plaintiff may serve an individual defendant outside the Commonwealth:

(1) by personal service, as provided in Pennsylvania Rule 402(a);

(2) by mail, as provided in Pennsylvania Rule 403; and

(3) as permitted by the law of the jurisdiction in which service is to be made.

*See* Pa. R. Civ. P. 404(1)-(3). If, however, "service *cannot be made*" outside the Commonwealth pursuant to the methods set forth in Pennsylvania Rule 404(1)-(3), a plaintiff "may move the court for a special order directing the method of service." *See* Pa. R. Civ. P. 430(a) (emphasis added); *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006) ("Alternative service is only appropriate when service 'cannot be made' under the applicable [Pennsylvania Rule].") (citation omitted). Pennsylvania law views service by publication as "an extraordinary measure and great pains should be taken to ensure that the defendant will receive actual notice of the action against him." *Fusco v. Hill Fin. Sav. Ass'n*, 683 A.2d 677, 680 (Pa. Super. 1996). Consequently, a motion for alternative service in Pennsylvania "*shall* be accompanied by an affidavit stating the nature and extent of the investigation [that] has been made to determine the whereabouts of the defendant and the reasons why service cannot be made." Pa. R. Civ. P. 403(a) (emphasis added).

Under Pennsylvania law, a plaintiff must meet three conditions for alternative service. *McFadden v. Weiss*, No. 13-2914, 2014 WL 5880097, at *2 (E.D. Pa. Nov. 13, 2014) (citing *Calabro*, 464 F. Supp. 2d at 471-72). First, a plaintiff "must make a 'good faith' effort to *locate* the defendant." *Calabro*, 464 F. Supp. 2d at 472 (citation omitted) (emphasis in original). Good faith efforts can include inquiries to postal authorities, inquiries of relatives, neighbors, friends, and employers of Defendants, examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records. *See* Pa. R. Civ. P. 430(a). "It is not necessary that [the plaintiff] pursue every method listed in ...[Pennsylvania] Rule 430(a) ... to satisfy the good faith effort requirement." *Calabro*, 464 F. Supp. 2d at 472 & n.4 (citation omitted). Second, "once [the defendant] is located, [the plaintiff] must show that she has made practical efforts to *serve* [the defendant] under the circumstances," but has been unable to do so. *Id.* (citing *Clayman*

4

*v. Jung*, 173 F.R.D. 138, 140-42 (E.D. Pa. 1997)) (emphasis in original). "[A] [p]laintiff bears the burden to show that these efforts were made." *McFadden*, 2014 WL 5880097, at *4. Third, assuming a plaintiff "satisfied the first two steps, [a plaintiff's] proposed alternate means of service must be reasonably calculated to provide [the defendant] with notice of the proceedings against him [or her]." *Calabro*, 464 F. Supp. 2d at 472 (citation omitted). *See also Kittanning Coal Co. v. Int'l Mining Co.*, 551 F. Supp. 834, 838 (W.D. Pa. 1982)) (plaintiffs made the prerequisite "good faith effort" to locate the defendant; and, based upon the information presently available, publication in the stipulated newspapers was "reasonably calculated" to convey the required notice). As the court in *Calabro* noted:

> Service of process is not a mere technicality. Rather, constitutional due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

The Court finds that Plaintiffs have satisfied the first and second prongs of Pennsylvania's requirement for the authorization of service by publication. They have undertaken multiple attempts to locate and serve PISL and Individual Defendants, both in Pennsylvania and in India. Moreover, they have asserted that Individual Defendants have actual knowledge of this action, but are actively seeking to avoid service.

Plaintiffs have not satisfied the third, "reasonably calculated to convey notice," prong for service by publication in *Pittsburgh-based* newspapers (*i.e.*, the *Pittsburgh Legal Journal* and the *Pittsburgh Post-Gazette*). Publication in any Pittsburgh newspaper or journal is not reasonably calculated to convey the required notice either to PISL or to Individual Defendants. In Plaintiffs' motion, they state each time the process server visited the purported-Pittsburgh office of PISR, the "building was locked." *See* Pls.' Mot. ¶ 4, ECF No. 11. Additionally, the process server posted

5

the summons and complaint on the door of the office, and "[n]obody at PISL contacted Plaintiffs after the Summons and Complaint were posted." *See* Pls.' Mot. ¶ 4, ECF No. 11. In light of the context of the assertions made by Plaintiffs, it is possible, if not likely, that PIRL no longer maintains any presence in Pittsburgh or its environs. Therefore, providing notice in a Pittsburgh newspaper or journal is not reasonably calculated to provide the notice required under the principles of due process. Moreover, Plaintiffs aver that the Individual Defendants *do not* reside in Pittsburgh, but are located in India. *See* Pls.' Mot. ¶¶ 4-7, ECF No. 13. Plaintiffs cannot reasonably maintain that service by publication in Pittsburgh is reasonably likely to convey notice of this action to the Individual Defendants. Thus, this Court will deny Plaintiffs' attempt to serve PISL or the Individual Defendants by publication in Pittsburgh.

Plaintiffs also seek service by publication in India upon both PISL and the Individual Defendants. *See* Pls.' Mot., ECF No. 11; *see also See* Pls.' Mot., ECF No. 13. The Court believes that such service is adequate and comports with the requirements of due process. Service abroad is permitted under Fed. R. Civ. P. 4(f)(3), upon either a corporation or an individual not within any judicial district of the United States,[2] by "other means not prohibited by international agreement, as the court orders." India is a "Contracting Party" to the Hague Convention.[3] The Convention provides that it "shall apply in all cases, in civil and commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention Art. 1, ¶ 1.

---

[2] Rule 4(f) only addresses serving an individual in a foreign country. *See* Fed. R. Civ. P. 4(f). Rule 4(h)(2), service of a foreign corporation, permits service "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." *See* Fed. R. Civ. P. 4(h)(2).

[3] The Hague Convention is a multilateral treaty that was designed to supply a simple way to serve process abroad, assure that foreign defendants receive actual and timely notice of suit, and facilitate proof of service. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).

Because Defendants are located in India, the Hague Convention dictates that service may be made in accordance with the provisions of the Convention upon a central authority, or in a method not objected to by the receiving state and otherwise permitted by law. *See, e.g., Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1508 (2017) (discussing establishment of central authority in each state to receive requests for services of documents from other states). Although India objects to all forms of alternative service under Article 10 of the Hague Convention,[4] the Hague Convention, by its own terms, "shall not apply where the address of the person to be served with the document is not known." Hague Convention Art. 1, ¶ 2. In this case, the Hague Convention does not apply because the addresses of Defendants are unknown.

If the Hague Convention does not apply, the Court is only bound by the due process requirement for alternative service. Due process under Rule 4(f)(3) requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [ ] The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (internal citations omitted). The Third Circuit has found service by publication to be a reasonable alternative method of service abroad to provide notice comporting with due process. *See Braverman Kaskey, P.C. v. Toidze*, 599 Fed.Appx. 448, 453 (3d Cir. 2015) (holding service by publication was proper when effectuated at last known address, after reasonable attempts to locate, and authorized by Canadian law).

---

[4] *See* https://www.hcch.net/en/states/authorities/details3/?aid=712. Service of process in India under the Hague Convention is achieved through the central authority.

Plaintiffs have provided evidence to support the position that PISL is located in India.[5] According to the declarations, PISL has a registered office in Hyderabad, India. *See* Pls.' Mot. at Exhibit C ¶ 2, ECF No. 11. On October 20, 2018, Plaintiffs attempted to serve PISL in accordance with Indian law, and the attempt was returned undelivered with the remark "Addressee Left." *See id.* at ¶¶ 3-4. Plaintiffs' declaration states they have not been able to locate where PISL is now conducting business operations. *See id.* at ¶¶ 5-6. Thus, the address is unknown. *See id.*

Similarly, the addresses of the Individual Defendants are unknown. *See* Pls.' Mot. at Exhibit C ¶ 7, ECF No. 13. According to Plaintiffs' declaration, Plaintiffs had two known addresses for these individuals. *See id.* at ¶ 2. Both of the addresses were in Hyderabad, Telangana, India. *See id.* Plaintiffs hired a private investigator based in India to confirm these addresses. *See id.* at ¶ 3. The investigator was unable to confirm the addresses. *See id.* at ¶ 4. Plaintiffs attempted service at these addresses under Indian law, and the attempt was undelivered with the remark "Addressee Left." See id. at ¶ 5.

Service by publication is appropriate in this case to provide reasonably calculated notice of the pending suit. The Defendants against who service by publication is sought are all citizens of India. Plaintiffs have attempted to effectuate service through the proper channels in India to no avail. After a diligent search of Indian law, there appears to be no rule prohibiting service by publication. The New Dehli High Court released rules stating service by publication is a discretionary function that is "frequently exercised by Courts by publication in one or more newspapers of a notice calling upon the defendant to appear." New Dehli High Court, *Chapter 7:*

---

[5] The Plaintiffs have attached two declarations from Jayendra Joshi, a lawyer practicing in India, in support of the motions. *See* Pls.' Mot. Exhibit C, ECF No. 11; *see also* Pls.' Mot. Exhibit C, ECF No. 13.

*Processes---Civil Courts*, Part B(a)(4).[6] Further, this Court has previously granted a motion for service by publication upon a believed to be Indian resident. *See Wotring v. Sarla-Synapse Tech., Inc.*, 2009 WL 1506898, at *1 (W.D. Pa. May 12, 2009) (Lancaster, J.). Therefore, service by publication may be accomplished by publishing in the *NavaTelangana*, *The Hindu*, and *Times of India* publications.[7]

Plaintiffs' motion, ECF No. 13, specifically in regard to Ms. Vuppalapati and Mr. Jayaraman, also seeks to effectuate service via email.[8] Service by publication, coupled with email as a supplemental form of providing notice, has also been held to be in accordance with due process. *See e.g., Braverman Kaskey, P.C.*, 2013 WL 6095679, at *4 (E.D. Pa. Nov. 19, 2013) (finding service by publication with email as a supplemental form of providing notice was comports with constitutional due process); *Gurung v. Malhotra*, 279 F.R.D. 215 (S.D.N.Y. 2011) (holding court-ordered alternative service upon a resident of India via publication and email complied with due process). The Court is not aware of any Indian law prohibiting service via email as a supplement to publication. Thus, service upon Ms. Vuppalapati and Mr. Jayaraman shall be supplemented by email.

---

[6] The New Dehli High Court notes that this should be taken as a last resort to provide notice. *Id.*

[7] Plaintiffs' declarant, Jayendra Joshi, states these publications are Indian newspapers of wide circulation, covering the Telangana and Hyderabad areas, that publish, among other things, legal matters. *See* Pls.' Mot. at Exhibit. C ¶ 7, ECF No. 11; *see also* Pls.' Mot. at Exhibit C ¶ 7, ECF No. 13.

[8] Plaintiffs also attach a declaration by Kyko Global president, Kiran Kulkarni. *See* Pls.' Mot. Exhibit B, ECF No. 13. Mr. Kulkarni states that he has communicated with Ms. Vuppalapati, her brother, Mr. Satish Vuppalapati, and Mr. Jayaraman, routinely via email in the past. *See id.* at ¶ 4. The declaration goes on to state his email records show that the emails to the accounts listed have been received, and that he received a response from Satish, speaking on his sister's behalf, as recently as November 16, 2018. *See id.* at ¶¶ 7-8.

Accordingly, IT IS HEREBY ORDERED, that Plaintiffs' Motion for Service by Publication, ECF No. 11, regarding defendant Prithvi Info. Solutions, LTD., is hereby GRANTED IN PART and DENIED IN PART. Plaintiffs shall effectuate service via publication in the following Indian publications: *NavaTelangana* and *The Hindu*.

IT IS FUTHER ORDERED that Plaintiffs' Motion for Service by Publication, ECF No. 13, regarding Ms. Vuppalapati and Mr. Jayaraman, is hereby GRANTED IN PART and DENIED IN PART. Plaintiffs shall effectuate service via publication in the following Indian publications: *NavaTelangana* and *Times of India*. Plaintiffs shall supplement service with an email to the following email addresses: Madhavi@prithvisolutions.com, Vuppalapatis@gmail.com, Satish@prithvisolutions.com, Vuppalapatim@gmail.com, and ajayaraman@gmail.com.

BY THE COURT:

_Sept. 5, 2019_  
Date

_[signature]_  
WILLIAM S. STICKMAN, IV  
UNITED STATES DISTRICT JUDGE