**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation<br><br>                Plaintiffs,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation,  SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company<br><br>                Defendants. | Case No. 2:18-cv-1290-WSS<br><br>**[Oral Argument Requested]** |

**PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV.P. 37(b)(2)(A)(i), OR IN THE ALTERNATIVE, MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES PURSUANT TO FED. R. CIV. P. 37(a)(3)(B)**

NOW COME Plaintiffs Kyko Global Inc., Kyko Global GmbH, and Prithvi Solutions Inc. ("Plaintiffs") and state the following as their Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), Or in the Alternative, Motion to Compel Production of Documents and Interrogatory Responses Pursuant to Fed. R. Civ. P. 37(a)(3)(B):

1

1.     At the SSG Defendants'[1] and  Value Team Corporation's ("VTC") request (hereinafter collectively referred to as "Defendants"), this Court reviewed Plaintiffs' written jurisdictional discovery requests during the September 25, 2019, discovery conference [Doc. No. 67].  **(Exhibit A)**.

2.     At the September 25, 2019, discovery status conference, Plaintiffs specifically inquired, and this Court confirmed, that the Defendants are required to answer Plaintiffs' written discovery requested *as they are propounded*:

> MR. MACYDA: Okay. So I think if I heard the Court right, on the written discovery, they are to respond to the discovery requests *as we propounded them; correct*?
>
> THE COURT: Correct.
> [Sept. 25, 2019 Conference Trs. Pg. 15](emphasis added).

3.     As such, on September 25, 2019, this Court entered an Order that states in pertinent part, "Defendants shall provide *complete* responses to the Plaintiffs' written discovery requests." [Doc. No. 68] (emphasis added).

4.     On October 7, 2019, Plaintiffs explicitly reminded Defendants of the Court's Order to provide "complete" discovery responses as they are "propounded" and warned Defendants that Plaintiffs would file any necessary motion and request an adjournment of the discovery cutoff date if they did not abide by this Court's Order. As Plaintiffs stated: "Plaintiffs also remind the SSG Defendants and VTC of Judge Stickman's Order that requires them to 'provide complete responses to the Plaintiffs' written discovery requests.' [Doc. No. 68].  Any attempt to circumvent this Order will necessitate another judicial status conference and/or motion

---

[1] The SSG Defendants are composed of: SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis.  As set forth in Kiran Kulkarni's Declaration [Doc. No. 40-1], VTC and the SSG Defendants are operated by the same individuals.

wherein Plaintiffs may be forced to, among other things, request another adjournment of the discovery cutoff date." [Doc. No. 74-7].

5.      Notwithstanding this Court's Order (and Plaintiffs' reminder of same), Defendants refused to produce documents unless Plaintiffs agreed to a protective order. [Doc. No. 81-2]. Defendants intentionally engaged in this conduct to try to inhibit Plaintiffs' ability to prepare for the depositions in advance of the November 1, 2019, discovery cutoff date.

6.      At the October 8, 2019, discovery status conference [Doc. No. 70], Defendants opposed Plaintiffs' request to adjourn the November 1, 2019, discovery cutoff date to allow Plaintiffs sufficient time to obtain a work visa to enter Hong Kong to conduct the jurisdictional discovery depositions. [Doc. Nos. 74-2, 74-3, 74-4, 74-6, 74-7, 74-8, 74-9, 74-10].

7.      On October 8, 2019, the Court denied Plaintiffs' request to adjourn the November 1, 2019, discovery cutoff date. [Doc. No. 71].

8.      On October 9, 2019, Defendants provided Plaintiffs with their "responses" to Plaintiffs' written discovery requests (but they continued to withhold documents).  [Doc. No. 81-3], **(Exhibit B)**.  Defendants intentionally failed to provide complete responses in violation of this Court's Order to try to withhold information from Plaintiffs and to otherwise inhibit Plaintiffs' ability to prepare for the jurisdictional discovery depositions prior to the November 1, 2019, discovery cutoff date.

9.      On October 14, 2019, Defendants made clear that Plaintiffs must capitulate to their protective order to be able to receive documents in sufficient time to prepare and complete the depositions before the November 1, 2019, cutoff date.  **(Exhibit C)**.

10.     On October 15, 2019, Plaintiffs informed Defendants that their protective order was factually and legally improper and that they failed to provide complete responses to Plaintiffs' written discovery requests in violation of this Court's Order. [Doc. No. 81-5].

11.     After Plaintiffs unequivocally communicated to Defendants that their protective order was improper and that their discovery "responses" violated this Court's Order which would require this Court to address same, Defendants nevertheless unilaterally set the jurisdictional depositions to take place on October 28, 2019 through October 30, 2019. **(Exhibit D)**.   In doing so, the Defendants again indicate that their intention is to try to force Plaintiffs to conduct the depositions prior to November 1, 2019.

12.     On October 16, 2019, the Defendants filed their Motion for Protective Order. [Doc. No. 81].  On October 17, 2019, this Court denied the Motion stating that Defendants failed to establish "good cause" for entry of the proposed protective order. [Doc. No. 82].

13.     On October 17, 2019, the Defendants provided Plaintiffs with various documents subject to their previously served incomplete and evasive responses written responses and objections. **(Exhibit E)**.

***The Defendants Have Willfully Violated this Court's Order***

14.     In their effort to withhold information from Plaintiffs that may show their contacts with this forum and the United States, and to try to inhibit Plaintiffs' ability to properly prepare and conduct depositions prior to the November 1, 2019, discovery cutoff date, Defendants have willfully violated this Court's Order that requires Defendants to answer Plaintiffs' written discovery responses as "propounded" and to provide Plaintiffs with "complete" responses as set forth below.

*General Willful Failures*

15.    VTC fails to provide any responses claiming that it is defunct and incapable of providing information thereby rendering this Court's Order a nullity against VTC.[2]

16.    The SSG Defendants routinely object to producing documents on the purported basis that Plaintiffs are precluded from obtaining information regarding Defendants' contacts outside of Pennsylvania.  For example, Defendants state:

> The SSG Defendants collectively object to Document Request No. 1 as overbroad in light of the Court's Omnibus Order, dated September 5, 2019, which permitted Plaintiffs to "conduct focused discovery … *strictly limited to* the issue of Defendants' relevant contacts with this forum." ECF No. 63; ECF No. 71. (emphasis included).
> [Defendants' Response to Request to Produce # 1]

17.    At the September 25, 2019, discovery status conference, this Court explicitly ruled that Defendants are required to provide responses that relate to their contacts outside of Pennsylvania:

> THE COURT:
> ...
> To that end, one other issue that I wanted to raise is dealing with the written discovery that you've requested. I went through the discovery. I understand the written discovery. I understand that there are some issues that the Defendants proffered about contacts with the United States but not necessarily Pennsylvania.
>
> **So that we're clear here, I am going to order, having looked at these, the Defendants to respond to the discovery that's been proffered.** I think it's reasonable, and I think that the written discovery can serve as a back drop for more focused questions in the course of the depositions.
>
> But just so we're all clear as to what we're looking for here, it's -- the contacts that are relevant to jurisdiction in the Western District of Pennsylvania are contacts that are relevant to this jurisdiction. I understand that there were actions that have been alleged to have taken place in other districts, in other states of the United States, which may or may not be relevant to this litigation here. I do not believe they're per se relevant to the question of contacts with this jurisdiction that I'm required to find.
>
> **But that being said, I understand that written discovery frequently casts a broader net, and then you focus on it when you go into depositions. So I am going to order compliance with what has been proffered in the written discovery that's before me.**

---

[2] Yet, VTC has filed a Motion to Join the SSG Defendants' Motion to Dismiss wherein VTC claims to have knowledge of this case. [Doc. No. 72].  Plaintiffs will file a separate response to this Motion. Moreover, this issue is addressed in Plaintiffs' Motion to have its Requests for Admissions Deemed Admitted Against VTC that is currently pending before the Court. [Doc. Nos. 76, 77].

...

MR. MACYDA: Okay. So I think if I heard the Court right, on the written discovery, they are to respond to the discovery requests *as we propounded them; correct*?

THE COURT: *Correct.*
[Sept. 25, 2019 Conference Trs. Pgs. 14-15](emphasis added).

18.    Disappointed with the Court's ruling,  Defendants attempted to re-litigate the issue at the October 8, 2019, discovery status conference. The Court once again ruled that Plaintiffs may inquire into contacts outside of Pennsylvania:

THE COURT:
So here's what the Court's view of this is. The Court's view is this: For this Court to exercise personal jurisdiction over the Defendants that have been sued in this case, there has to have been sort of minimum contacts with this -- with the Commonwealth of Pennsylvania and with this district, but with the Commonwealth under our long arm statute and with -- under US Supreme Court decisions about due process.

I understand that the claims that you have asserted are that the players involved in the transactions and in the misconduct that you've alleged in your complaint engaged in activities in certain other jurisdictions as well. But I think -- and again it's not my job as the Court to craft your deposition strategies and your deposition questions. The focus of this has to be focused on discovery regarding contacts with this forum that would give this Court personal jurisdiction over the parties which you've sued.

**To the extent that those contacts involve activities that occurred in -- through other jurisdictions, I understand that's part of any deposition. And in any deposition, in any case, there is a -- the parties are given some degree of latitude on how they frame their questions and get to the issue.**

I don't think it's the job of the Court when we're -- when the Court is dealing with professionals on the part of the counsel to have to sit and vet every question that comes forth. So, again, I'm going to stand on the order that I set forth earlier, that the discovery is to be focused on contacts with this jurisdiction.

**And, again, if that means that there are questions -- that to some extent there are tentacles that go into other jurisdictions, then that's fine.** But the focus has to be with this jurisdiction because this is the place that you've chosen to bring your action and this is the place that you have the burden of establishing jurisdiction.
[Oct. 8, 2019 Conference Trs. Pgs. 5-6](emphasis added).

19.    Accordingly, Defendants have  willfully refused to provide documentation and information requested by Plaintiff's discovery requests that relates to Defendants' contacts outside of Pennsylvania as ordered by this Court.

20.    The Defendants also routinely willfully ignore the language of Plaintiffs' written discovery requests, and this Court Order that requires them to provide complete responses as

they are propounded, and state that they will only produce documents "related to the allegations in the Complaint." In doing so, Defendants bypass the plain language of the written discovery requests and then act as sole arbiter behind-the-scenes to determine which documents they want to produce.

21.    The foregoing general willful failures have resulted in Plaintiffs' receiving incomplete, evasive, and misleading responses that are designed to withhold jurisdictional information from Plaintiffs and to inhibit their ability to prepare and conduct the depositions prior to November 1, 2019.

***Specific Willful Failures***

22.    Defendants object to Request to Produce #1 unilaterally claiming "this Request is unduly burdensome and not proportionate to the needs of the case in that it seeks information related to bank accounts owned and controlled by non-parties, one of the Plaintiffs (PSI), or non-SSG Defendants."  Here, the Defendants attempt to supplant this Court's judgment for their own view of what is "proportionate to the needs of the case" in violation of this Court's  Order.

23.    Defendants' response to Request to Produce #2 objects to having to produce documents that relate to documents contained Doc. No. 44 in the form and manner as the Defendants themselves characterized the documents contained in Doc. No. 44.

24.     Defendants' response to Request to Produce #2 objects to having to produce documents that show "awareness of other parties" and because it seeks information regarding "SSG Defendants' contacts with persons affiliated with the State of Pennsylvania and not Pennsylvania itself" and that it is duplicative of "Request to Produce No. 3."

25.    Defendants' response to Request to Produce #3 objects to having to produce documents because: (i) "[t]here is no basis in law for Plaintiffs' theory that contacts with the

United States as a whole may be used to establish personal jurisdiction in Pennsylvania"; (ii) "it seeks information about the SSG Defendants' knowledge or awareness of parties or activities in the United States."

26.     Defendants fail to produce any documents regarding Request to Produce #4.

27.     Regarding Request to Produce #5, Defendants claim that they do not have any responsive documents.  Yet, Plaintiffs have discovered a Form ADV that explicitly lists SSG Capital Partners I, LP which is signed by Defendant Edwin Wong.  **(Exhibit F, Pgs. 23, 55)**.

28.     Regarding Request to Produce #6, Defendants state that they have no responsive documents.  Yet, the *The Philadelphia Inquirer* has run an article that states the Pennsylvania State Employees' Retirement System committed $300 Million to Defendants and that, as part of the approval process, the government and certain members of the Defendants specifically discussed the allegations set forth in Plaintiffs' Complaint which has led to a "confidential written report" that the government has refused to make public.  **(Exhibit G).**

29.     Regarding Request to Produce #7, Defendants state that they have no responsive documents.  Yet, in a pleading filed in the Washington State Superior Court, SSG Capital Management (Hong Kong) Limited admitted that it has assets located in the United States.  As it states: "That is, the Hong Kong depositions seek to further the judgment creditor's collection efforts in these supplemental proceedings by improperly leapfrogging over the SSG Entities to garnish *assets owned by the SSG Entities in the United States.*" (Emphasis Added).  **(Exhibit H, Pg. 5)**.

30.     Defendants fail to produce any documents regarding Request to Produce #8.

31.     VTC has refused to provide any responses to Plaintiffs' Requests for Admission which has caused Plaintiffs' to file their Motion to have these Requests for Admission to be Deemed Admitted [Doc 76].

32.     Defendants refuse to provide any response to Interrogatory #1 and attempt to rely upon their objections and arguments as substitutes for a substantive response to Interrogatory #1.

33.     Regarding Interrogatory #2, VTC fails to provide any response (SSG Defendants' attempt to "run cover" and speak on its behalf). Further, the SSG Defendants state that Defendants did not "visit[]" the United States (as opposed to making electronic contacts with the United States) "during the material times set forth in the Complaint," which contradicts their assertion that they are unaware of the "Relevant Time Period" regarding Plaintiffs' discovery requests which they list as a general objection for having to respond to all of Plaintiffs' written discovery requests.

34.     Regarding Interrogatory #2, the SSG Defendants state that "VTC was not aware that any of the other parties in this action—including Madhavi Vuppalapati, Anandhan Jayaraman, Prithvi Information Solutions Limited, and Prithvi Solutions Inc.—were based in or resided in Pennsylvania." which contradicts their assertion that "awareness" is not relevant to the personal  jurisdiction inquiry (*e.g.* Defendants' Response to Request to Produce #3).

35.     Regarding Interrogatory #2, the SSG Defendants provide argument instead of providing a substantive response.

36.     Regarding Interrogatory #2, the SSG Defendants attempt to justify their denials to the Requests for Admission directed solely to VTC on their unilateral determination that there is a lack of "contacts" between the SSG Defendants and the United States.  As the SSG Defendants state: "Because of the lack of contacts between the SSG Defendants and the United States related

to the allegations in Plaintiffs' Complaint[3], the SSG Defendants have denied Requests for Admission Nos. 3 – 11."

37.     While claiming the VTC is "dead" and unable to provide responses, non-party Peter Cairns' Verification says the "dead" VTC entity has authorized him to sign the Verification.

38.     Peter Cairns refuses to verify the "response" to Interrogatory #1, and only verifies the "response" to Interrogatory #2.

39.     Peter Cairns does not make his Verification by speaking to any of the Defendants or any third-party.   He also does not make his Verification after search and review of the individual defendants' books and records. He only makes his Verification based upon his review of the "corporate records" of SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, and VTC - the entity that Defendants maintain is incapable of providing answers to Plaintiffs' discovery requests.

40.     Peter Cairns' Verification is made only on behalf of SSG Capital Partners I, LP, SSG Capital Management (Hong Kong) Limited, and Value Team Corporation.  Mr. Cairns also improperly attempts to verify the responses on behalf of the individual defendants who intentionally avoid doing so.

41.     There are no verifications from any of the individual defendants -- Edwin Wong, Andreas Vouloumis, Shyam Maheshwari, Dinesh Goel and Ira Syavitri Noor.

***This Court Should Enter An Order That States Defendants Have Submitted to Personal Jurisdiction***

42.     Because Defendants have willfully refused to comply with this Court's Order, Fed. R. Civ. P. 37(b)(2)(A)(i) permits this Court to "direct[] that the matters embraced in the

---

[3] Here, again, Defendants seek to rely upon their unilateral determination, made behind the scenes, of how the Complaint relates to the written discovery requests instead of answering the written discovery requests as they are propounded.

order or other designated facts be taken as established for purposes of the action, as the prevailing party claims."

43.     As set forth above, Defendants have willfully failed to comply with this Court's Order that requires them to provide full and complete responses to Plaintiffs' written discovery requests as they are propounded in an attempt to hide Defendants' contacts with Pennsylvania and the United States from Plaintiffs, and to otherwise inhibit Plaintiffs' ability to properly prepare for the depositions in advance of the November 1, 2019, discovery cutoff date.[4]

***Alternatively, This Court Should Enter Another Order That Requires Defendants to Comply With This Court's Original Order to Have Defendants Provide Plaintiffs With Complete Discovery Responses***

44.     Fed. R. Civ. P. 37(a)(3)(B) states in pertinent part, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

45.     As set forth above, this Court has already ordered Defendants to provide complete discovery responses and they have willfully failed to do so.  To the extent that this Court does not enter an order that states that the Defendants have submitted to personal jurisdiction under Fed. R. Civ. P. 37(b)(2)(A)(i), Plaintiffs request this Court to enter another Order that, once again, requires Defendants to provide Plaintiffs with complete and proper responses to their written discovery requests as they are propounded.

**WHEREFORE,** Plaintiffs request this Court to enter an Order that states that Defendants have submitted to personal jurisdiction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), or in the alternative, enter an Order that requires Defendants to comply with this Court's original Order and have Defendants provide Plaintiffs with complete and proper responses to their written discovery requests as they are propounded pursuant Fed. R. Civ. P. 37(a)(3)(B).  Plaintiffs also

---

[4] Due to Defendants' conduct, Plaintiffs have concurrently filed a motion to extend the jurisdictional discovery cutoff date to allow this Court to rule upon this Motion and to otherwise allow Plaintiffs sufficient time to properly prepare for the depositions.

request that this Court award them attorney fees and costs pursuant to Fed. R. Civ. P. 37(b)(2)(C)

or Fed. R. Civ. P. 37(a)(5).

Respectfully submitted,

*/s/ Joseph F. Rodkey, Jr.*
Pa. I.D. No. 66757

FOWKES ♦ RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont, PA 15139

(412) 828-2802 (Phone)
(412) 828-2588 (Fax)
jrodkey@fowkesrodkey.com

Jayson M. Macyda
Jayson M. Macyda (admitted *pro hac vice*)
Kyko Global, Inc.
P.O. Box 87491
Canton, MI 48187
(248) 243-6685
generalcounsel@kykoglobal.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF Notification System on this 21st day of October, 2019 upon the following:

Michael H. Ginsberg
mhginsberg@jonesday.com
John D. Goetz
jdgoetz@jonesday.com
Douglas Baker
ddbaker@jonesday.com
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514

**Counsel for Defendants:**

**SSG Capital Partners I, L.P.**
**SSG Capital Management (Hong Kong) Limited**
**Shyam Maheshwari**
**Ira Syavitri Noor a/k/a Ira Noor Vourloumis**

**Dinesh Goel**
**Wong Ching Him a/k/a Edwin Wong**
**Andreas Vourloumis**
**Value Team Corporation**

The undersigned certifies that a true and correct copy of the foregoing document was served via U.S. Mail for posting on the 21st day of October, 2019 upon the following:

Prithvi Information Solutions, LTD.
Prithvi Asia Solutions Limited
214 S. Craig Street
Suite 5
Pittsburgh, PA 15213

The undersigned certifies that a true and correct copy of the foregoing document was served via Email on the 21st day of October, 2019 upon Madhavi Vuppalapati and Anandhan Jayaraman by sending an email to:

Madhavi@prithvisolutions.com
Vuppalapatim@gmail.com
Satish@prithvisolutions.com
Vuppalapatis@gmail.com
ajayaraman@gmail.com

*/s/ Joseph F. Rodkey, Jr.*