EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

KYKO GLOBAL, INC., a Canadian
corporation, KYKO GLOBAL GmbH, a
Bahamian corporation, PRITHVI
SOLUTIONS, INC., a Delaware Corporation

                    Plaintiffs,

v.

PRITHVI INFORMATION SOLUTIONS,
LTD, an Indian corporation, VALUE TEAM
CORPORATION, a British Virgin Islands
corporation, SSG CAPITAL PARTNERS I,
L.P., a Cayman Islands Limited Partnership,
SSG CAPITAL MANAGEMENT (HONG
KONG) LIMITED, a private Hong Kong
company, MADHAVI VUPPALAPATI, an
individual, ANANDHAN JAYARAMAN, an
Individual, SHYAM MAHESHWARI, an
individual, IRA SYAVITRI NOOR A/K/A
IRA NOOR VOURLOUMIS, an individual,
DINESH GOEL, an individual, WONG
CHING HIM a/k/a Edwin Wong, an
individual, ANDREAS VOURLOUMIS, an
individual, PRITHVI ASIA SOLUTIONS
LIMITED, a Hong Kong company

                    Defendants.

**Case No. 2:18-cv-1290-WSS**

---

**THE SSG DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS'
FIRST SET OF JURISDICTIONAL DISCOVERY REQUESTS DIRECTED TO
VALUE TEAM CORPORATION, SSG CAPITAL PARTNERS I, LP, SSG
CAPITAL MANAGEMENT (HONG KONG) LIMITED, SHYAM MAHESHWARI,
IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, DINESH GOEL,
WONG CHING HIM A/K/A EDWIN WONG, AND ANDREAS VOURLOUMIS
PURSUANT TO FED. R. CIV. P. 33, 34, 36**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, SSG Capital Partners I, L.P.,

SSG Capital Management (Hong Kong) Limited, Edwin Wong, Andreas Vourloumis, Shyam

Maheshwari, Dinesh Goel, Ira Syavitri Noor, and Value Team Corporation[1] (collectively, the "SSG

---

[1] As the SSG Defendants explained in their entry of appearance on VTC's behalf, VTC has been an inactive
and defunct entity since 2016. Nevertheless, because Plaintiffs have sought liability against VTC—including an
improper attempt to obtain a default judgment against VTC in this case—counsel for the SSG Defendants entered their
appearance on behalf of VTC in order to protect the interests of the SSG Defendants against any attempts by Plaintiffs
to obtain a judgment against VTC and then pursue that judgment against the SSG Defendants. *See* ECF No. 64. The
SSG Defendants object to these discovery Requests to the extent they seek to obtain documents and information from

1

Defendants"), by and through their undersigned attorneys, hereby respond and object to Plaintiffs'

First Set of Jurisdictional Discovery Requests dated September 10, 2019, and the eight document

requests, eleven requests for admissions, and two interrogatories set forth therein (collectively, the

"Requests"). The SSG Defendants make this response without in any way waiving or intending to

waive, but to the contrary, intending to reserve and reserving:

    a.  all objections as to competency, relevance, materiality, privilege, and admissibility as evidence for any purpose, at any trial or hearing in this case or in any related, unrelated or subsequent action or proceeding, if any, of any of the documents produced hereunder, if any, or the subject matter thereof;

    b.  the right to object on any ground to the use of documents produced hereunder, if any, or the subject matter thereof, at any proceeding in this case;

    c.  the right to object on any ground at any time to a demand for any further response to this or any other request for the production of documents;

    d.  the right to move for the entry of a protective order with regard to any current or future request for documents; and

    e.  the right at any time to revise, supplement, correct, or add to these responses and objections herein.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    The SSG Defendants object to all Definitions and Instructions to the extent that they

purport to impose production obligations beyond those set forth in the Federal Rules of Civil

Procedure, the Local Rules of this Court, or any other governing law.

2.    The SSG Defendants object to the definition of "communication" on the grounds

that it is overly broad, vague and ambiguous, and not proportionate to the needs of the case.

3.    The SSG Defendants object to Instruction 6, which purports to require information

regarding documents no longer in The SSG Defendants' possession or control, as vague and

ambiguous, overly broad, unduly burdensome, and seeking information that is neither relevant nor

proportionate to the needs of this case.

---

VTC, which is a defunct entity and unable to provide responses. Where possible, the SSG Defendants will provide information, documents, and responses to the Document Requests, Interrogatories, and Requests for Admission directed to VTC.

NAI-1509219071

4.     The SSG Defendants object to the Requests in that they seek to obtain documents and information from VTC, which is a defunct entity and unable to provide responses. Where possible, the SSG Defendants will provide information, documents, and responses to the Document Requests, Interrogatories, and Requests for Admission directed to VTC.

## OBJECTION TO LACK OF A DEFINED RELEVANT TIME PERIOD

The SSG Defendants object to the Requests on the ground that they do not define a "Relevant Time Period" for the documents and information sought therein. To the extent the Requests purport to seek information and documents for an undefined period of time, the SSG Defendants object to the Requests as overly broad, unduly burdensome, and not proportionate to the needs of the case.

## RESPONSES TO SPECIFIC REQUESTS FOR PRODUCTION

All of the Objections to Definitions, Instructions, and Relevant Time Period set forth above are hereby incorporated by reference in each of the responses to each Request set forth below and have the same force and effect as if set forth fully in each response below. Subject to and without waiver of the Objections to Definitions, Instructions, and Relevant Time Period, the SSG Defendants specifically respond and object to the Requests as follows:

## DOCUMENT REQUEST NO. 1:

As set forth in the Complaint ¶¶ 97-147 [Doc. No. 1] and Plaintiffs' RICO Case Statement [Doc. No. 5], each Defendant shall separately identify and produce all documents (including communications) in its, his, or her possession, custody and/or control that evidence, constitute, refer, or relate to the following:

(i) The $35,000,000 transfer from UCO Bank located in Hong Kong to Key Bank located in the State of Washington on or about October 29, 2010.

(ii) The $35,000,000 transfer from Key Bank in the State of Washington to PNC Bank located in Pittsburgh on or about November 2, 2010.

3

(iii) The $8,000,000 transfer of the $35,000,000 from PNC Bank located in Pittsburgh to non-party Prithvi Information Solutions LLC located in the state of Washington on or about November 3, 2010.

(iv) The approximate $7,000,000 transfer of the $35,000,000 from PNC Bank located in Pittsburgh to Prithvi Information Solutions Ltd. ("PISL") on or about November 3, 2010.

(v) The $20,400,000 transfer of the $35,000,000 from PNC Bank located in Pittsburgh to Prithvi Asia Solutions Limited's ("Prithvi Asia") bank account at Hang Seng Bank Limited located in Hong Kong on or about November 3, 2010.

(vi) The $4,000,000 transfer of the $20,400,000 from Hang Seng Bank located in Hong Kong to SSG Capital Partners I L.P.'s ("SSG Capital Partners") bank account located at DBS Bank Ltd. in Hong Kong on or about November 12, 2010.

(vii) The approximate combined total transfer of $16,400,000 of the $20,400,000 from Hang Seng Bank Limited located in Hong Kong to Value Team Corporation's ("VTC") bank account located at UBS AG Bank in Singapore on or about November 12, 2010, and November 23, 2010.

(viii) The PISL transfer of $2,500,000 of the $7,000,000 PISL received on November 3, 2010, to PSI and to Prithvi Asia's bank account at Hang Seng Bank Limited located in Hong Kong on or about May 28, 2011 and June 16, 2011.

(ix) The Prithvi Asia transfer, on or about January 23, 2013, of $10,000 to VTC's bank account located at UBS AG Bank in Singapore.

(x)    The Prithvi Asia withdrawal of $28,000 that occurred on or about October 9, 2014.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

The SSG Defendants collectively object to Document Request No. 1 as overbroad in light of the Court's Omnibus Order, dated September 5, 2019, which permitted Plaintiffs to "conduct

NAI-1509219071

focused discovery … *strictly limited to* the issue of Defendants' relevant contacts with this forum."
ECF No. 63; ECF No. 71. The SSG Defendants object to this Request to the extent it seeks
information unrelated to the SSG Defendants' relevant contacts with this forum. Specifically, six
of the ten sub-requests contained within Document Request No. 1 seek information related to
alleged events that took place outside Pennsylvania or outside the United States as a whole:

- Document Request 1(i) seeks information about an alleged wire transfer from Hong Kong to Washington state.

- Document Request 1(vi) seeks information about an alleged wire transfer between banks in Hong Kong.

- Document Request 1(vii) seeks information about an alleged wire transfer between banks in Hong Kong and Singapore.

- Document Request 1(viii) seeks information about alleged wire transfers between banks in Hong Kong.

- Document Request 1(ix) seeks information about an alleged wire transfer between banks in Hong Kong and Singapore.

- Document Request 1(x) seeks information about a $28,000 withdrawal by Prithvi Asia—a non-SSG Defendant and a Hong Kong company (*see* Compl. ¶ 38)—from an unidentified bank account.

The SSG Defendants further object that this Request is unduly burdensome and not proportionate
to the needs of the case in that it seeks information related to bank accounts owned and controlled
by non-parties, one of the Plaintiffs (PSI), or non-SSG Defendants. Seven of the ten sub-Requests
relate to wire transfers or bank withdrawals that do not implicate any of the SSG Defendants:

- Document Request 1(i) seeks information about an alleged wire transfer from Bank of New York Mellon (non-party) to PISL (a non-SSG Defendant). Compl. ¶ 117.

- Document Request 1(ii) seeks information about an alleged wire transfer from PISL (non-SSG Defendant) to PSI (Plaintiff).

- Document Request 1(iii) seeks information about an alleged wire transfer from PSI (Plaintiff) to Prithvi Information Solutions LLC (non-party).

- Document Request 1(iv) seeks information about an alleged wire transfer from PSI (Plaintiff) to PISL (non-SSG Defendant).

5

- Document Request 1(v) seeks information about an alleged wire transfer from PSI (Plaintiff) to Prithvi Asia (non-SSG Defendant).

- Document Request 1(viii) seeks information about alleged wire transfer from PISL (non-SSG Defendant) to PSI (Plaintiff) and Prithvi Asia (non-SSG Defendant).

- Document Request 1(x) seeks information about an alleged withdrawal by Prithvi Asia (non-SSG Defendant).

The SSG Defendants also object to the Requests in that they seek to obtain documents and information from VTC, which is a defunct entity and unable to provide responses.

Subject to and without waiving the foregoing objections, and to the extent such documents exist, the SSG Defendants will produce responsive documents (related to the allegations in the Complaint) within their possession, custody, or control that can be located after a reasonable search of reasonably accessible materials, and individually respond as follows:

**SSG Capital Partners I, L.P. Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant SSG Capital Partners I, L.P. will produce responsive documents in its possession.

**SSG Capital Management (Hong Kong) Limited Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant SSG Capital Partners I, L.P. will produce responsive documents in its possession.

**Edwin Wong Response**:

Subject to and without waiving all previously stated objections, Defendant Edwin Wong does not possess any document responsive to this Request.

**Andreas Vourloumis Response**:

Subject to and without waiving all previously-stated objections, Defendant Andreas Vourloumis does not possess any documents responsive to this Request.

6

**Shyam Maheshwari Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant Shyam Maheshwari will produce responsive documents in his possession.

**Dinesh Goel Response**:

Subject to and without waiving all previously-stated objections, after reasonable investigation, Defendant Dinesh Goel will produce responsive documents in his possession.

**Ira Syavitri Noor Response**:

Subject to and without waiving all previously-stated objections, Defendant Ira Syavitri Noor does not possess any documents responsive to this Request.

**Value Team Corporation Response**:

Subject to and without waiving all previously-stated objections, after reasonable investigation, the relevant SSG Defendants will produce responsive documents in their possession.

## DOCUMENT REQUEST NO. 2:

Each Defendant shall separately identify and produce all documents (including communications) in its, his, or her possession, custody and/or control that evidence, constitute, refer, or relate to the following assertions set forth in Doc. No. 44:

(i)   "Defendant Maheshwari was aware that PSI is a 'US Company' (ECF No. 40-1 ¶ 18)."

(ii)   "Defendant Maheshwari requested documents 'pending from the US' related to Plaintiff PSI (*id.* at ¶ 19)."

(iii)   "Defendants Maheshwari and Goel expected to receive certain funds denominated in US currency (*id.* at ¶ 22)."

(iv)   "Defendant Goel had been informed that no one had been present in the US to initiate transfer instructions for a period of two months (*id.* at ¶ 24)."

NAI-1509219071

(v)  "Defendant Goel asked to be informed when certain funds had been transferred from an entity referenced as 'Prithvi US' to another entity referenced as 'Prithvi Asia,' neither of which is an SSG Defendant (*id.* at ¶ 25)."

(vi)  Defendant Maheshwari explained that he "underst[ood] briefly what has happened in the US" related to Sojitz, an entity not involved in this lawsuit (*id.* at ¶ 31)."

(vii)  "*At most*, the SSG Defendants had contacts with other third-party Defendants who may have had some limited contacts with the United States." (emphasis included).

## RESPONSE TO DOCUMENT REQUEST NO. 2:

The SSG Defendants object to Document Request No. 2 in that Plaintiffs mischaracterize the quoted material in Document Request No. 2 as "assertions set forth in Doc. No. 44." These are not "assertions" but rather summaries of assertions made in the Declaration of Kiran Kulkarni, which Plaintiffs submitted in support of their Motion to Obtain Leave to Conduct Jurisdictional Discovery. In responding to that Motion, the SSG Defendants noted that all documents submitted by Plaintiff failed to establish an issue of fact related to personal jurisdiction: "Plaintiffs' motion for jurisdictional discovery confirms the SSG Defendants' lack of connection to Pennsylvania. Plaintiffs submissions, as attached to the Declaration of Kiran Kulkarni, establish only the following." ECF No. 44, at 7. The SSG Defendants then summarized assertions made in Kiran Kulkarni's Declaration and noted that "[i]n all Plaintiffs' submissions, there is not a single mention of Pennsylvania." *Id.* The SSG Defendants explained that "[d]iscovery would answer no questions because the Complaint, the RICO statement, *and all Plaintiffs' filings* fail to suggest with reasonable particularity the possible existence of the requisite minimum contacts." *Id.* at 8 (emphasis added). The SSG Defendants further object to Document Request 2(vii) in that it mischaracterizes an argument from the SSG Defendants' Response to Plaintiffs' Motion to Obtain

NAI-1509219071

Leave to Conduct Jurisdictional Discovery by presenting it devoid of context. As the SSG

Defendants' explained in full :

> Moreover, as explained in the SSG Defendants' reply brief in support of their motion to dismiss, Plaintiffs' theory of "federal long-arm jurisdiction" does not apply here. There are no factual disputes related to the SSG Defendants' lack of contacts with the United States as a whole. Each of Plaintiffs' submissions demonstrates that the SSG Defendants had no contacts with the United States as a whole. *At most*, the SSG Defendants had contacts with other third-party Defendants who may have had some limited contacts with the United States. This is not enough. The "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285; *Safra v. Palestinian Auth.*, 82 F. Supp. 3d 37, 43 (D.D.C. 2015) (applying this analytical framework in the context of federal long-arm jurisdiction), *aff'd*, 851 F.3d 45 (D.C. Cir. 2017).

ECF No. 44, at 7, n.4. The SSG Defendants object to any characterization of this argument as an

admission of any kind.

The SSG Defendants further object to Document Request No. 2 to the extent it seeks

information about the SSG Defendants' knowledge or awareness of other parties or activities by

other parties in the United States. This information is irrelevant to the issue of personal

jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("Due process requires that a defendant be

haled into court in a forum State based on his own affiliation with the State, *not based on the*

*random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated*

*with the State*." (emphasis added)). The SSG Defendants thus object to Document Request No. 2

to the extent is seeks information regarding the SSG Defendants' contacts with persons "affiliated

with the State" of Pennsylvania and not with Pennsylvania itself:

- Document Request No. 2(i) seeks information about awareness that PSI (a Plaintiff) is a "US Company."

- Document Request No. 2(ii) seeks information about a request for documents "pending from the US."

NAI-1509219071

- Document Request No. 2(iii) seeks information about certain funds being denominated in US currency.

- Document Request No. 2(iv) seeks information about a party being informed that no one was in the US to initiate wire transfer instructions.

- Document Request No. 2(v) seeks information about money being transferred from 'Prithvi US' to 'Prithvi Asia,' neither of which is an SSG Defendant.

- Document Request No. 2(vi) seeks information about a party saying he "underst[ood] briefly what has happened in the US" related to a non-party.

ECF No. 40-1. None of these allegations suggest that any SSG Defendant had any direct contact with Pennsylvania or even the United States as a whole. Finally, the SSG Defendants object to Document Request No. 2 as duplicative of Document Request No. 3, which seeks information related to the same documents summarized in Request No. 2.

Subject to and without waiving the foregoing objections, and to the extent such documents exist, the SSG Defendants will produce responsive documents (related to the allegations in the Complaint) within their possession, custody, or control that can be located after a reasonable search of reasonably accessible materials, and individually respond as follows:

**SSG Capital Partners I, L.P. Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant SSG Capital Partners I, L.P. will produce responsive documents in its possession.

**SSG Capital Management (Hong Kong) Limited Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant SSG Capital Partners I, L.P. will produce responsive documents in its possession.

NAI-1509219071

**Edwin Wong Response**:

Subject to and without waiving all previously stated objections, Defendant Edwin Wong does not possess any document responsive to this Request.

**Andreas Vourloumis Response**:

Subject to and without waiving all previously stated objections, Defendant Andreas Vourloumis does not possess any documents responsive to this Request.

**Shyam Maheshwari Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant Shyam Maheshwari will produce responsive documents in his possession.

**Dinesh Goel Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant Dinesh Goel will produce responsive documents in his possession.

**Ira Syavitri Noor Response**:

Subject to and without waiving all previously stated objections, Defendant Ira Syavitri Noor does not possess any documents responsive to this Request.

**Value Team Corporation Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, the relevant SSG Defendants will produce responsive documents in their possession.

## DOCUMENT REQUEST NO. 3:

Each Defendant shall separately identify and produce all documents (including communications) in its, his, or her possession, custody and/or control that evidence, constitute, refer, or relate to the following:

(i)  Doc. No. 40-2

(ii)  Doc. No. 40-3

(iii)  Doc. No. 40-4

(iv)  Doc. No. 40-5

(v)  Doc. No. 40-6

(vi)  Doc. No. 40-7

## RESPONSE TO DOCUMENT REQUEST NO. 3:

The SSG Defendants object to Document Request No. 3 to the extent it seeks information that is irrelevant to the issue of personal jurisdiction.  There are no references to Pennsylvania, explicit or implied, in *any* of the documents cited by Document Request No. 3.  The documents make limited references to the United States, but the SSG Defendants object to the Requests to the extent they seek discovery related to the SSG Defendants contacts with the United States as a whole and not specifically Pennsylvania.  There is no basis in law for Plaintiffs' theory that contacts with the United States as a whole may be used to establish personal jurisdiction in Pennsylvania.  Furthermore, the SSG Defendants object to Request No. 3 to the extent it seeks information about the SSG Defendants' knowledge or awareness of parties or activities in the United States.  *See Walden v. Fiore*, 571 U.S. 277, 283–84, 285 (2014) ("[T]he 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.").  None of the documents referenced in Document Request No. 3 demonstrate more than "random, fortuitous, or attenuated contacts," *id.* at 285, with persons affiliated with the United States:

- Doc. No. 40-2:  This document contains the statement that "Prithvi Solutions Inc." is a "US Company" but makes no reference to activities in the United States.

- Doc. No. 40-3:  This document makes no reference to the United States.

- Doc. No. 40-4: This document contains fleeting references to a non-SSG Defendant's two-month absence from the United States and need to "check with US."

- Doc. No. 40-5:  This document fails to reference the United States or any activities occurring there.

12

- Doc. No. 40-6: This document states simply that "[w]e understand briefly what has happened in the US."

- Doc. No. 40-7: This document is an exchange of emails between non-parties with no reference to the United States.

The SSG Defendants therefore object to this Request to the extent it seeks information not related to the limited jurisdictional inquiry authorized by the Court in this case.

Subject to and without waiving the foregoing objections, and to the extent such documents exist, the SSG Defendants will produce responsive documents (related to the allegations in the Complaint) within their possession, custody, or control that can be located after a reasonable search of reasonably accessible materials, and individually respond as follows:

**SSG Capital Partners I, L.P. Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant SSG Capital Partners I, L.P. will produce responsive documents in its possession.

**SSG Capital Management (Hong Kong) Limited Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant SSG Capital Partners I, L.P. will produce responsive documents in its possession.

**Edwin Wong Response**:

Subject to and without waiving all previously stated objections, Defendant Edwin Wong does not possess any document responsive to this Request.

**Andreas Vourloumis Response**:

Subject to and without waiving all previously stated objections, Defendant Andreas Vourloumis does not possess any documents responsive to this Request.

NAI-1509219071

**Shyam Maheshwari Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant Shyam Maheshwari will produce responsive documents in his possession.

**Dinesh Goel Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, Defendant Dinesh Goel will produce responsive documents in his possession.

**Ira Syavitri Noor Response**:

Subject to and without waiving all previously stated objections, Defendant Ira Syavitri Noor does not possess any documents responsive to this Request.

**Value Team Corporation Response**:

Subject to and without waiving all previously stated objections, after reasonable investigation, the relevant SSG Defendants will produce responsive documents in their possession.

## DOCUMENT REQUEST NO. 4:

Each Defendant shall <u>separately</u> identify and produce all documents (including communications) in its, his, or her possession, custody and/or control that evidence, constitute, refer, or relate to the following:

(i)   Doc. No. 45-3

(ii)   Doc. No. 45-4

(iii)   Doc. No. 45-5

(iv)   Doc. No. 45-6

## RESPONSE TO DOCUMENT REQUEST NO. 4:

The SSG Defendants object to Document Request Nos. 4(i) and 4(ii) as irrelevant, unduly burdensome, and not proportionate to the needs of the case.  The documents referred to as Doc. Nos. 45-3 and 45-4 appear to be SEC filings from February 21, 2018, and March 28, 2018.  The filings took place long after the allegations in Plaintiffs' Complaint and are not relevant to the issue

14

of personal jurisdiction.  Moreover, the SEC filings do not relate to the facts alleged in the Complaint.  Furthermore, the SSG Defendants object to these Requests to the extent they seek to establish contacts between the SSG Defendants and the United States that are not related to the allegations in the Complaint.  General jurisdiction exists only when a defendant's contacts with a forum are "so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quotation marks, alteration, and citation omitted).  Plaintiffs have not alleged that the Court may exercise general personal jurisdiction over any of the SSG Defendants.  *See* Compl. ¶¶ 59, 61, 63, 64, 66, 68, 69, 72, 73, 76, 77, 80, 81, 84, 85, 88.  Accordingly, forum-related contacts by the SSG Defendants are only relevant to the extent they relate to the allegations in the Complaint.  Moreover, the SSG Defendants object to the Requests to the extent they seek discovery related to the SSG Defendants' contacts with the United States as a whole and not specifically Pennsylvania.

The SSG Defendants also object to Request Nos. 4(iii) and 4(iv) as irrelevant, unduly burdensome, and not proportionate to the needs of the case.  The document referred to as Doc. No. 45-5 is a news article from February 15, 2018, indicating that the University of Michigan invested funds with SSG Capital Management.  The document referred to as Doc. No. 45-6 is a news article from January 23, 2019, indicating that the Virginia Retirement System committed $150 million to a fund raised by SSG Capital Management.  The investments described in these articles took place long after the allegations in Plaintiffs' Complaint and are not relevant to the issue of personal jurisdiction, since they do not relate to the allegations in the Complaint.  Furthermore, the articles contain no mention of Pennsylvania or any Pennsylvania-related activities by the SSG Defendants. The SSG Defendants further object to these Requests to the extent they seek to establish contacts by the SSG Defendants that are not related to the allegations in the Complaint, since there is no allegation that the Court may exercise general jurisdiction here.  *See Daimler*, 571 U.S. at 139. Finally, it would be unduly burdensome and not proportionate to the needs of the case for the SSG Defendants to produce all documents related to two multimillion-dollar business transactions with no connection to the allegations in Plaintiffs' Complaint.

NAI-1509219071

**DOCUMENT REQUEST NO. 5:**

Each Defendant shall <u>separately</u> identify and produce all documents (including communications) that evidence, constitute, refer, or relate to any filing he, she, it has made, directly or indirectly, with the U.S. Securities and Exchange Commission.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

The SSG Defendants object to Document Request No. 5 as irrelevant, unduly burdensome, and not proportionate to the needs of the case to the extent it seeks the SSG Defendants' SEC filings that do not relate to the facts alleged in the Complaint. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co*., 75 F.3d 147, 151 (3d Cir. 1996) (for specific jurisdiction to exist, "the cause of action [must] arise[] from the defendant's forum related activities"). The SSG Defendants object to this Request to the extent it seeks to establish contacts between the SSG Defendants and the United States that are not related to the allegations in the Complaint, since there is no allegation that general jurisdiction exists in this case. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014); Compl. ¶¶ 59, 61, 63, 64, 66, 68, 69, 72, 73, 76, 77, 80, 81, 84, 85, 88. The SSG Defendants further object to this Request to the extent it seeks discovery related to the SSG Defendants contacts with the United States as a whole and not specifically Pennsylvania. The SSG Defendants also object to Request No. 5 as unduly burdensome, since it seeks all documents "that evidence, constitute, refer, or relate to any filing he, she, it has made, directly or indirectly" with the SEC without any limitation on time period.

Subject to and without waiving the foregoing objections, and to the extent such documents exist, the SSG Defendants will produce responsive documents (related to the allegations in the Complaint) within their possession, custody, or control that can be located after a reasonable search of reasonably accessible materials, and individually respond as follows:

16

**SSG Capital Partners I, L.P. Response**:

Subject to and without waiving all previously stated objections, Defendant SSG Capital Partners I, L.P. does not possess any documents responsive to this Request.

**SSG Capital Management (Hong Kong) Limited Response**:

Subject to and without waiving all previously stated objections, Defendant SSG Capital Management (Hong Kong) Limited does not possess any documents responsive to this Request.

**Edwin Wong Response**:

Subject to and without waiving all previously stated objections, Defendant Edwin Wong does not possess any documents responsive to this Request.

**Andreas Vourloumis Response**:

Subject to and without waiving all previously stated objections, Defendant Andreas Vourloumis does not possess any documents responsive to this Request.

**Shyam Maheshwari Response**:

Subject to and without waiving all previously stated objections, Defendant Shyam Maheshwari does not possess any documents responsive to this Request.

**Dinesh Goel Response**:

Subject to and without waiving all previously stated objections, Defendant Dinesh Goel does not possess any documents responsive to this Request.

**Ira Syavitri Noor Response**:

Subject to and without waiving all previously stated objections, Defendant Ira Syavitri Noor does not possess any documents responsive to this Request.

NAI-1509219071

**Value Team Corporation Response**:

Subject to and without waiving all previously stated objections, the relevant SSG Defendants respond on behalf of VTC that they do not possess any documents responsive to this Request.

## DOCUMENT REQUEST NO. 6:

Each Defendant shall <u>separately</u> identify and produce all documents that constitute, refer, or relate to any, direct or indirect, communication with any Pennsylvania governmental body or authority.

## RESPONSE TO DOCUMENT REQUEST NO. 6:

The SSG Defendants object to Document Request No. 6 as irrelevant, unduly burdensome, and not proportionate to the needs of the case to the extent it seeks to establish contacts between the SSG Defendants and Pennsylvania that are not related to the allegations in the Complaint. The SSG Defendants further object to this Request to extent Plaintiffs seek to establish general contacts between the SSG Defendants and Pennsylvania, since there is no allegation that the Court can exercise general jurisdiction here. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Pennsylvania contacts—including communications with any Pennsylvania governmental body or authority—by the SSG Defendants are only relevant to specific jurisdiction if "the cause of action arises from the defendant's forum related activities…." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co*., 75 F.3d 147, 151 (3d Cir. 1996) (internal citations and quotation marks omitted). The SSG Defendants also object to Request No. 6 as unduly burdensome, since it seeks "all documents that constitute, refer, or relate to any, direct or indirect, communication with any Pennsylvania governmental body or authority" without any limitation on time period or subject matter.

18

Subject to and without waiving the foregoing objections, and to the extent such documents exist, the SSG Defendants will produce responsive documents related to the allegations in the Complaint within their possession, custody, or control that can be located after a reasonable search of reasonably accessible materials, individually respond as follows.

**SSG Capital Partners I, L.P. Response**:

Subject to and without waiving all previously stated objections, Defendant SSG Capital Partners I, L.P. does not possess any documents responsive to this Request.

**SSG Capital Management (Hong Kong) Limited Response**:

Subject to and without waiving all previously stated objections, Defendant SSG Capital Management (Hong Kong) Limited does not possess any documents responsive to this Request.

**Edwin Wong Response**:

Subject to and without waiving all previously stated objections, Defendant Edwin Wong does not possess any documents responsive to this Request.

**Andreas Vourloumis Response**:

Subject to and without waiving all previously stated objections, Defendant Andreas Vourloumis does not possess any documents responsive to this Request.

**Shyam Maheshwari Response**:

Subject to and without waiving all previously stated objections, Defendant Shyam Maheshwari does not possess any documents responsive to this Request.

**Dinesh Goel Response**:

Subject to and without waiving all previously stated objections, Defendant Dinesh Goel does not possess any documents responsive to this Request.

NAI-1509219071

**Ira Syavitri Noor Response**:

Subject to and without waiving all previously stated objections, Defendant Ira Syavitri Noor does not possess any documents responsive to this Request.

**Value Team Corporation Response**:

Subject to and without waiving all previously stated objections, the relevant SSG Defendants respond on behalf of VTC that they do not possess any documents responsive to this Request.

## DOCUMENT REQUEST NO. 7:

Each Defendant shall separately identify and produce all documents that identify assets, bank accounts, or real property he, she, it has (direct, indirect and/or beneficial ownership interest in) in the United States.

## RESPONSE TO DOCUMENT REQUEST NO. 7:

The SSG Defendants object to Request No. 7 as irrelevant, unduly burdensome, and not proportionate to the needs of the case. The SSG Defendants object to producing documents related to the SSG Defendants' assets, bank accounts, or real property to the extent they do not relate to the facts alleged in the Complaint. Furthermore, the SSG Defendants object to this Request to the extent it seeks to establish contacts between the SSG Defendants and the United States that are not related to the allegations in the Complaint. *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 (3d Cir. 1996); *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014). Moreover, the SSG Defendants object to the Requests to the extent they seek discovery related to the SSG Defendants' contacts with the United States as a whole and not specifically Pennsylvania. The SSG Defendants also object to Request No. 7 as irrelevant since it seeks information related to assets, bank accounts, or real property that the SSG Defendants currently have in the United States, long after the events alleged in the Complaint concluded. The SSG Defendants further object to

20

this Request as unduly burdensome and not proportionate to the needs of the case, since it seeks extensive private information unrelated to the allegations in the Complaint.

Subject to and without waiving the foregoing objections, and to the extent such documents exist, the SSG Defendants will produce responsive documents (related to the allegations in the Complaint) within their possession, custody, or control that can be located after a reasonable search of reasonably accessible materials, and individually respond as follows:

**SSG Capital Partners I, L.P. Response**:

Subject to and without waiving all previously stated objections, Defendant SSG Capital Partners I, L.P. does not possess any documents responsive to this Request.

**SSG Capital Management (Hong Kong) Limited Response**:

Subject to and without waiving all previously stated objections, Defendant SSG Capital Management (Hong Kong) Limited does not possess any documents responsive to this Request.

**Edwin Wong Response**:

Subject to and without waiving all previously stated objections, Defendant Edwin Wong does not possess any documents responsive to this Request.

**Andreas Vourloumis Response**:

Subject to and without waiving all previously stated objections, Defendant Andreas Vourloumis does not possess any documents responsive to this Request.

**Shyam Maheshwari Response**:

Subject to and without waiving all previously stated objections, Defendant Shyam Maheshwari does not possess any documents responsive to this Request.

**Dinesh Goel Response**:

Subject to and without waiving all previously stated objections, Defendant Dinesh Goel does not possess any documents responsive to this Request.

NAI-1509219071

**Ira Syavitri Noor Response**:

Subject to and without waiving all previously stated objections, Defendant Ira Syavitri Noor does not possess any documents responsive to this Request.

**Value Team Corporation Response**:

Subject to and without waiving all previously stated objections, the relevant SSG Defendants respond on behalf of VTC that they do not possess any documents responsive to this Request.

## DOCUMENT REQUEST NO. 8:

Each Defendant shall separately identify and produce all documents in their possession, custody and/or control in any related to the responses to the Interrogatories set forth herein.

## RESPONSE TO DOCUMENT REQUEST NO. 8:

**SSG Capital Partners I, L.P. Response**:

Subject to and without waiving all previously stated objections, Defendant SSG Capital Partners I, L.P. does not possess any documents responsive to this Request.

**SSG Capital Management (Hong Kong) Limited Response**:

Subject to and without waiving all previously stated objections, Defendant SSG Capital Management (Hong Kong) Limited does not possess any documents responsive to this Request.

**Edwin Wong Response**:

Subject to and without waiving all previously stated objections, Defendant Edwin Wong does not possess any documents responsive to this Request.

**Andreas Vourloumis Response**:

Subject to and without waiving all previously stated objections, Defendant Andreas Vourloumis does not possess any documents responsive to this Request.

NAI-1509219071

**Shyam Maheshwari Response**:

Subject to and without waiving all previously stated objections, Defendant Shyam Maheshwari does not possess any documents responsive to this Request.

**Dinesh Goel Response**:

Subject to and without waiving all previously stated objections, Defendant Dinesh Goel does not possess any documents responsive to this Request.

**Ira Syavitri Noor Response**:

Subject to and without waiving all previously stated objections, Defendant Ira Syavitri Noor does not possess any documents responsive to this Request.

**Value Team Corporation Response**:

Subject to and without waiving all previously stated objections, the relevant SSG Defendants respond on behalf of VTC that they do not possess any documents responsive to this Request.

**RESPONSES TO REQUESTS FOR ADMISSION**

All Requests for Admission were directed to Defendant VTC only. VTC is a defunct entity and is therefore unable to admit or deny the Requests. However, the relevant SSG Defendants answer, to the best of their knowledge, as follows.

## REQUEST FOR ADMISSION NO. 1:

Admit that VTC was, during all material times set forth in the Complaint, a British Virgin Islands corporation.

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

VTC is a defunct entity and is therefore unable to admit or deny Request for Admission No. 1. However, the SSG Defendants respond and object to this Request as follows. The SSG Defendants object that this Request is irrelevant to the jurisdictional issue on which the Court has permitted discovery, since whether VTC was a British Virgin Islands corporation is outside the scope of the Court's Omnibus Order, dated September 5, 2019, which permitted Plaintiffs to "conduct focused discovery … *strictly limited to* the issue of Defendants' relevant contacts with this forum." ECF No. 63; *see also* ECF No. 71. Furthermore, the Request is vague in that it seeks a response based on "all material times set forth in the Complaint," without identifying those material times. Relatedly, Plaintiffs failed to identify a relevant time period in their Requests. The SSG Defendants further object to this Request to the extent it seeks information unrelated to the allegations in the Complaint.

Subject to the above objections, the relevant SSG Defendants admit that VTC was an active British Virgin Islands Corporation until 2016, at which point it became inactive and defunct.

## REQUEST FOR ADMISSION NO. 2:

Admit that VTC is currently a British Virgin Islands corporation.

24

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

The SSG Defendants object to Request for Admission No. 2 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. The SSG Defendants further object that this Request is irrelevant to the jurisdictional issue on which the Court has permitted discovery, since whether VTC is currently a British Virgin Islands corporation is outside "the issue of Defendants' relevant contacts with this forum." ECF No. 63. The SSG Defendants further object that whether VTC is currently a British Virgin Islands Corporation is not relevant to the facts alleged in Plaintiffs' Complaint, all of which allegedly occurred years ago. The SSG Defendants further object to this Request to the extent it seeks information unrelated to the allegations in the Complaint.

Subject to the above objections, the relevant SSG Defendants deny this Request. VTC has been inactive and defunct since 2016.

**REQUEST FOR ADMISSION NO. 3:**

Admit that VTC was aware, during all material times set forth in the Complaint, that Defendant PISL was registered to do business in Pittsburgh, Pennsylvania.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

The SSG Defendants object to Request for Admission No. 3 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. Furthermore, the Request is vague in that it seeks a response based on "all material times set forth in the Complaint," without identifying those material times and Plaintiffs failed to identify a relevant time period in their Requests. The Request is also vague and ambiguous in that it fails to define the phrase "registered to do business in." The SSG Defendants further object to this Request to the extent it seeks information regarding VTC's "awareness" that PISL, an unrelated Defendant, was registered to do business in Pittsburgh, Pennsylvania, since awareness of another party's affiliation with

25

Pennsylvania is irrelevant to the issue of jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283–84, 285 (2014). The SSG Defendants further object to this Request to the extent it seeks information unrelated to the allegations in the Complaint.

Subject to the above objections, the relevant SSG Defendants deny Request for Admission No. 3.

## REQUEST FOR ADMISSION NO. 4:

Admit that VTC was aware, during all material times set forth in the Complaint, that Prithvi Solutions Inc. ("PSI") conducted business in Pittsburgh, Pennsylvania.

## RESPONSE TO REQUEST FOR ADMISSION NO. 4:

The SSG Defendants object to Request for Admission No. 4 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. Furthermore, the Request is vague in that it seeks a response based on "all material times set forth in the Complaint," without identifying those material times and Plaintiffs failed to identify a relevant time period in their Requests. The Request is also vague and ambiguous in that it fails to define the phrase "conducted business in." The SSG Defendants further object to this Request to the extent it seeks information regarding VTC's "awareness" that PSI, a Plaintiff in this case, "conducted business in Pittsburgh, Pennsylvania," since awareness of another party's affiliation with Pennsylvania is irrelevant to the issue of jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283–84, 285 (2014). The SSG Defendants further object to this Request to the extent it seeks information unrelated to the allegations in the Complaint.

Subject to the above objections, the relevant SSG Defendants deny Request for Admission No. 4.

NAI-1509219071

**REQUEST FOR ADMISSION NO. 5:**

Admit that VTC was aware, during all material times set forth in the Complaint, that Defendant Madhavi Vuppalapati resided in Pittsburgh, Pennsylvania.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

The SSG Defendants object to Request for Admission No. 5 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. Furthermore, the Request is vague in that it seeks a response based on "all material times set forth in the Complaint," without identifying those material times and Plaintiffs failed to identify a relevant time period in their Requests. The SSG defendants further object to this request in that it uses the vague and undefined term "resided." The SSG Defendants further object to this Request to the extent it seeks information regarding VTC's "awareness" that Madhavi Vuppalapati, a separate Defendant in this case, "resided in Pittsburgh, Pennsylvania," since awareness of another party's affiliation with Pennsylvania is irrelevant to the issue of Pennsylvania's jurisdiction over VTC. *Walden v. Fiore*, 571 U.S. 277, 283–84, 285 (2014). The SSG Defendants further object to this Request to the extent it seeks information unrelated to the allegations in the Complaint.

Subject to the above objections, the relevant SSG Defendants deny Request for Admission No. 5.

**REQUEST FOR ADMISSION NO. 6:**

Admit that VTC was aware, during all material times set forth in the Complaint, that Defendant Anandhan Jayaraman resided in Pittsburgh, Pennsylvania.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

The SSG Defendants object to Request for Admission No. 6 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. Furthermore, the Request is

NAI-1509219071

vague in that it seeks a response based on "all material times set forth in the Complaint," without identifying those material times and Plaintiffs failed to identify a relevant time period in their Requests. The SSG Defendants further object to this Request to the extent it seeks information regarding VTC's "awareness" that Anandhan Jayaraman, a separate Defendant in this case, "resided in Pittsburgh, Pennsylvania," since awareness of another party's affiliation with Pennsylvania is irrelevant to the issue of Pennsylvania's jurisdiction over VTC. *Walden v. Fiore*, 571 U.S. 277, 283–84, 285 (2014). The SSG Defendants further object to this Request to the extent it seeks information unrelated to the allegations in the Complaint.

Subject to the above objections, the relevant SSG Defendants deny Request for Admission No. 6.

## REQUEST FOR ADMISSION NO. 7:

Admit that VTC contacted PISL, Ms. Vuppalapati, and Mr. Jayaraman in Pittsburgh, Pennsylvania to have actions undertaken in Pittsburgh, Pennsylvania to have the Bond funds transferred from PSI as set forth in the Complaint ¶¶ 97-147 [Doc. No. 1] and Plaintiffs' RICO Case Statement [Doc. No. 5].

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

The SSG Defendants object to Request for Admission No. 7 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. The SSG Defendants further object that the Request is vague and ambiguous, as it is unclear whether it is seeking an admission that VTC contacted PISL, Vuppalapati, and Jayaraman or that VTC knew PISL, Vuppalapati, and Jayaraman were in Pittsburgh Pennsylvania. Furthermore, the SSG Defendants object to this Request as irrelevant since whether Defendants PISL, Jayaraman, and Vuppalapati were in Pittsburgh, Pennsylvania at any point in time does not relate to the whether VTC purposefully availed itself of Pennsylvania's jurisdiction. PISL, Jayaraman, and Vuppalapati are not SSG

28

Defendants, and PISL, Jayaraman, and Vuppalapati's contacts with Pennsylvania have no relevance to whether Pennsylvania has personal jurisdiction over VTC. *See Walden v. Fiore*, 571 U.S. 277, 283–84, 285 (2014). PISL's alleged affiliations with Pennsylvania cannot be used to establish personal jurisdiction over VTC.

Subject to the foregoing objections, the relevant SSG Defendants deny Request for Admission No. 7.

## REQUEST FOR ADMISSION NO. 8:

Admit that VTC contacted PISL in Pittsburgh, Pennsylvania to enter into the agreement to purportedly restructure the Bonds referenced in the Complaint ¶111.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

The SSG Defendants object to Request for Admission No. 8 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. The SSG Defendants further object that the Request is vague and ambiguous, as it is unclear whether Plaintiffs are seeking an admission that "VTC contacted PISL … to restructure the bonds" or that VTC knew PISL was "in Pittsburgh, Pennsylvania." Furthermore, the SSG Defendants object to this Request as irrelevant since whether Defendant PISL was in Pittsburgh, Pennsylvania at any point in time does not relate to whether VTC purposefully availed itself of Pennsylvania's jurisdiction. PISL is not an SSG Defendant, and whether PISL was in Pennsylvania has no relevance to whether Pennsylvania has personal jurisdiction over VTC. PISL's alleged affiliations with Pennsylvania cannot be used to establish personal jurisdiction over VTC. *Walden v. Fiore*, 571 U.S. 277, 283–84, 285 (2014).

Subject to the above objections, the relevant SSG Defendants deny Request for Admission No. 8.

29

**REQUEST FOR ADMISSION NO. 9:**

Admit that VTC contacted PISL in Pittsburgh, Pennsylvania to enter into an addendum to the purported restructuring agreement regarding the Bonds referenced in the Complaint ¶112.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

The SSG Defendants object to Request for Admission No. 9 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. The SSG Defendants further object that the Request is vague and ambiguous, as it is unclear whether Plaintiffs are seeking an admission that VTC contacted PISL to enter into an addendum to the purported restructuring agreement or that PISL was in Pittsburgh Pennsylvania when this allegedly occurred. Furthermore, the SSG Defendants object to this Request as irrelevant since whether Defendant PISL was in Pittsburgh, Pennsylvania at any point in time does not relate to whether VTC purposefully availed itself of Pennsylvania's jurisdiction. PISL is not SSG Defendant, and PISL's alleged affiliations with Pennsylvania cannot be used to establish personal jurisdiction over VTC. *Walden v. Fiore*, 571 U.S. 277, 283–84, 285 (2014).

Subject to the above objections, the relevant SSG Defendants deny Request for Admission No. 9.

**REQUEST FOR ADMISSION NO. 10:**

Admit that VTC contacted PISL in Pittsburgh, Pennsylvania to enter into an addendum to the purported restructuring agreement regarding the Bonds referenced in the Complaint ¶135.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

The SSG Defendants object to Request for Admission No. 10 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. The SSG Defendants further object that the Request is vague and ambiguous as it is unclear whether Plaintiffs are seeking an

admission that VTC contacted PISL to enter into an addendum to the purported restructuring agreement or that PISL was in Pittsburgh Pennsylvania when this allegedly occurred. Furthermore, the SSG Defendants object to this Request since whether Defendant PISL was in Pittsburgh, Pennsylvania at any point in time does not relate to whether VTC purposefully availed itself of Pennsylvania's jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283–84, 285 (2014). PISL's alleged affiliations with Pennsylvania cannot be used to establish personal jurisdiction over VTC, since whether PISL was in Pennsylvania has no relevance to whether Pennsylvania has personal jurisdiction over VTC unless VTC purposefully availed itself of this jurisdiction.

Subject to the above objections, the relevant SSG Defendants deny Request for Admission No. 10.

## REQUEST FOR ADMISSION NO. 11:

Admit that VTC transferred and apportioned $18,900,000 as set forth in the Complaint ¶141 by contacting and coordinating with PISL, Ms. Vuppalapati, and Mr. Jayaraman in Pittsburgh, Pennsylvania to have actions undertaken in Pittsburgh, Pennsylvania to have the funds transferred and apportioned.

## RESPONSE TO REQUEST FOR ADMISSION NO. 11:

The SSG Defendants object to Request for Admission No. 11 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. The SSG Defendants further object that the Request is vague and ambiguous as it is unclear whether Plaintiffs are seeking an admission that (1) "VTC transferred and apportioned $18,900,000 as set forth in the Complaint" and "contact[ed] and coordinat[ed] with PISL, Ms. Vuppalapati, and Mr. Jayaraman … to have actions undertaken" or (2) that PISL, Vuppalapati, and Jayaraman were "in Pittsburgh, Pennsylvania" when this allegedly occurred. Furthermore, the SSG Defendants object to this Request as irrelevant since whether Defendants PISL, Jayaraman, and Vuppalapati were in

31

Pittsburgh, Pennsylvania at any point in time does not relate to whether VTC purposefully availed itself of Pennsylvania's jurisdiction. The alleged affiliations with Pennsylvania of PISL, Ms. Vuppalapti, and Mr. Jayaraman cannot be used to establish personal jurisdiction over VTC.

Subject to the above objections, the relevant SSG Defendants deny Request for Admission No. 11.

NAI-1509219071

# RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

In the event any Defendant fails to produce any documentation requested above, each Defendant shall <u>separately</u> set forth <u>all</u> legal and factual bases for his/her/its failure to produce the requested documentation.

## RESPONSE TO INTERROGATORY NO. 1:

The SSG Defendants object in whole to Interrogatory No. 1 as wholly duplicative of the responses that the SSG Defendants have provided above in response to the Requests for Production. In response to each of the above Requests for Production, the SSG Defendants have set forth detailed, particular objections, and the individual SSG Defendants have responded to each of the above Requests.

## INTERROGATORY NO. 2:

As to Defendant VTC only, if any response to a Request for Admission is anything other than an unqualified admission, please state in detail the legal and factual bases for the response of each such Request for Admission and produce all documents in your possession, custody and control related to the same.

## RESPONSE TO INTERROGATORY NO. 2:

The SSG Defendants object to Interrogatory No. 2 in that it seeks an admission from VTC, which is a defunct entity and therefore unable to respond. Notwithstanding this objection, the relevant SSG Defendants respond as follows. None of the SSG Defendants, including VTC, visited the United States related to any allegations in the Complaint or in connection with any of the parties in this action during the material times alleged in the Complaint. To the extent VTC had business contacts with other Defendants in this action during the material times alleged in the Complaint, those contacts did not take place in the United States. Furthermore, VTC was not

33

aware that any of the other parties in this action—including Madhavi Vuppalapati, Anandhan Jayaraman, Prithvi Information Solutions Limited, and Prithvi Solutions Inc.—were based in or resided in Pennsylvania. The SSG Defendants further note that Kyko's own previous filings in other litigation assert that "PISL India informally operated its United States corporate headquarters, from Bellevue, Washington," not Pittsburgh, Pennsylvania, and that "Ms. Vuppalapati … maintained her office at this US headquarters of PISL India in Bellevue, Washington." *See* ECF No. 43-1 ¶¶ 5 and 7. Because of the lack of contacts between the SSG Defendants and the United States related to the allegations in Plaintiffs' Complaint, the SSG Defendants have denied Requests for Admission Nos. 3 – 11.

Dated:  October 9, 2019

/s/  Michael H. Ginsberg
Michael H. Ginsberg (Pa. Bar #43582)
John D. Goetz (Pa. Bar #47759)
Douglas Baker (Pa. Bar #318634)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:  (412) 394-7959
Email: mhginsberg@jonesday.com
Email: jdgoetz@jonesday.com
Email: ddbaker@jonesday.com

**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis**

NAI-1509219071

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing SSG Defendants'
Responses and Objections to Plaintiffs' First Set of Jurisdictional Discovery Requests Directed to
Value Team Corporation, SSG Capital Partners I, LP, SSG Capital Management (Hong Kong)
Limited, Shyam Maheswhari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong
Ching Him a/k/a Edwin Wong, and Andreas Vourloumis Pursuant to Fed. R. Civ. P. 33, 34, 36 was
served upon the following counsel of record via electronic mail on October 9, 2019:

Jayson M. Macyda (generalcounsel@kykoglobal.com)
Joseph F. Rodkey, Jr. (jrodkey@fowkesrodkey.com)

/s/ Michael H. Ginsberg

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KYKO GLOBAL, INC., a Canadian
corporation, KYKO GLOBAL GmbH, a
Bahamian corporation, PRITHVI
SOLUTIONS, INC., a Delaware Corporation

Plaintiffs,

v.

PRITHVI INFORMATION SOLUTIONS,
LTD, an Indian corporation, VALUE TEAM
CORPORATION, a British Virgin Islands
corporation, SSG CAPITAL PARTNERS I,
L.P., a Cayman Islands Limited Partnership,
SSG CAPITAL MANAGEMENT (HONG
KONG) LIMITED, a private Hong Kong
company, MADHAVI VUPPALAPATI, an
individual, ANANDHAN JAYARAMAN, an
Individual, SHYAM MAHESHWARI, an
individual, IRA SYAVITRI NOOR A/K/A
IRA NOOR VOURLOUMIS, an individual,
DINESH GOEL, an individual, WONG
CHING HIM a/k/a Edwin Wong, an
individual, ANDREAS VOURLOUMIS, an
individual, PRITHVI ASIA SOLUTIONS
LIMITED, a Hong Kong company

Defendants.

Case No. 2:18-cv-1290-WSS

## VERIFICATION

I, Peter Cairns, state that I am authorized to make this verification on behalf of SSG

Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, and the inactive,

defunct entity Value Team Corporation, and I make this verification for that reason.

I have read the foregoing answer to Interrogatory No. 2 in the SSG Defendants'

Responses and Objections to Plaintiffs' First Set of Jurisdictional Discovery Requests Directed

to Value Team Corporation, SSG Capital Partners I, LP, SSG Capital Management (Hong Kong)

Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong

Ching Him a/k/a Edwin Wong, and Andreas Vourloumis Pursuant to Fed. R. Civ. P. 33, 34, 36.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, understanding, and belief based upon my review of the corporate records of SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, and Value Team Corporation, the foregoing answer to Interrogatory No. 2 is true and correct.


Executed on October 9, 2019, at Messrs Hastings & Co. of 5/F, Gloucester Tower, The Landmark, No.15 Queen's Road Central, Hong Kong,

_____
Peter Cairns
Chief Operating Officer
SSG Capital Management (Hong Kong)
Limited


Before me,

LI YI LUT
SOLICITOR
HONG KONG SAR
HASTINGS & CO,