IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation<br><br>                  Plaintiffs,<br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation,  SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company<br><br>                  Defendants. | Case No. 2:18-cv-1290-WSS<br>**[Oral Argument Requested]** |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV.P. 37(b)(2)(A)(i), OR IN THE ALTERNATIVE, MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES PURSUANT TO FED. R. CIV. P. 37(a)(3)(B)**

NOW COME Plaintiffs Kyko Global Inc., Kyko Global GmbH, and Prithvi Solutions Inc. ("Plaintiffs") submitting the following Brief in Support of Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), Or in the Alternative, Motion to Compel Production of Documents and Interrogatory Responses Pursuant to Fed. R. Civ. P. 37(a)(3)(B):

1

**STATEMENT OF FACTS**

Plaintiffs incorporate the facts set forth in their Motion.

**ARGUMENT**

### I. This Court Should Enter an Order That States Defendants Have Submitted to Personal Jurisdiction.

Fed. R. Civ. P. 37(b)(2)(A)(i) states:

(b) Failure to Comply with a Court Order.
...
 (2) *Sanctions Sought in the District Where the Action Is Pending.*
(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
**(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims**
(emphasis added)

In Compagnie Des Bauxites De Guinea v. Insurance Co. of North America, 651 F.2d 877 (3rd Cir. 1981), the Third Circuit affirmed the district court's sanction under Fed. R. Civ. P. 37(b)(2)(A)[1] that certain defendants in that case submitted to personal jurisdiction in the Western District of Pennsylvania due to their willful failure to abide by the district court's jurisdictional discovery orders. The court determined that the sanction was appropriate because, "[defendants] negligently or deliberately flouted the district court's order compelling discovery." Id. at 886. The court also determined that the sanction did not violate the due process clause of the Constitution because "the sanction was carefully tailored to fit the situation; only the facts necessary to establish the minimum contacts needed to justify personal jurisdiction in this action were taken as established pursuant to the sanction." Id. at 886.

In Insurance Corp. of Ireland LTD v. Compagnie des Bauxites de Guinee, 456 U.S. 694 (1982), the U.S. Supreme Court affirmed. In doing so, the Court, relying upon Hammond

---

[1] This version of the rule is essentially identical to the current form of Fed. R. Civ. P. 37(b)(2)(A)(i).

2

Packing Co. v. Arkansas, 212 U.S. 322, 350-351 (1909), stated that inherent in Fed. R. Civ. P. 37(b)(2)(A) exists "the undoubted right of the lawmaking power to create a presumption of fact as to the bad faith and untruth of an answer begotten from the suppression or failure to produce the proof ordered ...[T]he preservation of due process was secured by the presumption that the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense." Id. at 705.

> The Court also stated:
>
> Having put the issue in question, petitioners did not have the option of blocking the reasonable attempt of CBG to meet its burden of proof. It surely did not have this option once the court had overruled petitioners' objections. Because of petitioners' failure to comply with the discovery orders, CBG was unable to establish the full extent of the contacts between petitioners and Pennsylvania, the critical issue in proving personal jurisdiction. Petitioners' failure to supply the requested information as to its contacts with Pennsylvania supports "the presumption that the refusal to produce evidence ... was but an admission of the want of merit in the asserted defense." *Hammond Packing*, 212 U.S., at 351, 29 S.Ct., at 380. The sanction took as established the facts—contacts **2108** with Pennsylvania—that CBG was seeking to establish through discovery. That a particular legal consequence—personal jurisdiction of the court over the defendants—follows from this, does not in any way affect the appropriateness of the sanction.
> Id. at 709.

Here, Defendants specifically requested this Court to review Plaintiffs' written discovery requests as part of the September 25, 2019, discovery status conference. After undertaking the requested review, this Court unequivocally ruled that Defendants were required to answer them "as propounded" and to provide "complete" responses.

Instead of doing so, Defendants engaged in conduct directly contrary to the Court's order in an effort to try to hide and withhold jurisdictional information from Plaintiffs and to otherwise inhibit them from properly preparing to conduct the depositions prior to the November 1, 2019, discovery cutoff date: (i) Defendants withheld documents and tried to force Plaintiffs to sign a legally impermissible protective order; (ii) Defendants provided "responses" to Plaintiffs' discovery requests that willfully violate this Court's Order that requires "complete" responses as the discovery requests are "propounded" and Defendants' "responses" are incomplete, evasive,

and strategically designed to withhold jurisdictional information from Plaintiffs. Accordingly, consistent with the rationale for imposing sanctions set forth in the clear precedent of the Compagnie cases, this Court should enter an Order that states Defendants have submitted to personal jurisdiction in this case.

Defendants should not be provided with an opportunity for a "do-over."  In Update Art Inc. v. Modin Publishing LTD, 843 F.2d 67 (2nd Cir. 1988) the court stated: "[t]he essential question presented by this appeal is whether this United States Court intends strictly to enforce sanctions provided for noncompliance with discovery orders. The opinion that follows is a stern warning that we do." In affirming the trial court's sanction order regarding the failure to provide discovery, the court stated:

> Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639 (1976) (per curiam); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2 Cir.1979)
> Id. at 71.

Here, Defendants should not be provided with an opportunity to now comply with this Court's Order because they were required to do so at the outset.  To do so, this Court would reward Defendants for their recalcitrant conduct by permitting them the opportunity to try to get away with non-compliance, and then only insist upon compliance after Plaintiffs file a Motion to enforce this Court's Order.

For the reasons set forth above, Plaintiffs request this Court to enter an Order that states Defendants have submitted to personal jurisdiction in this case.

**II. Alternatively, This Court Should Enter Another Order That Requires Defendants to Comply With This Court's Original Order to Have Defendants Provide Plaintiffs With Complete Discovery Responses.**

Fed. R. Civ. P. 37(a)(3)(B) states in pertinent part:

4

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> ...
> **(iii)** a party fails to answer an interrogatory submitted under Rule 33; or
> **(iv)** a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Defendants' "responses" to Plaintiffs' written discovery requests violate this Court' Order that requires "complete" responses to the discovery as it is "propounded," as well as Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34.

The responses are generally deficient because: (i) VTC fails to provide any responses whatsoever, (ii) Defendants object to producing documents that show their contacts outside of Pennsylvania, (iii) Defendants ignore the written language in Plaintiffs' discovery requests and state that they will only produce documents "related to the allegations in the Complaint," which they unilaterally decide to produce behind-the-scenes. See <u>Sanchez v. U.S. Airways, Inc.</u>, 202 F.R.D. 131, 135 (E.D. Pa. 2001)("It is not for a party to determine, by a unilateral review of documentation, whether information is relevant to the case.").

The responses are also specifically deficient for the multitude of reasons set forth in Plaintiffs' Motion Pgs. 7-10. As discussed therein, and when coupled with the general deficiencies discussed above, Defendants intentionally run afoul of this Court's Order and the response requirements set forth in Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34 leaving Plaintiffs with a factually and legally meaningless response. Accordingly, in the alternative, Plaintiffs request this Court to enter another Order that requires Defendants to comply with this Court's original Order to provide Plaintiffs with complete discovery responses as they are propounded and in compliance with Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34.[2]

## CONCLUSION

---

[2] This requested relief shall not be construed as a withdrawal of Plaintiffs' Motion to have the Requests for Admissions Deemed Admitted Against VTC [Doc 76].

Plaintiffs request this Court to enter an Order that states that Defendants have submitted to personal jurisdiction pursuant to Fed. R. Civ. P. 37(b)(2)(A)(i), or in the alternative, enter an Order that requires Defendants to comply with this Court's original Order and have Defendants provide Plaintiffs with complete and proper responses to their written discovery requests as they are propounded pursuant to Fed. R. Civ. P. 37(a)(3)(B). Plaintiffs also request that this Court award them attorney fees and costs pursuant to Fed. R. Civ. P. 37(b)(2)(C) or Fed. R. Civ. P. 37(a)(5).

Respectfully submitted,

*/s/ Joseph F. Rodkey, Jr.*
Pa. I.D. No. 66757

FOWKES ♦ RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont, PA 15139

(412) 828-2802 (Phone)
(412) 828-2588 (Fax)
jrodkey@fowkesrodkey.com

Jayson M. Macyda
Jayson M. Macyda (admitted *pro hac vice*)
Kyko Global, Inc.
P.O. Box 87491
Canton, MI 48187
(248) 243-6685
generalcounsel@kykoglobal.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF Notification System on this 21st day of October, 2019 upon the following:

Michael H. Ginsberg
mhginsberg@jonesday.com
John D. Goetz
jdgoetz@jonesday.com
Douglas Baker
ddbaker@jonesday.com

>JONES DAY
>500 Grant Street, Suite 4500
>Pittsburgh, PA  15219-2514
>
>**Counsel for Defendants:**
>
>**SSG Capital Partners I, L.P.**
>**SSG Capital Management (Hong Kong) Limited**
>**Shyam Maheshwari**
>**Ira Syavitri Noor a/k/a Ira Noor Vourloumis**
>**Dinesh Goel**
>**Wong Ching Him a/k/a Edwin Wong**
>**Andreas Vourloumis**
>**Value Team Corporation**

The undersigned certifies that a true and correct copy of the foregoing document was served via U.S. Mail for posting on the 21st day of October, 2019 upon the following:

>Prithvi Information Solutions, LTD.
>Prithvi Asia Solutions Limited
>214 S. Craig Street
>Suite 5
>Pittsburgh, PA 15213

The undersigned certifies that a true and correct copy of the foregoing document was served via Email on the 21st day of October, 2019 upon Madhavi Vuppalapati and Anandhan Jayaraman by sending an email to:

>Madhavi@prithvisolutions.com
>Vuppalapatim@gmail.com
>Satish@prithvisolutions.com
>Vuppalapatis@gmail.com
>ajayaraman@gmail.com

>*/s/ Joseph F. Rodkey, Jr.*