IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYKO GLOBAL, INC.**, a Canadian corporation, **KYKO GLOBAL GmbH**, a Bahamian corporation, **PRITHVI SOLUTIONS, INC.**, a Delaware Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>**PRITHVI INFORMATION SOLUTIONS, LTD**, an Indian corporation, **VALUE TEAM CORPORATION**, a British Virgin Islands corporation, **SSG CAPITAL PARTNERS I, L.P.**, a Cayman Islands Limited Partnership, **SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED**, a private Hong Kong company, **MADHAVI VUPPALAPATI**, an individual, **ANANDHAN JAYARAMAN**, an Individual, **SHYAM MAHESHWARI**, an individual, **IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS**, an individual, **DINESH GOEL**, an individual, **WONG CHING HIM a/k/a Edwin Wong**, an individual, **ANDREAS VOURLOUMIS**, an individual, **PRITHVI ASIA SOLUTIONS LIMITED**, a Hong Kong company,<br><br>*Defendants*. | **Civil Action No. 2:18-cv-01290-PJP**<br><br>*Electronically Filed* |

**SSG DEFENDANTS' RESPONSE TO MOTION TO HAVE REQUESTS FOR ADMISSION DEEMED ADMITTED AGAINST DEFENDANT VALUE TEAM CORPORATION ("VTC") PURSUANT TO FED. R. CIV. P. 36**

SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Edwin Wong, Andreas Vourloumis, Shyam Maheshwari, Dinesh Goel, Ira Syavitri Noor, and Value Team Corporation (collectively, the "SSG Defendants") respectfully request that the Court deny Plaintiffs' Motion to have Requests for Admission Deemed Admitted Against Defendant Value Team Corporation ("VTC") Pursuant to Fed. R. Civ. P. 36. The SSG Defendants have made

clear in several filings that VTC is a defunct British Virgin Islands corporation and has been since 2016.  ECF No. 64 ¶ 2 ("VTC has been an inactive and defunct entity since 2016.");  ECF No. 72 (same).  Plaintiffs have nevertheless tried to manufacture a controversy surrounding VTC's participation in this case.  This is Plaintiffs' latest attempt to leverage an extension of the Court's November 1 deadline for jurisdictional discovery, which the Court should deny for the following reasons.

*First*, the SSG Defendants satisfied their discovery obligations.  The SSG Defendants provided timely responses to all Plaintiffs' discovery requests, including the Requests for Admission.  Indeed, the beginning of the SSG Defendants' responses defines the SSG Defendants to include "Value Team Corporation."  ECF No. 76-1, at 2–3.  The SSG Defendants then objected to Plaintiffs' directing discovery to VTC on the basis that VTC is a defunct entity.[1]  VTC's objection to each Request for Admission that it "is a defunct entity and therefore unable to respond" was appropriate under Rule 36—no further response was required.  Fed. R. Civ. P. 36 (a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer *or objection addressed to the matter* and signed by the party or its attorney." (emphasis added)).  The only requirement related to objections is that "[t]he grounds for objecting to a request must be stated." Fed. R. Civ. P. 36 (a)(5).

---

[1] Directing Requests for Admission to VTC was improper in the first instance.  There is a question whether VTC has the capacity to be sued under the Federal Rules, since it is defunct under the laws of the British Virgin Islands.  *See* Fed. R. Civ. P. 17(b)(2) ("Capacity to sue or be sued is determined as follows: …for a corporation, by the law under which it was organized.").  Furthermore, Plaintiffs have not established that VTC was properly served in accordance with the Federal Rules and the Hague Convention.  It is well-established that a plaintiff bears the burden of demonstrating proper service.  *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

Nevertheless, in the interest of expeditiously resolving jurisdictional discovery, the SSG Defendants went beyond their obligations under the Rules. The SSG Defendants, some of whom are former principals of VTC, timely admitted or denied each Request for Admission presented by Plaintiffs on behalf of the defunct VTC. ECF No. 76-1, at 25–33.

*Second*, Plaintiffs' own filings undermine their Motion here. Since the outset of this case, Plaintiffs have asserted that VTC is controlled by other SSG Defendants. The Complaint alleges that "SSG Hong Kong and VTC share a common management team." ECF No. 1, ¶ 19. The Complaint also asserts that four of the individual SSG Defendants are Directors and/or Shareholders of VTC. *Id.* ¶¶ 22, 26, 30, 32. In subsequent filings, Plaintiffs have asserted that "VTC is controlled and operated by Defendants Shyam Maheshwari, Ira Noor Vourloumis, Andreas Vourloumis … and Edwin Wong, all of whom comprise part of the SSG Defendants." ECF No. 48, ¶ 23; *see also* ECF 53, ¶ 16 n.3.

Plaintiffs cannot now credibly contend that answers provided by the SSG Defendants are somehow not effective as to VTC. The discovery rules under the Federal Rules of Civil Procedure acknowledge that information from a corporate officer binds the corporation. Under Rule 33, interrogatories must be answered "by any officer or agent" if a party "is a public or private corporation, a partnership, an association, or a governmental agency." Fed. R. Civ. P. 33(b)(1)(B).[2] And admissions made by a corporate representative in a deposition are binding on the corporation. *Ierardi v. Lorillard, Inc.*, No. 90-7049, 1991 WL 158911, at *2 (E.D. Pa. Aug.

---

[2] This Rule has been applied to other discovery rules that do not have the same explicit provision. *See, e.g., Morgan v. CSW Inc.*, No. 16-1283, 2017 WL 3028128, at *1 (E.D. Wis. May 12, 2017) ("The rule governing interrogatories provides that if a party is a public or private corporation, the interrogatories 'must be answered ... by any officer or agent who must furnish the information available to the party.' Fed. R. Civ. P. 33(b)(1)(B). Rule 34 governing requests to produce documents and other evidence does not have the same language, but there is no reason why the officer or agent of the corporation should not be required to provide a response to discovery sought under that Rule as well.").

13, 1991) ("Admissions made by [a Rule 30(b)(6)] deponent will be binding on his principal."). Similarly, a court may order a corporation to produce documents from another corporation under its control. *Uniden Am. Corp. v. Ericsson Inc.*, 181 F.R.D. 302, 305, 1998 WL 467041 (M.D.N.C. 1998) ("In ruling on Rule 34 motions to compel a corporation to produce documents from another corporation, the courts have defined 'control' to include both the legal right to control the company and the actual ability."). Plaintiffs have contended that VTC had the same management team as another corporate SSG Defendant, that four of the individual SSG Defendants were directors or shareholders of VTC, and that individual SSG Defendants "control and operate" VTC.

*Third*, Plaintiffs cited no case law for the novel theory expressed in their latest motion. Instead, Plaintiffs' cases stand for the unexceptional proposition that requests for admission, if unanswered, may be deemed admitted pursuant to Rule 36. *See, e.g., Shelton v. Fast Advance Funding, LLC*, 378 F. Supp. 3d 356, 358, 2019 WL 2022265 (E.D. Pa. 2019) (explaining that defendant failed to respond to requests for admission at all, did not "participate[] in discovery in any way" and was "disengaged"). That decidedly is not the case here. Plaintiffs received answers and objections to all 11 of their Requests for Admission within the 30 days contemplated by Rule 36. ECF No. 76-1, at 25–33.

In conclusion, Plaintiffs have offered no basis for deeming the Requests for Admission admitted against VTC. The Court should deny Plaintiffs' latest motion and permit depositions to proceed on October 28-30, 2019, as the SSG Defendants have offered repeatedly, so that jurisdictional discovery can conclude by the November 1, 2019 deadline.

NAI-1509534936

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  October 21, 2019 | /s/  John D. Goetz<br>Michael H. Ginsberg (Pa. Bar #43582)<br>John D. Goetz (Pa. Bar #47759)<br>Douglas Baker (Pa. Bar #318634)<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA  15219-2514<br>Telephone:  (412) 391-3939<br>Facsimile:  (412) 394-7959<br>Email: mhginsberg@jonesday.com<br>Email: jdgoetz@jonesday.com<br>Email: ddbaker@jonesday.com<br><br>**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, Andreas Vourloumis, and Value Team Corporation** |