**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation,  SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company<br><br>　　　　　　　　Defendants. | Case No. 2:18-cv-1290-WSS<br><br>**[Oral Argument Requested]** |

**PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION FOR VALUE TEAM
CORPORATION TO JOIN SSG DEFENDANTS' MOTION TO DISMISS PURSUANT
TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(2), AND 12(b)(6)**

NOW COME Plaintiffs Kyko Global Inc., Kyko Global GmbH, and Prithvi Solutions Inc. ("Plaintiffs") and state the following as their Brief in Opposition to Motion for Value Team Corporation ("VTC") to Join SSG Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6)("Motion to Dismiss"):

## STATEMENT OF FACTS

*VTC Was Served With The Summons And Complaint on January 14, 2019*

On September 26, 2018, Plaintiffs filed their Complaint against Defendants. [Doc. No. 1]. VTC is a British Virgin Islands Corporation. The United States and the British Virgin Islands are parties to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters ("Hague Convention").[1] On January 14, 2019, VTC's resident agent was served with the Summons and Complaint and related documents as set forth in the Hague Convention and the British Virgin Islands' Registry of the Supreme Court provided an Attestation of Service. [Doc. No. 48-3].[2]

*The Jones Day Law Firm Received a Copy of the Complaint on February 8, 2019*

On February 5, 2019, Judge Phipps conducted a status conference. [Doc. No. 34]. The Jones Day law firm failed to enter a Notice of Appearance on VTC's behalf at the status conference. And even though the SSG Defendants[3] obtained Plaintiffs' Complaint and filed their

---

[1] https://www.hcch.net/en/instruments/conventions/status-table/extensions/?cid=17&mid=427; https://www.hcch.net/en/instruments/conventions/status-table/?cid=17

[2] Fed. R. Civ. P. 4(h)(2) and Fed. R. Civ. P. 4(f)(1) authorize service under the Hague Convention.

[3] The SSG Defendants are composed of: SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis. As set forth in Kiran Kulkarni's Declaration [Doc. No. 40-1], VTC and the SSG Defendants are operated by the same individuals.

Motion to Dismiss on January 15, 2019, [Doc. Nos. 25, 26], the SSG Defendants nevertheless requested Plaintiffs to provide them with a copy of the of the Complaint on February 8, 2019. **(Exhibit A).**

*The Motion to Dismiss Briefing Schedule Concluded on March 12, 2019*

The SSG Defendants' Motion to Dismiss has been filed *solely* on behalf of the SSG Defendants and the claims pled against them.[4] At the February 5, 2009, status conference, Judge Phipps set March 12, 2019, as the briefing schedule conclusion date. [Doc. No. 35].

*VTC Directed Its Resident Agent to No Longer Accept Plaintiffs' Filings in July 2019*

On July 5, 2019, Plaintiffs sent VTC's resident agent various filings in this case. **(Exhibit B)**.  Similarly, on July 19, 2019, Plaintiffs sent VTC's resident agent additional filings.  **(Exhibit C)**.  After originally accepting service of Plaintiffs' Summons and Complaint and other filings, VTC's resident agent returned these, and other submissions in this case, to Plaintiffs and indicated that VTC was "struck off" BVI's Registry of Corporate Affairs on November 1, 2016. **(Exhibit E)**.  *However, VTC's resident agent <u>did not</u> return Plaintiffs' Summons and Complaint*.

*This Court Denied Prithvi Solutions Inc.'s Motion to Obtain Default and Default Judgment Against VTC Without Prejudice on September 5, 2019*

The SSG Defendants opposed, on VTC's behalf, entry of Default against VTC as well as Plaintiff Prithvi Solutions Inc.'s ("PSI") Motion to Obtain Default and Default Judgment *solely*

---

[4] By way of example, but not limitation, in the Motion to Dismiss, the SSG Defendants allege that they are entitled to dismissal because: "***First***, this Court lacks personal jurisdiction over the **SSG Defendants**. ***Second***, Plaintiffs failed to plead sufficient facts in support of the elements of their civil RICO claim, which should therefore be dismissed. ***Third***, the doctrine of *forum non conveniens* also supports dismissal." (bold emphasis included). The SSG Defendants then stated: "For any of these independent reasons, the **SSG Defendants** request that this Court dismiss **<u>them</u>** from this action." (bold underline emphasis added).  [Doc. No. 25].

against VTC based on the claims pled *solely* against VTC.[5]  [Doc. Nos. 46 - 52].  This Court denied PSI's Motion as premature opining that Judge Phipps desired to postpone entering default or default judgment in the event discovery yielded facts that could possibly make entry of default/default judgment inappropriate. [Doc. No. 62]. However, this Court stated: "This Denial is without prejudice to Plaintiffs' right to seek judgment by default at a later stage in this case." [Doc. No. 62].

*VTC Refused to Participate in Jurisdictional Discovery on October 9, 2019*

On October 9, 2019, VTC refused to provide answers to Plaintiffs' written discovery claiming that it is "defunct" and lacks knowledge of this case. [Doc. No. 83-3]. However, as evidence by this Motion, VTC is very much "alive" and has knowledge of this case: VTC claims that the "bases" for dismissal regarding the SSG Defendants apply equally to VTC. [Doc. No. 72, ¶4]. Thus, VTC has taken the position that it can request dismissal based upon alleged lack of personal jurisdiction, but does not have to participate in the jurisdictional discovery process.[6]

## ARGUMENT

**A.   *The SSG Defendants And VTC Have Employed a Scheme to Try to Avoid Entry of Default and Default Judgment Against VTC***

---

[5] Prior to filing this Motion, Plaintiffs sent correspondence to VTC and Jones Day advising them to have VTC appear and defend on June 5, 2019.  [Doc. No. 48-4].  This correspondence was ignored.

[6] Doc. No. 76 describes the "undead" nature of VTC and is incorporated herein.  Moreover, after filing this Motion to obtain relief from this Court and in response to Doc. No. 76, VTC attempts to "question" its ability to sue or be sued under Fed. R. Civ. P. 17(b)(2) to try to justify its failure to participate in jurisdictional discovery. [Doc. No. 87, Pg.2, n.1].  This yet another example of VTC "wanting to have its cake and eat it too."  According to VTC, it can seek substantive relief from this Court to obtain a dismissal order, but it may be immune from being sued in this Court and otherwise does not have to participate in the Court-ordered jurisdictional discovery process.  Suffice it to say, VTC has waived any capacity issue to the extent any exists.  Nevertheless, having been struck-off the Registry in no way affects VTC's capacity to be sued or have judgment entered against it.  The BVI Companies Act of 2004 provides that "[t]he fact that a company is struck off the Register does not prevent (a) the company from incurring liabilities, or (b) any creditor from making a claim against the company and pursuing the claim through to judgment or execution and does not affect the liability of any of its members, directors, officers or agents. BVI Companies Act,  Sec. 215(3) **(Exhibit D)**. VTC remains capable of being sued for at least 7 years after it was allegedly "struck off" in 2016. Id. (BVI Companies Act, Sec. 216).

Since the outset of this case, the SSG Defendants and VTC have colluded to employ a scheme to try to avoid having VTC defend on the merits.[7] Here, VTC pretends that it was not served with the Complaint, and that because it was not allegedly served, it now seeks to join in the SSG Defendants' Motion to Dismiss. [Doc. No. 72, ¶ 3-4].[8] VTC's Motion is designed to try to preclude PSI from filing a Motion to Obtain Default and Default Judgment at a later date and otherwise fails as set forth below:

First, VTC has waived the right to contest insufficient service of process under Fed. R. Civ. P. 12(b)(5).

Second, VTC's Motion is legally deficient because the assertions of non-service are not supported by affidavits or declarations, only attorney argument contained in briefs and court filings.

Third, Plaintiffs have produced evidence demonstrating that VTC was served via the Hague Convention on January 14, 2019; that the Jones Day law firm (VTC's attorneys in this case) received a copy of Plaintiffs' Complaint on February 8, 2019; that VTC's resident agent delivered the Summons and Complaint to VTC; that VTC instructed its resident agent to no longer accept Plaintiffs' filings after the resident agent accepted Plaintiffs' Summons and Complaint; and that VTC has otherwise been aware of this case since the outset and made a strategic decision - which it now regrets - to not appear after it was served and file its own Motion to Dismiss during Judge Phipps' briefing schedule.

---

[7] This scheme is generally described in Doc. No. 76.

[8] Similarly, Jones Day's Notice of Appearance on behalf of VTC claims that VTC has not been served with the Complaint. [Doc. No. 64, ¶ 5].

Fourth, VTC has failed to participate in the jurisdictional discovery process. Therefore, it would be inequitable to permit VTC to try to obtain a dismissal based on lack of personal jurisdiction when it refuses to participate in the jurisdictional discovery process.

Fifth, the SSG Defendants' Motion to Dismiss does not address the claims pled *solely* against VTC. Therefore, these claims remain in the case even if this Court permits (which it should not) VTC to join in the SSG Defendants' Motion to Dismiss and even if this Court subsequently grants same.

### 1. *VTC Has Waived Its Right to Argue Insufficient Service of Process Under Fed. R. Civ. P. 12(b)(5)*

Fed. R. Civ. P. 12(b)(5) addresses the defense of insufficient service of process. VTC's attorneys claim that, notwithstanding service was perfected under the Hague Convention on January 14, 2019, and the Jones Day law firm's receipt of Plaintiffs' Complaint on February 8, 2019, VTC has not been served in this case.

The SSG Defendants' Motion to Dismiss is based on Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(6). Even though the Motion to Dismiss is not based on Fed. R. Civ. P. 12(b)(5), VTC nevertheless seeks to join same. Therefore, VTC's insufficient service of process argument is waived because the Motion to Dismiss is not based on Fed. R. Civ. P. 12(b)(5). See Slimm v. Bank of America Corp., 2014 WL 1301508, Case No. 12-5846, at *3, n. 2 (D. N.J. March 31, 2014):

> [I]f defendant wished to raise an insufficient service of process argument, it was incumbent upon it to do so in one motion. *See McCurdy v. American Bd. of Plastic Surgery,* 157 F.3d 191, 194 (3d Cir.1998) ("[I]f a defendant seeks dismissal of the plaintiff's complaint pursuant to Rule 12(b) (5) on the ground that service of process was insufficient or ineffective, it must include that defense either in its answer or together with any other Rule 12 defenses raised in a pre-answer motion."). Thus, since defendant did not raise an insufficient

service of process argument in its motion, its Rule 12(b)(5) defense is waived. *See id.* ("Thus, if a Rule 12 motion is made and the defendant omits its objection to the timeliness or effectiveness of service under Rule 12(b)(5), that objection is waived.").

### 2. *VTC's Motion Is Not Legally Supported*

VTC fails to provide any evidence that demonstrates it has not received the Summons and Complaint or that it was otherwise unaware of same. Instead, VTC relies upon its attorneys' arguments and statements that VTC has not been served. [Doc. No. 72, ¶ 3-4]. As stated in <u>Bell v. United Princeton Properties Inc.</u>, 884 F.2d 713, 720 (3rd Cir. 1989), "We note however, that, to the extent the challenger seeks to raise a factual issue ...he or she must introduce affidavits averring the facts upon which the challenge is based. Affidavits are required in such instances **because statements made in briefs are not evidence of the facts asserted**." (emphasis added). As further stated in <u>Franz v. Raymond Eisenhardt & Sons, Inc.</u>, 732 F.Supp. 521, 528 (D. N.J. 1990):

> [ E]vidence cannot be put forward, as it was here, in a brief or memorandum of law and then be recognized by the court. *E.g., Proctor v. Sagamore Big Game Club,* 265 F.2d 196, 198–99 (3d Cir.) *cert. denied,* 361 U.S. 831, 80 S.Ct. 81, 4 L.Ed.2d 73 (1959); 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 2723, at 64 & n. 10 (2d ed.1983) (citing cases, including *Proctor* ); *see also Childers v. Joseph,* 842 F.2d 689, 694–95 (3d Cir.1988); *Sayers v. Automated Transportation, Inc.,* 645 F.Supp. 194, 196 (W.D.Pa.1986). In the related context of the requirement of an affidavit to satisfy Fed.R.Civ.P. 56(f), the United States Court of Appeals for the Third Circuit explained why courts should not accept, as fact, statements in briefs or memoranda. The appellate court observed:
>
>> statements in the memorandum [are] not made by a witness or other affiant, but in the course of advocacy by [an] attorney. We cannot diminish the value of an [evidentiary submission] by permitting an attorney's unsworn statement to replace it. The adversary system recognizes the right and practice of attorneys to take adversarial license with evidence and argue it as fact. It does not recognize argument as a

surrogate for either evidence or fact.  <u>Radich v. Goode,</u> 886 F.2d 1391, 1394–95 (3d Cir.1989)[9].

VTC has not provided any sworn declaration or affidavit to state that it has not received the Summons and Complaint or that it was otherwise unaware of this case, only statements and argument from its attorneys.  Therefore, VTC's motion fails as a matter of law.

> 3. *Plaintiffs' Evidence Demonstrates That VTC Has Been Served With The Summons And Complaint And Has Otherwise Had Knowledge of This Case Since The Outset*

On January 14, 2019, VTC's resident agent was served with the Summons and Complaint and related documents as set forth in the Hague Convention and the British Virgin Islands' Registry of the Supreme Court provided an Attestation of Service. <u>See</u> <u>Fleet Consumer Discount Co. v. Graves</u>, 33 F.3d 242, 251, n. 16 (3rd Cir. 1994)("we ... give weight to an objective indication that process has been served."); <u>Howard Johnson International Inc. v. SSR Inc.</u>, 2015 WL 4461347, Case No. 14-4611, at *2 (D. N.J. July 21, 2015)("A signed return of service generally serves as *prima facie* evidence giving rise to a presumption of valid service."). Here, VTC provides no supporting evidence which demonstrates that it was not served or that it was otherwise unaware of this case - only attorney arguments and statement in briefs to try to avoid the consequences of VTC's willful failure to appear and file its own Motion to Dismiss within Judge Phipps' briefing schedule.

Further, on February 8, 2019, the Jones Day law firm was provided with a copy of Plaintiffs' Complaint.[10] And in July 2019, VTC instructed its resident agent to no longer accept

---

[9] <u>See</u> <u>Also</u> <u>Fitzpatrick v. National Mobile Television</u>, 364 F.Supp.2d 483, 495 (2005)("A declarant is not competent to testify to matters beyond his personal knowledge. 'A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.' FED. R. EVID. 602. "

[10] It is curious how the SSG Defendants, through the Jones Day law firm, claim that they have "knowledge" pertaining to VTC and can speak on its behalf regarding an array of matters in this case, yet this ability vanishes

Plaintiffs' filings.  Thus, not only was VTC properly served under the Hague Convention, VTC clearly had knowledge of this case since the outset and made a strategic decision - which it now regrets - to not appear and file its own Motion to Dismiss during Judge Phipps' briefing schedule.  Accordingly, there is no basis to permit VTC to now join in the SSG Defendants' Motion to Dismiss.

Because VTC has waived its insufficient service of process argument and has failed to provide evidence that demonstrates that it was not served with the Summons and Complaint (or evidence that otherwise demonstrates that it was unaware of this case), Plaintiffs have concurrently filed a motion to have service deemed effective as of January 14, 2019, or in the alternative, to have this Court order limited discovery and conduct an evidentiary hearing regarding this issue.  Not only does this issue relate to VTC's current Motion [Doc. No. 72], it also relates to PSI's Motion to have Default and Default Judgment entered against VTC [Doc. No. 48] which this Court has permitted Plaintiffs to file at a later date (and which VTC now improperly attempts to prohibit Plaintiffs from filing). As such, this is an important aspect of this case that needs the Court's immediate determination.

### 4. *VTC Has Failed to Participate in Jurisdictional Discovery*

As more fully set forth in Plaintiffs' pending motions [Doc. Nos. 76 & 83], VTC has failed and refused to participate in the jurisdictional discovery process.  Therefore, it would be inequitable to permit VTC to try to obtain a dismissal order based on lack of personal jurisdiction when it refuses to participate in the jurisdictional discovery process.

### 5. *The SSG Defendants' Motion to Dismiss Does Not Address The Claims Pled Solely Against VTC.*

---

when it comes to the existence of Plaintiffs' Complaint and VTC's obligation to have to timely responded thereto.

PSI asserted the following claims **solely** against VTC: (i) Count VII - Breach of Contract in the sum certain of $18,900,000; (ii) Count VIII - Promissory Estoppel in the sum certain of $18,900,000; (iii) Count IX - Unjust Enrichment in the sum certain of $18,900,000 (collectively the "VTC Claims"). The VTC claims are not addressed in the SSG Defendants' Motion to Dismiss. Realizing that this is the case, VTC now pretends that they are and states that dismissal is appropriate because "the Court should decline to exercise supplemental jurisdiction over the remaining nine pendent state-law claims. *See* Counts I–V and **VII–X**." [Doc. No. 72, ¶ 6] (Emphasis Added).[11]

Assuming *arguendo* that this Court permits VTC to join SSG Defendants' Motion to Dismiss and that this Court grants same, the claims pled solely against VTC are unaffected and this Court otherwise has subject matter jurisdiction with respect to same: PSI is a U.S. corporation and VTC is a British Virgin Islands Corporation which provides this Court with subject matter jurisdiction over the VTC Claims based on diversity of citizenship. Accordingly, these claims remain in the case.

## CONCLUSION

For the reasons set forth above, this Court should deny VTC's Motion. VTC was served with the Summons and Complaint on January 14, 2019, and has otherwise been aware of this case since the outset. VTC made a strategic decision, which it now regrets, to not file its own Motion to Dismiss within Judge Phipps' briefing schedule and has otherwise failed to participate in jurisdictional discovery while simultaneously seeking dismissal based upon alleged lack of jurisdiction.

---

[11] Count X is pled solely against Defendant Prithvi Information Solutions Inc. ("PISL"). Thus, in addition to failing to timely appear and file a Motion to Dismiss the claims pled against it, VTC also now seeks to act on PISL's behalf.

Moreover, VTC's Motion is a baseless attempt to try to preclude PSI from re-filing its Motion to obtain Default and Default Judgment entered against VTC which this Court has permitted PSI to file at a later date. Finally, assuming *arguendo* that this Court permits VTC to join[12] the SSG Defendants' Motion to Dismiss and that this Court grants same, the claims pled solely against VTC are unaffected and this Court otherwise has subject matter jurisdiction with respect to same.

Respectfully submitted,

*/s/ Joseph F. Rodkey, Jr.*
Pa. I.D. No. 66757

FOWKES ♦ RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont, PA 15139
(412) 828-2802 (Phone)
(412) 828-2588 (Fax)
jrodkey@fowkesrodkey.com

*/s/ Jayson M. Macyda*

Jayson M. Macyda (admitted *pro hac vice*)
Kyko Global, Inc.
P.O. Box 87491
Canton, MI 48187
(248) 243-6685
generalcounsel@kykoglobal.com

---

[12] In such event, Plaintiffs' respectfully request leave to file a supplemental brief in opposition addressing VTC issues as it relates to the Motion to Dismiss.

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF Notification System on this 22nd day of October, 2019 upon the following:

>Michael H. Ginsberg
>mhginsberg@jonesday.com
>John D. Goetz
>jdgoetz@jonesday.com
>Douglas Baker
>ddbaker@jonesday.com
>
>JONES DAY
>500 Grant Street, Suite 4500
>Pittsburgh, PA  15219-2514
>
>**Counsel for Defendants:**
>**SSG Capital Partners I, L.P.**
>**SSG Capital Management (Hong Kong) Limited**
>**Shyam Maheshwari**
>**Ira Syavitri Noor a/k/a Ira Noor Vourloumis**
>**Dinesh Goel**
>**Wong Ching Him a/k/a Edwin Wong**
>**Andreas Vourloumis**
>**Value Team Corporation**

The undersigned certifies that a true and correct copy of the foregoing document was served via U.S. Mail for posting on the 22nd day of October, 2019 upon the following:

>Prithvi Information Solutions, LTD.
>Prithvi Asia Solutions Limited
>214 S. Craig Street
>Suite 5
>Pittsburgh, PA 15213

The undersigned certifies that a true and correct copy of the foregoing document was served via Email on the 22nd day of October, 2019 upon Madhavi Vuppalapati and Anandhan Jayaraman by sending an email to:

>Madhavi@prithvisolutions.com
>Vuppalapatim@gmail.com
>Satish@prithvisolutions.com
>Vuppalapatis@gmail.com
>ajayaraman@gmail.com

*/s/ Joseph F. Rodkey, Jr.*