IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company,<br><br>*Defendants*. | **Civil Action No. 2:18-cv-01290-PJP**<br><br>*Electronically Filed* |

**SSG DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(b)(2)(A)(i), OR IN THE ALTERNATIVE, MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY <u>RESPONSES PURSUANT TO FED. R. CIV. P. 37(a)(3)(B)</u>**

I.      **INTRODUCTION**

The SSG Defendants[1] have complied with the Court's order to "provide complete responses to the Plaintiffs' written discovery requests." ECF No. 68. On October 9, 2019, the SSG Defendants timely provided full and complete substantive responses to Plaintiffs' written discovery, while also objecting where appropriate (as permitted by the Federal Rules) to protect the record. ECF No. 83-3. Within one hour of receiving the Court's order denying their motion for protective order, the SSG Defendants produced documents responding to Plaintiffs' written discovery. ECF No. 83-6.[2] The documents the SSG Defendants produced were responsive to the jurisdictional issue before the Court and provided information related to possible contacts (however attenuated) the SSG Defendants may have had with the United States.

Plaintiffs' Motion[3] has no basis in law or fact. Rather, it is part of Plaintiffs' concerted effort to delay these proceedings with motions and filings and obscure the simple jurisdictional issue before the Court. Indeed, since the Court denied Plaintiffs' initial motion to extend

---

[1] The "SSG Defendants" are SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Edwin Wong, Andreas Vourloumis, Shyam Maheshwari, Dinesh Goel, Ira Syavitri Noor, and Value Team Corporation.

[2] The SSG Defendants were also not the cause of any delay in producing responsive documents. After failing to respond for eight days to the SSG Defendants' proposed protective order, Plaintiffs accused the SSG Defendants of delaying jurisdictional discovery. Once Plaintiffs finally told the SSG Defendants that they would not consent to a protective order—on October 15—the SSG Defendants promptly filed a motion with the Court on October 16. ECF No. 81. The Court denied that motion the next day, ECF No. 82, and the SSG Defendants produced responsive documents to Plaintiffs exactly one hour later on October 17. Plaintiffs then waited four more days to file the present Motion on October 21. There is no basis for Plaintiffs' arguments, peppered throughout the present Motion and supporting brief, that the SSG Defendants have delayed proceedings "intentionally…to try to inhibit Plaintiffs' ability to prepare for the depositions" or have "otherwise inhibit[ed] Plaintiffs' ability to prepare for the jurisdictional discovery depositions." ECF No. 83 ¶¶ 5, 8, 21, 43; ECF No 84, at 3. These allegations are unfounded and inappropriate: The SSG Defendants have engaged in jurisdictional discovery in good faith, on a timely basis, and in accordance with the Court's orders.

[3] The full title of the "Motion" is the Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2)(a)(i), or in the Alternative, Motion to Compel Production of Documents and Interrogatory Responses Pursuant to Fed. R. Civ. P. 37(a)(3)(B).

jurisdictional discovery on October 8, 2019, Plaintiffs have submitted ten motions, briefs, and other filings on the docket—including two filings of all correspondence between counsel. These filings show no sign of abating.[4] Here, Plaintiffs raise two issues. First, Plaintiffs argue the SSG Defendants have willfully violated the Court's order by including objections in their discovery responses. This argument is based on an over-reading of the Court's order requiring the SSG Defendants to "provide complete responses to Plaintiffs' written discovery," ECF No. 68, and a misreading of Federal Rule 34, which defines that a "response" may "state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B).

Second, Plaintiffs raise a number of specific complaints about the SSG Defendants' responses and objections. Plaintiffs' complaints are meritless. Contrary to Plaintiffs' accusation that the SSG Defendants "intentionally failed to provide complete responses" to discovery and served "incomplete and evasive responses," ECF No. 83 ¶¶ 8, 13, the SSG Defendants have participated in good faith in the jurisdictional discovery process, including in providing complete and substantive responses to Plaintiffs' written discovery.

**II.    ARGUMENT**

    **A.    The SSG Defendants Complied with the Court's Order**

On September 25, 2019, the Court ordered that "Defendants shall provide complete responses to the Plaintiffs' written discovery requests." ECF No. 68. Plaintiffs assert that the SSG Defendants "willfully violated" the Court's order. *See* ECF No. 83 ¶ 14; *id* ¶¶ 8, 13, 19. This is untrue: the SSG Defendants complied with the Court's order, provided substantive responses—including appropriate objections—to Plaintiffs' discovery requests, and produced

---

[4] Rule 11 commands that a party must certify that its filings are "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1).

responsive documents in timely manner.

Plaintiffs' position appears to be that any discovery response containing objections constitutes a *willful* violation of a Court's order to respond to discovery.  This position is wrong based on the plain language of Federal Rule 34:

> (B) **Responding** to Each Item. For each item or category, **the response must** either state that inspection and related activities will be permitted as requested or **state with specificity the grounds for objecting to the request**, including the reasons.

Fed. R. Civ. P. 34(b)(2)(B) (emphasis added).  The Rule itself contemplates that an objection may constitute a "response" to written discovery.  Plaintiffs cite no law for their contention that the term "respond" means that the SSG Defendants were not permitted to include objections in their discovery responses, and case law is uniformly clear that objections constitute responding under the Rules.  *See, e.g., Badalamenti v. Dunham's, Inc.*, 896 F.2d 1359, 1362 (Fed. Cir. 1990) (explaining that a party may "respond to the document request by objecting").

Moreover, as discussed below, the SSG Defendants provided substantive responses—and produced responsive documents—even in places where they objected.

Finally, Plaintiffs ignore the context surrounding the discussion on the record at the September 25, 2019 conference.  The Court reviewed a letter in which the SSG Defendants had asserted that Plaintiffs' proposed discovery was overbroad and should be reformulated before the SSG Defendants would provide written responses at all.  ECF No. 73-3, at 4 ("You should reformulate your discovery requests to comply with what the Court has ordered….").  At the conference, the Court did not accept the SSG Defendants' argument and ordered the SSG Defendants to respond to the discovery requests as they were propounded rather than requiring Plaintiffs to draft and serve new requests.  The Court did not state that the SSG Defendants were not permitted, in responding to the discovery, to raise appropriate objections to protect the record

in the course of responding.

### B. The SSG Defendants' Responses Were Complete

The SSG Defendants provided substantive responses—and produced responsive documents—even in places where they objected. Specifically:

- **Request for Production (RFP) No. 1**. Plaintiffs requested information related to a series of wire transfers and banking withdrawals alleged in the Complaint. ECF No. 83-3, at 4–5. The SSG Defendants preserved all relevant objections and then individually responded to the Request. Some of the SSG Defendants had no responsive documents, and the remaining SSG Defendants agreed to produce—and did in fact produce—responsive documents that demonstrated any possible connection *to the United States*. They subsequently produced responsive materials. *See* Bates SSG00001 – SSG00012.[5]

- **RFP No. 2.** This Request sought information related to summaries contained in the SSG Defendants' opposition to Plaintiffs' motion for jurisdictional discovery. ECF No. 44. After preserving relevant objections, the SSG Defendants agreed to produce responsive documents showing any possible contacts *with the United States*. ECF No. 83-3, at 9–12. They subsequently made a production containing responsive materials. *See* Bates SSG00013 – SSG00078.

- **RFP No. 3**. This Request sought documents related to a series of documents Plaintiffs had previously submitted in support of their motion for jurisdictional discovery. ECF Nos. 40-2 through 40-7. After preserving their objections, the SSG Defendants agreed to produce responsive documents. ECF No. 83-3, at 12–15. They subsequently made a production containing responsive materials. *See* Bates SSG00013 – SSG00078.

- **RFP No. 4**. This Request sought information related to four documents Plaintiffs' previously filed on the docket. ECF Nos. 45-3 through 45-6. Two of the documents were SEC filings from *February 21, 2018*, and *March 28, 2018*—long after the facts alleged in the Complaint—and with no alleged connection to the allegations or claims in this case. The other two documents were news articles from *February 15, 2018*, and *January 23, 2019*, both describing events that occurred long after the allegations in the Complaint. The articles described investments by the University of Michigan and the Virginia Retirement System in a fund raised by SSG Capital Management. The SSG Defendants objected to Request No. 4 because it did not seek information that, under any circumstances, could establish this Court's jurisdiction over the SSG Defendants in this case. ECF No. 83-3, at 15–16. This issue is discussed below in Section II.C.

- **RFP No. 5.** This Request sought documents related to any filing by any SSG Defendants with the U.S. Securities and Exchange Commission at any time without

---

[5] Pursuant to Local Rule 5.4, the SSG Defendants do not believe the discovery materials are necessary to decide this aspect of the dispute, but the SSG Defendants are happy to provide relevant materials if the Court so requests.

limitation. After preserving appropriate objections, each the SSG Defendants stated that they did not have any responsive documents to this Request that related in any way to the allegations in the Complaint. ECF No. 83-3, at 17–19

- **RFP No. 6.** This Request sought all documents related to any communications with any Pennsylvania governmental body or authority. After preserving appropriate objections, the SSG Defendants responded that they had no responsive documents. *Id.* at 19–21.

- **RFP No. 7.** This Request sought documents related to any "assets, bank accounts, or real property in the United States owned by any of the SSG Defendants. After preserving appropriate objections, the SSG Defendants responded that they had no such documents because they own no such assets.[6] *Id.* at 21–23.

- **RFP No. 8.** This Request asked for documents related to the two Interrogatories Plaintiffs served. The SSG Defendants responded that they had no responsive documents. As explained below, the SSG Defendants objected to Interrogatory No. 1 as duplicative of the Document Requests. Interrogatory No. 2 provided information regarding VTC's lack of contacts *with the United States*. *Id.* at 23–24.

- **Requests for Admission (RFAs).** The SSG Defendants responded to *all 11* of Plaintiffs' RFAs with either an admission or denial. While Plaintiffs have separately raised a challenge to the adequacy of the RFA responses, the facts remains that the SSG Defendants provided substantive answers to each RFA that Plaintiffs served.[7] *Id.* 25–33.

- **Interrogatory No. 1**. Plaintiffs' first Interrogatory related to the Document Requests. Plaintiffs asked each Defendants "to separately set forth all legal and factual bases for his/her/its failure to produce the requested documentation." ECF No. 83-3, at 34. The SSG Defendants objected to this Interrogatory on the basis that it sought information wholly duplicative of what was contained in their responses and objections to the RFPs themselves. *See* Fed. R. Civ. P. 26(B)(2)(C)(i); *see also Shorter v. Baca*, No. 12-7337, 2013 WL 12131270, at *4 (C.D. Cal. Oct. 31, 2013) (holding that party "need not respond to Interrogatory Nos. 6-7 because they are duplicative of Document Request No. 14").[8] Interrogatory No. 1 also seeks to impose burdens on the SSG Defendants beyond

---

[6] Plaintiffs argue the SSG Defendants' responses to Document Request No. 7 contradict assertions in other litigation. ECF No. 83 ¶ 29. Plaintiffs' position is incorrect and misleading. The SSG Defendants' arguments in related litigation are taken out of context and, in any case, those statements are not an admission that the SSG Defendants possess assets in the United States.

[7] The SSG Defendants separately addressed Plaintiffs' RFA arguments. ECF No. 87.

[8] Plaintiffs assert that "Peter Cairns refuses to verify the 'response' to Interrogatory #1." ECF No 83 ¶ 38. But Interrogatory No. 1 required no verification under the Rules, since the SSG Defendants objected to it in full. *See* Fed. R. Civ. P. 33(b)(3) ("Each Interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." (emphasis added)). Likewise, Plaintiffs' complaint that "Mr. Cairns…improperly attempts to verify the responses on behalf of the individual defendants." ECF No. 83 ¶ 40. Plaintiffs misunderstand the Rule. Mr. Cairns verified the response to Interrogatory No. 2, which was directed "to Defendant VTC only," ECF No 83-3, at 34. Mr. Cairns did not verify any responses for the individual SSG

what is required under Federal Rules.  *See* Fed. R. Civ. P. 34(b)(2)(B) (requiring parties to "state with specificity the grounds for objecting to the request, including the reasons").

- **Interrogatory No. 2**.  Plaintiffs claim "the SSG Defendants provide argument instead of providing a substantive response" to Interrogatory No. 2.  ECF No. 83 ¶ 35.  This is untrue.  Interrogatory No. 2 asked for "the legal and factual bases" for all RFA responses that were anything but an unqualified admission.  The SSG Defendants thus provided a narrative explanation for their denials to the RFAs.  ECF No. 83-3, 34-35.

The SSG Defendants thus provided complete responses to each discovery request.

### C.     Plaintiffs' Arguments Lack Merit

Plaintiffs raise additional criticisms of the SSG Defendants' discovery.  First, Plaintiffs challenge the SSG Defendants' responses and objections concerning discovery directed to VTC.  Second, Plaintiffs claim (incorrectly) that the SSG Defendants failed to provide responses related to contacts by the SSG Defendants with the United States as a whole.  Third, Plaintiffs challenge the SSG Defendants' limitation of their responses to documents and information "related to the allegations in the Complaint."  None of these criticisms has merit.

#### 1.     The discovery responses and objections related to VTC were proper

The SSG Defendants' responses related to VTC were proper and responded fully to the requests at issue.[9]  Plaintiffs have alleged that VTC had the same management team as another corporate SSG Defendant, that four of the individual SSG Defendants were directors or shareholders of VTC, and that individual SSG Defendants "control and operate" VTC.  ECF No. 1, ¶¶ 19, 22, 26, 30, 32; ECF No. 48, ¶ 23; ECF 53, ¶ 16 n.3.  Given these assertions, it was

---

Defendants  Similarly, Plaintiffs' complaint that "[t]here are no verifications from any of the individual defendants" is meritless because Interrogatory No. 2 was directed solely to VTC.

[9] Plaintiffs have filed numerous motions relating to VTC, all of which suggest that the SSG Defendants are attempting to conceal information related to VTC.  *See* ECF No. 83 ¶ 33 ("SSG Defendants' attempt to 'run cover' and speak on [VTC's] behalf.").  In reality, the SSG Defendants are attempting to litigate the jurisdictional question in good faith by providing discovery responses on behalf of an entity that has been defunct since 2016, from persons that, by Plaintiffs' own admission, have the relevant knowledge.  The SSG Defendants' position related to VTC has been consistent for the thirteen months that this litigation had been pending.

entirely appropriate for other of the SSG Defendants to respond where appropriate to document requests directed to VTC.  Former corporate employees and affiliated corporations may be ordered to produce documents pursuant to Rule 34.  *See* 8B Fed. Prac. & Proc. Civ. § 2210 (3d ed.) (collecting cases).  In an attempt to litigate in good faith and to timely resolve jurisdictional discovery issues, the SSG Defendants responded to the Document Requests directed to VTC.  Similarly, the response to Interrogatory No. 2 was verified by Peter Cairns, who was authorized to speak on behalf of VTC.  This was appropriate under Rule 33, which states that interrogatories must be answered "by any officer or agent" if a party "is a public or private corporation, a partnership, an association, or a governmental agency."  Fed. R. Civ. P. 33(b)(1)(B).

It is unclear what prejudice Plaintiffs are claiming.  Indeed, despite Plaintiffs' myriad motions related to VTC—including this one—they have never articulated what information they have been denied.  The Court granted jurisdictional discovery to determine whether any of the SSG Defendants had contacts with the forum state such that the Court could exercise personal jurisdiction.  The SSG Defendants explained that VTC lacked any jurisdictional contacts.  As the SSG Defendants explained to Plaintiffs in response to Interrogatory No. 2:

> None of the SSG Defendants, including VTC, visited the United States related to any allegations in the Complaint or in connection with any of the parties in this action during the material times alleged in the Complaint.  To the extent VTC had business contacts with other Defendants in this action during the material times alleged in the Complaint, those contacts did not take place in the United States.  Furthermore, VTC was not aware that any of the other parties in this action— including Madhavi Vuppalapati, Anandhan Jayaraman, Prithvi Information Solutions Limited, and Prithvi Solutions Inc.—were based in or resided in Pennsylvania.

ECF No. 83-3 at 34–35.  This may not be the answer Plaintiffs wanted, but it was not improper.

### 2. The SSG Defendants produced documents related to the United States while preserving their objection to relevance.

In responding to Plaintiffs' written discovery, the SSG Defendants objected in several

places that contacts with the United States were not relevant to the jurisdictional issue before the Court.  This position was founded in the filings supporting the Motion to Dismiss, *see, e.g.,* ECF No. 43, at 12 – 13, as well as in the Court's own statements on the record, *see* Sept. 25, 2019 Trans., at 14–15; October 8, 2019 Trans., at 5.  Nevertheless, having preserved their objection—and in an effort to engage in discovery in good faith—the SSG Defendants produced documents potentially related *to the United States*, even though no Pennsylvania contacts were evident in those documents.  *See* Bates SSG00001–32; SSG000035-44; SSG000047-78.  The SSG Defendants thus produced the broader discovery requested by Plaintiffs, having preserved their objection.  Plaintiffs' statements to the contrary are just wrong.  *See* ECF No. 83 ¶ 19.

### 3. Jurisdictional discovery must relate to the Complaint to be relevant

Plaintiffs have not alleged that the Court may exercise general personal jurisdiction over any of the SSG Defendants. *See* Compl. ¶¶ 59, 61, 63, 64, 66, 68, 69, 72, 73, 76, 77, 80, 81, 84, 85, 88.  Plaintiffs have made no argument to the contrary.  *See* ECF No. 39.  Nor could they.  General jurisdiction exists only when a defendant's contacts with a forum are "so continuous and systematic as to render it essentially at home in the forum State."  *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quotation marks, alteration, and citation omitted).

Because general jurisdiction is not available where the SSG Defendants, according to the Complaint itself, all reside outside the United States, jurisdictional discovery can only seek to establish specific jurisdiction over the SSG Defendants.  Plaintiffs take issue with the SSG Defendants' limitation on producing documents "related to the allegations in the Complaint."  ECF No. 83 ¶ 20.  But no other documents could be relevant for jurisdictional discovery.  Contacts with this forum (or even with the United States generally) can only be relevant if they relate to the allegations in the Complaint.  *See Walden v. Fiore*, 571 U.S. 277, 283–84 (2014)

("The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on **the relationship among the defendant, the forum, and the litigation**.  For a State to exercise jurisdiction consistent with due process**, the defendant's suit-related conduct must create a substantial connection with the forum State**." (internal quotation marks and alternations omitted) (emphasis added)).  The only contacts that could possibly support jurisdiction are the SSG Defendants' "suit-related" contacts with this forum.  *Id.*

As described above, RFP No. 4 sought information related to news articles and SEC filings from 2018 and 2019—well after any facts alleged in Plaintiffs' Complaint—which have no connection to any allegations in the Complaint.  RFP No. 5 sought documents related to any SEC filings the SSG Defendants have made.  The SSG Defendants agreed that SEC filings are relevant to establishing jurisdiction if they relate in some way to the allegations in the Complaint.  RFP No. 6 sought information related to all documents related to any contact between the SSG Defendants and any Pennsylvania governmental body, at any time, without limitation.  The SSG Defendants agreed that such contacts would be relevant if they were related to the allegations in the Complaint.  RFP No. 7 sought information related to any assets the SSG Defendants have in the United States at the present day.  The SSG Defendants agreed that information regarding U.S. assets would be relevant to the jurisdictional question if they were related to the allegations in the Complaint.

Courts regularly hold that, where it is clear from the Complaint that general personal jurisdiction is not available, a plaintiff may not take discovery related to general jurisdiction.  *See Brit UW, Ltd. v. Manhattan Beachwear, LLC*, 235 F. Supp. 3d 48, 63, 2017 WL 375607 (D.D.C. 2017) (denying jurisdictional discovery to establish general jurisdiction where plaintiff did not allege that defendant was "'essentially at home' in the District"); *Acorda Therapeutics, Inc. v.*

*Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 598, 2015 WL 186833 (D. Del. 2015) (granting "limited jurisdictional discovery" solely to determine "whether the Court may exercise specific personal jurisdiction"); *In re Crash of Aircraft N93PC on July 7, 2013, at Soldotna, Alaska*, No. 15-0112, 2018 WL 1613769, at *5 (D. Alaska Apr. 3, 2018) ("Plaintiffs may not take discovery aimed at attempting to establish general jurisdiction. Plaintiffs' discovery must be aimed at attempting to establish specific jurisdiction."); *Livnat v. Palestinian Auth.*, 82 F. Supp. 3d 19, 31 (D.D.C. 2015) ("Because Plaintiffs have suggested no way in which discovery would yield information enabling them to make a prima facie case for general jurisdiction, jurisdictional discovery is not warranted with respect to general jurisdiction.").

Despite clear Supreme Court precedent on general and specific personal jurisdiction, Plaintiffs have repeatedly sought information that cannot legally establish specific personal jurisdiction. In their Motion, Plaintiffs cite two documents they claim should have been produced by the SSG Defendants here. *See* ECF Nos. 83 ¶¶ 27–28. Those documents demonstrate Plaintiffs' failure to grasp the concept of specific personal jurisdiction. The first is an SEC filing from March 29, 2018—well after the allegations in the Complaint—that has *no* connection to the litigation here. ECF No. 83-7. This document has no relationship to this case. The second document is a news article from September 19, 2019, about a Pennsylvania pension fund's decision to invest with certain SSG Defendants. ECF No. 83-8. Plaintiffs provided no reason for how this article, or any information related to it, could establish specific personal jurisdiction over the SSG Defendants.

### III. CONCLUSION

For the reasons stated, this Court should deny Plaintiffs' Motion.

NAI-1509546184

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated:  October 25, 2019 | /s/  John D. Goetz<br>Michael H. Ginsberg (Pa. Bar #43582)<br>John D. Goetz (Pa. Bar #47759)<br>Douglas Baker (Pa. Bar #318634)<br>JONES DAY<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA  15219-2514<br>Telephone:  (412) 391-3939<br>Facsimile:  (412) 394-7959<br>Email: mhginsberg@jonesday.com<br>Email: jdgoetz@jonesday.com<br>Email: ddbaker@jonesday.com<br><br>**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, Andreas Vourloumis, and Value Team Corporation** |