IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation<br><br>Plaintiffs,<br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company<br><br>Defendants. | Case No.   2:18-cv-1290 |

## MOTION TO DISMISS ON BEHALF OF
## DEFENDANT ANANDHAN JAYARAMAN

Defendant Anandhan Jayaraman ("Jayaraman") by his undersigned counsel files this Motion to Dismiss pursuant to Rule 12 (b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure and states as follows:

1. As acknowledged by Plaintiffs in the Complaint, Defendant Jayaraman currently resides in India. Cmplt, ¶ 12. He has resided there continuously and exclusively since 2015.

2. Based on the allegations of the Complaint the principal conduct and transactions which form the alleged basis of Plaintiffs' claims occurred between September 2010 and June 2011. Cmpl. ¶¶ 111-139. During the relevant time period of the alleged acts set forth in

Plaintiffs' Complaint, Jayaraman was exclusively resident in the Seattle, Washington area.

3. The only connection or contact by Jayaraman with Pennsylvania is that he has jointly owned with his wife, Madhavi Vuppalapati, an apartment in Pittsburgh since 2004 where Vuppalapati alone exclusively resided on only a part-time basis from 2005-2009. Vuppalapatti then relocated to the Seattle area in 2010 and lived there exclusively through 2014. The apartment in Pittsburgh was sold in 2017 and Jayaraman ceased owning any interest in same at that time. This tangential connection with Pennsylvania by Jayaraman is totally unrelated to any of the claims and transactions alleged by Plaintiffs in their Complaint. The Court therefore lacks personal jurisdiction over Jayaraman.

4. Plaintiffs moreover have not and cannot demonstrate that Jayaraman purposefully availed himself of the laws of Pennsylvania or, more significantly, that the claims at issue arise out of that availment such that exercising jurisdiction comports with due process. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

5. Moreover, per the Complaint the only activities that allegedly occurred within Pennsylvania by any party in this action are wire transfers to and from a PNC Bank account by Defendant Vuppalapati on November 2 and 3, 2010. See Compl. ¶¶ 117–24. Jayaraman did not make the wire transfers, and he was not an owner of the PNC Bank account in question. In fact, the PNC Bank account belonged to Prithvi Solutions, Inc., one of the Plaintiffs. *Id.*

6. Bank wire transfers are insufficient to create specific personal jurisdiction. *Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 214 (3d Cir. 1984) (wire transfers "create[] no expectation of submission to the jurisdiction of Pennsylvania courts" and "do not constitute purposeful availing of the privilege of conducting activity within the forum

state").

7.  Additionally, Plaintiffs conspiracy allegations do not establish jurisdiction. Plaintiffs have not alleged (i) that substantial acts in furtherance of the alleged conspiracy occurred in Pennsylvania other than certain bald allegations that Jayaraman "took substantial acts in Pittsburgh". Cmpl. ¶ 221. *See Massachusetts School of Law v. American Bar Ass'n*, 846 F.Supp. 374, 379 (E.D. Pa. 1994) (holding "the co-conspirator jurisdictional theory is not applicable in this case because plaintiff has not alleged substantial acts . . . in Pennsylvania in furtherance of the conspiracy"), *aff'd*, 107 F.3d 1026, 1042 (3d Cir. 1997); *Doe v. Hesketh*, 15 F. Supp. 3d 586, 598 (E.D. Pa. 2014) (dismissing case for lack of jurisdiction where plaintiff did not plead with particularity how the non-forum co-conspirator was aware of or should have been aware of the acts in furtherance of the conspiracy).

8.  There is no specific personal jurisdiction because Plaintiffs fail to allege that Jayaraman has "certain minimum contacts" with Pennsylvania "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 923 (2011).

9.  Because Plaintiffs fail to present factual allegations that suggest with reasonable particularity the possible existence of the requisite minimum contacts, the Court must dismiss Jayaraman from this action as a matter of law. *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 156 (3d Cir. 2010); *Fatouros v. Lambrakis*, 627 F. App'x 84, 88 (3d Cir. 2015).

10.  Plaintiffs have further failed to plead sufficient facts in support of the elements of their civil RICO claim, which should therefore be dismissed.

11.  Plaintiffs allege that Defendants engaged in a fraudulent scheme. Compl. ¶ 10.

As such, Plaintiffs were obligated under Federal Rule of Civil Procedure 9(b) to "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Plaintiffs vague and conclusory allegations fail to "plead the who, what, when, and where details of the alleged fraud." *Allen Neurosurgical Assocs., Inc. v. Lehigh Valley Health Network*, No. 99-4653, 2001 WL 41143, at *3 (E.D. Pa. Jan. 18, 2001).

12. Plaintiffs also fail to allege facts supporting the existence of a RICO enterprise. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369–70 (3d Cir. 2010); *Ferguson v. Moeller*, No. 16-41, 2016 WL 1106609, at *7 (W.D. Pa. Mar. 22, 2016) (association-in-fact enterprise insufficiently pleaded where "[t]here are no allegations regarding ongoing organization or decision-making, an actual role for each Defendant in a functional unit, or the existence of any activities beyond the alleged racketeering").

13, Moreover, the Complaint contains nothing beyond legal conclusions respecting the claimed "conduct" of a RICO enterprise. *In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *31 (D.N.J. June 30, 2015) ("These plaintiffs have not made factual allegations demonstrating that any defendant knowingly conducted or participated in the conduct of the enterprise's affairs, as opposed to its own affairs, and that it did so through a pattern of racketeering activity." (internal quotation marks, citations, and alterations omitted)). Hence, the RICO claim should be dismissed as being insufficiently plead.

14, Because the RICO claim is the only basis for the Court's subject-matter jurisdiction, the Court should further decline to exercise supplemental jurisdiction over the remaining nine pendent state-law claims alleged in the Complaint. *See* Counts I–V and VII–X; *Ferguson v. Moeller*, No. 16-41, 2016 WL 4530383, at *10 (W.D. Pa. Aug. 30, 2016) (holding

that "[p]laintiffs have failed to plead cognizable RICO claims over which this Court has original jurisdiction" and "[t]herefore, the Court 'must' decline to exercise supplemental jurisdiction over the pendent state law claims"); *Rock v. Ribbons Express, Inc.*, No. 09-1127, 2009 WL 10687747, at *3 (E.D. Pa. Nov. 30, 2009) ("Having dismissed Plaintiff's RICO claim, we find no justification to exercise jurisdiction over Plaintiff's state law claims.").

15. Lastly, dismissal is also appropriate under the doctrine of *forum non conveniens*. In this regard, Plaintiffs' arbitrary choice of Pennsylvania as a forum is entitled to very little deference, since none of the Plaintiffs is from Pennsylvania. *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013) ("Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."); *see also Windt v. Qwest Comm'ns Int'l, Inc.*, 529 F.3d 183, 191 (3d Cir. 2008).

16. Based on the allegations of the Complaint the relevant parties, witnesses, and evidence are all located outside Pennsylvania, and the only facts which are related in any way to Pennsylvania are two PNC Bank wire transfers in 2010. See, *Kisano Trade*, 737 F.3d at 878 (because "most interactions" between the parties "took place in Israel, Monaco or the Ukraine, not in Pennsylvania" and "[o]ther than the actual wire payments and [one party's] law firm, there appears to be no other connection to Pennsylvania, and little else to the United States").

17. For any or all the above reasons, Jayaraman requests that the Complaint be dismissed as to him.

        Respectfully submitted,

        ELLIOTT & DAVIS PC

By: /s/ Jeffrey T. Morris
    Jeffrey T. Morris, Esquire
    PA ID #31010
    6425 Living Place, Suite 200
    Pittsburgh, PA 15206
    morris@elliott-davis.com
    Tel:  (412) 434.4911, ext. 34
    Fax: (412) 774.2168

## **CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing Defendant Anandhan Jayaraman's Motion to Dismiss has been served by Electronic mail, this 7th day of November 2019, upon the following:

Joseph F. Rodkey, Jr, Esq.
FOWKES RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont PA 15139

Jason M. Maceyda, Esq.
Kyko Global, Inc.
P. O. Box 87491
Canton, MI 48187

Michael H. Ginsberg, Esq.
John D Goetz, Esq.
Douglas Baker, Esq.
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA 15219

/s/ *Jeffrey T Morris*
Jeffrey T. Morris