**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation | Case No.   2:18-cv-1290 |

                      Plaintiffs,

  v.

PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company

                    Defendants.

**BRIEF IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF
DEFENDANT ANANDHAN JAYARAMAN**

I.       <u>INTRODUCTION</u>

Defendant Anandhan Jayaraman ("Jayaraman") respectfully submits this brief in support of his Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). For the reasons set forth below, the Court must dismiss Jayaraman from this action. ***First***, there is no personal jurisdiction over Jayaraman, whom Plaintiffs have alleged is a citizen and resident of India, has no presence in Pennsylvania, and who has directed no activities into Pennsylvania. Personal jurisdiction is a threshold matter that

must be decided before the Court may move to merits or quasi-merits issues in the case. **Second**, Plaintiffs have failed to allege sufficient facts to state a viable civil RICO claim, and the claim should be dismissed. Without the RICO claim, the Court should dismiss the remaining pendent state law claims for lack of subject matter jurisdiction. **Third**, the suit should also be dismissed on the grounds of *forum non conveniens*. Any one of these bases provides an independent ground for dismissal.

II.    <u>BACKGROUND</u>

Plaintiffs have alleged in the Complaint Jayaraman is an individual who is a citizen of and resident in India. Cmplt, ¶¶ 11, 12. As stated in the Motion to Dismiss, Jayaraman has resided in India continuously and exclusively since 2015 and that is where he was recently served with the Complaint by alternate means through publication in newspapers in India and by electronic mail.

The Complaint as to Jayaraman falsely alleges as a basis for jurisdiction over him that he resided in Pittsburgh, Pennsylvania from 2003 through 2014 (Cmpl. ¶50) and that he "engaged in fraudulent activities and participated in a conspiracy in Pittsburgh Pennsylvania" (Cmpl. ¶51). To the contrary, as stated in the Motion to Dismiss, Jayaraman exclusively resided in Seattle from 2005 through 2014. As further stated in the Motion to Dismiss, Jayaraman jointly owned with his wife, Defendant Vuppalapati, an apartment in Pittsburgh in which only Vuppalapati resided on a part-time basis from 2005 through 2009 at which time she relocated exclusively to Seattle. Thereafter, the apartment was sold in 2017 and Jayaraman has possessed no interest respecting same since that time.

The only activities in the entire 32-page Complaint that allegedly occurred within

Pennsylvania by *any* party in this action are two wire transfers into and out of a PNC Bank account on November 2 and 3, 2010 (an account belonging to Prithvi Solutions, Inc. ("PSI"), *one of the Plaintiffs*, by Defendant Vuppalapati). *See* Compl. ¶¶ 117–24. Jayaraman was not involved in the wire transfers. *Id.* Nor did Jayaraman own or have control of the PNC Bank account in question. *Id.* Moreover, there is no allegation that Jayaraman was aware that the transfers into and out of the PNC Bank account had occurred.

III. <u>ARGUMENT</u>

The claims against Jayaraman should be dismissed for three reasons.

First, this Court lacks personal jurisdiction over Jayaraman, a foreign resident individual who has no pertinent contacts with Pennsylvania. Plaintiffs have not and cannot demonstrate that Jayaraman purposefully availed himself of the laws of Pennsylvania in any way remotely connected to this case, that the claims at issue arise out of that availment, or that exercising jurisdiction comports with due process. Personal jurisdiction is a threshold issue that must be decided before this matter proceeds further.

Second, Plaintiffs have failed to plead sufficient facts in support of the elements of their civil RICO claim, which claim should therefore be dismissed. Because the RICO claim is the only basis for the Court's subject matter jurisdiction, the Court should decline to exercise supplemental jurisdiction over the remaining nine pendent state-law claims. *See* Cmpl., Counts I–V and VII–X.

Third, the doctrine of *forum non conveniens* also supports dismissal. Plaintiffs' arbitrary choice of this forum is entitled to very little deference, since none of the Plaintiffs is from Pennsylvania. The relevant parties, witnesses, and evidence are all located outside Pennsylvania, and the only facts from the Complaint related in any way to Pennsylvania are two PNC Bank

wire transfers in 2010.

###### A.    There Is No Personal Jurisdiction over Jayaraman.

Personal jurisdiction is a threshold issue that must be decided before the Court may turn to the merits of the case. "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject matter jurisdiction) *and the parties (personal jurisdiction)*." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (emphasis added); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). "Preliminary matters such as personal jurisdiction should be raised and disposed of before the court considers the merits or quasi-merits of a controversy." *Bel-Ray Co. Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (alterations omitted) (quoting *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)).

"[T]he plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2007). It is Plaintiffs' obligation to "establish a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 156 (3d Cir. 2010). To establish a prima facie case, Plaintiffs were required to "present factual allegations that suggested with reasonable particularity the possible existence of the requisite minimum contacts." *Fatouros v. Lambrakis*, 627 F. App'x 84, 88 (3d Cir. 2015). As demonstrated below, Plaintiffs have failed to satisfy that obligation. Because Plaintiffs have failed to make a "threshold showing of jurisdiction" over Jayaraman, the Court must dismiss him from this action as a matter of law. *Sathianathan v. Pac. Exch., Inc.*, 248 F. App'x 345, 347

(3d Cir. 2007).

### 1. The Complaint contains scant Pennsylvania-specific allegations against Jayaraman.

The Court must dismiss the claims against Jayaraman, a foreign resident who did not direct any activities to Pennsylvania, for lack of personal jurisdiction. Due process requires that "the defendant [have] certain minimum contacts" with the forum state, i.e. Pennsylvania, such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 923 (2011); *see also Dollar Sav. Bank v. First Sec. Bank of Utah, N.A.*, 746 F.2d 208, 214 (3d Cir. 1984) (wire transfers "create[] no expectation of submission to the jurisdiction of Pennsylvania courts" and "do not constitute purposeful availing of the privilege of conducting activity within the forum state").

Plaintiffs have not pleaded facts to establish that either general or specific jurisdiction applies to Jayaraman. General jurisdiction exists only when a defendant's contacts with a forum are "so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quotation marks, alteration, and citation omitted). Jayaraman is a foreign individual. Jayaraman does not reside anywhere in the United States. *Id.* Moreover, there are no allegations that Jayaraman has such continuous or systematic contacts with Pennsylvania so as to be essentially at home in this State. *Daimler*, 571 U.S. at 139. Rather, Jayaraman, at all relevant times, has resided and been locaed *outside* Pennsylvania. There is therefore no general personal jurisdiction over Jayaraman.

Plaintiffs also have failed to plead the existence of specific personal jurisdiction over Jayaraman. "Specific jurisdiction is invoked when the cause of action arises from the defendant's forum related activities, such that the defendant should reasonably anticipate being

haled into court there." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 (3d Cir. 1996) (internal citations and quotation marks omitted). For specific personal jurisdiction to exist, three elements must be met: (1) the defendant must have purposefully directed its activities into the forum state; (2) the litigation must relate to those activities; and (3) the assertion of jurisdiction must otherwise comport with traditional notions of fair play and substantial justice. *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Plaintiffs have failed to establish—and cannot establish—any of these elements.

The *only* activities that allegedly occurred within Pennsylvania—by *any* party in this action—are one wire transfer into and three wire transfers out of a PNC Bank account by Defendant Vuppalapati on November 2 and 3, 2010. *See* Compl. ¶¶ 117–24. Jayaraman did not make the wire transfers, and he was not an owner of the PNC Bank account in question. In fact, the PNC Bank account belonged to PSI, one of the Plaintiffs. According to the Complaint, the "Defendants" made the first wire transfer from "PISL's Key Bank account located in the State of Washington" to "PSI's bank account at PNC Bank located in Pittsburgh, Pennsylvania." *Id.* ¶¶ 117–18. The next day, PSI made transfers from the PNC Bank account to bank accounts belonging to PISL, *id.* ¶¶ 121, 123, and to Prithvi Asia in Hong Kong, *id.* ¶ 124. Plaintiffs do not allege that Jayaraman knew that the PNC Bank transfers ever happened or took any specific actions to affect them. Therefore, there are no allegations supporting this Court's exercise of specific personal jurisdiction over Jayaraman. *Gov't Employees Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 165 (E.D. Pa. 2017) (dismissing one defendant for lack of personal jurisdiction where plaintiff was "unable to point to any allegation in its complaint, or other evidence, showing that [the defendant] ever took any actions—with or without [a co-defendant who was subject to personal jurisdiction]—in Pennsylvania or directed at Pennsylvania").

Even if Jayaraman was connected to the PNC Bank wire transfers, which he was not, there is still no basis for jurisdiction. Courts in this district have regularly dismissed claims against defendants where the only connection of the defendant to Pennsylvania is minimal. *See, e.g., Wall v. Corona Capital, LLC*, 221 F. Supp. 3d 652, 656 (W.D. Pa. 2016) (no specific personal jurisdiction over party that intended residents "to be third-party beneficiaries to the structured settlement petition and directed New York Life to send payments to [those residents] in Pennsylvania over the next five years" and dismissing complaint against that defendant); *Maser v. Deeble*, No. 17-99, 2017 WL 930795, at *6 (W.D. Pa. Mar. 9, 2017) (plaintiff had not "set out facts to show that Defendants aimed tortious conduct towards the state with the 'intentionality' that is required for specific jurisdiction" and "hold[ing] that Plaintiff has failed to meet his burden to establish specific personal jurisdiction over Defendants"); *Am. Guarantee & Liab. Ins. Co. v. Arch Ins. Co.*, No. 17-582, 2017 WL 4842413, at *7 (W.D. Pa. Oct. 26, 2017) (no specific personal jurisdiction where defendant merely entered into a contract with a Pennsylvania company and was listed as an "additional insured" on the Pennsylvania company's insurance policy).

Second, because the Complaint does not plead any specific actions by Jayaraman in Pennsylvania, the litigation necessarily cannot arise out of his minimal activities in Pennsylvania. The Third Circuit has required a causal connection between a plaintiff's claim and the defendant's activities in the forum state. *HS Real Co., LLC v. Sher*, 526 F. App'x 203, 206 (3d Cir. 2013). The second element "requires a closer and more direct causal connection than that provided by the but-for test." *Id.* If a plaintiff fails to plead this "direct causal connection," then personal jurisdiction has not been established. *Id.* (affirming dismissal where defendant was not subject to specific jurisdiction in New Jersey because plaintiffs' claims did not arise out of its

contacts with New Jersey).

Here, Plaintiffs did not—and cannot—allege any direct causal connection between Jayaraman's Pennsylvania-related activities and Plaintiffs' claims. Plaintiffs also did not allege *any* specific actions by Jayaraman in Pennsylvania, other than bald allegations he was "aware" of claimed breaches of fiduciary duty by Vuppalapati and "substantially assisted and encouraged" her by "arranging the transfer of Bond funds away from PSI" and that he took unspecified "actions in Pittsburgh, Pennsylvania to transfer the Bonds funds" and "created "bogus receivables on PSI's books and records." CMPL. ¶¶165-166, 210.  Even if Jayaraman were involved in the PNC bank wire transfers, there is not a sufficient direct causal connection between an incidental wire transfer and Plaintiffs' claims. *See D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 104 (3d Cir. 2009) ("[E]ven if these contacts could constitute purposeful availment of the privilege of conducting activities in Pennsylvania, appellants do not allege that their claims 'arise out of or relate to' these direct contacts within Pennsylvania."); *Ashcraft v. IDM Equip.*, No. 13-726, 2014 WL 123031, at *5 (W.D. Pa. Jan. 13, 2014) (recommending that plaintiffs' claims be dismissed for lack of jurisdiction, in part, because they "fail to allege any facts as to how their claim 'arise[s] out of or relate[s] to' this direct contact within Pennsylvania").

Third, the exercise of personal jurisdiction here does not comport with traditional notions of fair play and substantial justice. The Third Circuit has specifically held that factual allegations involving an in-state wire transfer were insufficient to establish personal jurisdiction. *Dollar Savings Bank,* 746 F.2d at 214–15. In *Dollar Savings Bank*, the court found that the minimum contacts required for due process had not been established when a non-resident bank did no more than borrow from and repay a loan to a Pennsylvania bank by wire transfer. *Id.* at

209. Other courts have held similarly that a wire transfer is not enough for personal jurisdiction. *See, e.g., T.J. Raney & Sons, Inc. v. Security Sav. & Loan Assoc.*, 749 F.2d 523, 525 (8th Cir. 1984) (affirming district court's dismissal of complaint for lack of personal jurisdiction where appellee's contacts with the forum state were limited to telephone calls and wire transfers of money); *Tatoian v. Andrews*, 100 F. Supp. 3d 549, 554 (W.D. Va. 2015) (dismissing complaint for lack of personal jurisdiction where defendant's only contact with the forum was a single wire transfer).

## 2. The Conspiracy allegations in the Complaint fail to establish personal jurisdiction.

Plaintiffs attempt to evade the absence of any Pennsylvania-specific allegations against Jayaraman by stating wrongly that the Court can exercise "absent co-conspirator personal jurisdiction" over him and the other Defendants. "Under Pennsylvania law, personal jurisdiction of a non-forum co-conspirator may be asserted only where a plaintiff demonstrates that substantial acts in furtherance of the conspiracy occurred in Pennsylvania and that the non-forum co-conspirator was aware or should have been aware of those acts." *See Santana Prod., Inc. v. Bobrick Washroom Equip.*, 14 F. Supp. 2d 710, 718 (M.D. Pa. 1998) (declining to assert jurisdiction over non-forum defendants, who were alleged co-conspirators). Plaintiff must allege facts showing that the purported non-forum co-conspirator was aware of the forum-related activities. *See Goodson v. Maggi*, 797 F. Supp. 2d 604, 621 (W.D. Pa. 2011) (declining to assert jurisdiction over non-forum defendant, an alleged co-conspirator, because no facts were alleged that he was aware of any alleged activities occurring in Pennsylvania).

Here, Plaintiffs cannot establish (i) that substantial acts in furtherance of the conspiracy occurred in Pennsylvania, or (ii) that Jayaraman was aware of any of the alleged activities occurring in Pennsylvania. First, as noted above, the only allegations related to Pennsylvania

are wire transfers into and out of a PNC Bank account located in Pennsylvania. *See* Compl. ¶¶ 117–24. These de minimis contacts simply do not rise to the level of "substantial." *See Aardvark Event Logistics, Inc. v. Bobcar Media LLC*, 2017 WL 59059, at *7 (E.D. Pa. 2017) (dismissing case for lack of jurisdiction, where plaintiff failed to identify "substantial acts . . . that took place in Pennsylvania in furtherance of the alleged conspiracy"); *Massachusetts School of Law v. American Bar Ass'n*, 846 F.Supp. 374, 379 (E.D. Pa. 1994) (holding "the co-conspirator jurisdictional theory is not applicable in this case because plaintiff has not alleged substantial acts . . . in Pennsylvania in furtherance of the conspiracy"), aff'd, 107 F.3d 1026, 1042 (3d Cir. 1997).

Second, there are no substantive allegations that Jayaraman was aware that the referenced wire transfers occurred in Pennsylvania or how he was so aware. This factor further merits dismissal, since Plaintiffs are obligated to plead facts demonstrating that alleged co-conspirators were aware of the Pennsylvania-specific activity. *See Doe v. Hesketh*, 15 F. Supp. 3d 586, 598 (E.D. Pa. 2014) (dismissing case for lack of jurisdiction where plaintiff did not plead with particularity how the non-forum coconspirator was aware or should have been aware of the acts in furtherance of the conspiracy); *Goodson*, 797 F. Supp. 2d at 621. The Complaint's conclusory allegations regarding Jayaraman's purported participation in a conspiracy are insufficient to establish jurisdiction.

The Court must dismiss Jayaraman from this action as a matter of law. *Eurofins*, 623 F.3d at 156 (affirming dismissal as a matter of law where, "even accepting [plaintiff's] allegations in the complaint as true, they fail to establish a prima facie case of personal jurisdiction"); *Fatouros*, 627 F. App'x at 88 (affirming district court's dismissal for lack of personal jurisdiction where plaintiff "did not present factual allegations that suggested with

reasonable particularity the possible existence of the requisite minimum contacts");

*Sathianathan*, 248 F. App'x at 347 (affirming dismissal on personal jurisdiction grounds without "jurisdictional discovery" where "plaintiff failed to make even a threshold showing of jurisdiction"); *Phunware, Inc. v. Excelmind Grp. Ltd*., 117 F. Supp. 3d 613, 631 (D. Del. 2015) (granting motion to dismiss for lack of personal jurisdiction where complaint failed to "establish with reasonable particularity the possible existence of requisite contacts" with the forum state).

**B.    The RICO Claim, Which Is the Only Basis for This Court's Subject Matter Jurisdiction, Must Be Dismissed As Insufficiently Plead.**

**1.    The Complaint fails to allege a plausible RICO claim**

Plaintiffs' RICO allegations fail to state a plausible claim for relief and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have asserted that Defendants violated 18 U.S.C. § 1962(c). *See* Compl. ¶ 283. "To plead a RICO claim under § 1962(c), 'the plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Ne. Revenue Servs., LLC v. Maps Indeed, Inc.*, 685 F. App'x 96, 101 (3d Cir. 2017) (quoting *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010)). Plaintiffs were required to plead all four elements but have failed to do so.

**a.    Plaintiffs fail to plead fraud with the specificity required by Rule 9(b) and RICO**

Plaintiffs' RICO claim alleges fraud, and Plaintiffs failed to satisfy the particularity requirement embodied in Federal Rule of Civil Procedure 9(b). Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Claims that sound in fraud are subject to the heightened pleading requirements of Rule 9(b). *See Travelers Indem. Co. v. Cephalon, Inc.*, 32 F. Supp. 3d 538, 551

(E.D. Pa. 2014) ("Because these allegations sound in fraud, the claims must be pleaded with particularity under the Rule 9(b)."), *aff'd*, 620 F. App'x 82 (3d Cir. 2015); *Cevdet Aksut Ogullari Koll. Sti v. Cavusoglu*, 245 F. Supp. 3d 650, 658 (D.N.J. 2017) ("It is well settled that all claims sounding in fraud, including RICO claims, must be alleged with particularity."), *aff'd*, 2018 WL 6016549 (3d Cir. Nov. 16, 2018). If a plaintiff invokes fraud in asserting a cause of action, it must plead that claim with particularity. *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 717 (3d Cir. 1996) ("[A]lthough fraud is not a necessary element of a [negligence] claim under section 12(2), section 12(2) claims that do sound in fraud must be pled with particularity.").

Plaintiffs in the Complaint allege predicate acts dependent on purportedly fraudulent conduct, at times describing Defendants' conduct as a "fraudulent scheme." *E.g.,* Compl. ¶ 10. The words "fraud," "fraudulent," and "defraud" are used nineteen times in the Complaint, including the vague and conclusory allegation that various Defendants "engaged in fraudulent activities." Compl. ¶¶ 42, 46, 51, 54, 59, 64, 69, 73, 77, 81, 85, 89, 110, 114, 137, 263, 264; *see also* ECF No. 1-1 (civil cover sheet describing cause of action as "[f]raud and conspiracy to convert money in violation of RICO and PA state common law"). The crux of the Complaint is that certain Defendants fraudulently removed $35,000,000 of funds from an escrow account, distributed those funds among various Defendants, and fraudulently concealed these financial transactions with "bogus receivables" on PSI's books and records. *See, e.g.,* Compl. ¶¶ 107–143. Since the claims sound in fraud, Plaintiffs must satisfy the requirements of Rule 9(b).

To satisfy Rule 9(b), a plaintiff must "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007); *Allen Neurosurgical Assocs., Inc. v. Lehigh Valley Health Network*, No. 99-4653, 2001 WL 41143, at *3 (E.D. Pa.

Jan. 18, 2001) (holding that in cases involving fraud, Rule 9(b) "generally requires a plaintiff to plead the who, what, when, and where details of the alleged fraud." (internal quotation marks and citations omitted)). Plaintiffs have completely failed to satisfy this requirement as, for example, the Complaint fails to allege with specificity which Defendant is alleged to have committed each act. When pleading under Rule 9(b), a plaintiff's complaint "cannot contain collectivized allegations against 'defendants.'" *Donnelly v. Option One Mortg. Corp.*, No. 11-7019, 2014 WL 1266209, at *6 (D.N.J. Mar. 26, 2014); *see also Naporano Iron & Metal Co. v. Am. Crane Corp.*, 79 F. Supp. 2d 494, 511 (D.N.J. 1999) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statement to 'defendant.'"). Rather, "[a] plaintiff must plead fraud with particularity with respect to each defendant [to] inform each defendant of the nature of its alleged participation in the fraud." *Id*.

Here, Plaintiffs only generally allege that "Defendants" committed various acts in furtherance of the purported "fraudulent scheme":

- "On or about November 2, 2010, ***Defendants*** transferred approximately $35,000,000 USD from Key Bank located in the State of Washington to PSI's bank account at PNC Bank located in Pittsburgh, Pennsylvania." Compl. ¶ 118 (emphasis added).

- "***Defendants*** never had any intention of permitting PSI to utilize the Bonds funds or to otherwise restructure the Bonds as ostensibly indicated in the SSG Capital Partners' Agreement and VTC Agreement." *Id.* ¶ 119 (emphasis added).

- "On or about November 3, 2010, PSI, at ***Defendants'*** behest, transferred approximately $7,000,000 USD of the $35,000,000 USD to PISL." *Id.* ¶ 123 (emphasis added).

- "In order to further disguise the actual use of the Bonds funds, ***Defendants*** created bogus receivables on PSI's books and records regarding funds owing from SSG Capital Partners and SSG Hong Kong to PSI and funds owing from VTC to PSI." *Id.* ¶ 126 (emphasis added).

These allegations fail to specify what conduct any individual Defendant is alleged to have

committed.

Further the Complaint fails to allege plausible claims even under Rule 8, which requires a complaint to provide more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555. (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fleisher v. Standard Ins. Co*., 679 F.3d 116, 120 (3d Cir. 2012) ("[A] complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).

### b.      Plaintiffs fail to plead the existence of an enterprise

The Third Circuit has explained that "a RICO claim must plead facts plausibly implying the existence of an enterprise with the structural attributes identified in [*Boyle v. United States*, 556 U.S. 938 (2009)]: a shared 'purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 369–70 (3d Cir. 2010) (quoting *Boyle*, 556 U.S. at 946) (collecting cases). Here, Plaintiffs have alleged that Defendants constitute an association-in-fact. Compl. ¶¶ 235, 237–43; RICO Case Statement, ECF No. 5, at 6.a. But Plaintiffs do not plead facts supporting the existence of an association-in-fact enterprise. Instead, they assert only conclusory allegations, such as:

- "As previously set forth herein, all Defendants engaged in conduct with the common purpose to divert the Bonds funds away from PSI and to Defendants." Compl. ¶ 232.

- "Defendants are interrelated as spouses and/or business partners who conducted their activities individually and through legal entities." *Id.* ¶ 233.

- "Defendants' association had a sufficient duration which allowed Defendants to achieve their common purpose to divert the Bonds funds away from PSI and to Defendants." *Id.* ¶ 234.

These allegations only recite the boilerplate legal standard for what constitutes an

enterprise. They do not state a plausible claim:

> *Plaintiff has not alleged any facts* regarding an on-going organization or any on-going decision-making. Nor has Plaintiff alleged any facts regarding an actual role for each Defendant or how they collaborated or coordinated their activities in a functional continuing unit. Moreover, contrary to Plaintiff's conclusory assertion in her RICO Statement, *Plaintiff has not pled any facts* regarding the existence of any activities beyond the alleged racketeering. *Plaintiff therefore has failed to set forth facts* from which the existence of an enterprise can be inferred.

*Wood v. Wood*, No. 16-995, 2017 WL 57186, at *5 (W.D. Pa. Jan. 5, 2017) (emphasis added); *see also Valcom, Inc. v. Vellardita*, No. 13-3025, 2014 WL 1628431, at *7 (D.N.J. Apr. 23, 2014) (dismissing RICO claim where "Plaintiff has not plausibly alleged the existence of anything which operated as a continuing unit in which each person performed a role in the group consistent with the organizational structure which furthers the activities of the organization" (internal quotation marks, alterations, and citations omitted)); *Ferguson v. Moeller*, No. 16-41, 2016 WL 1106609, at *7 (W.D. Pa. Mar. 22, 2016) (association-in-fact enterprise insufficiently pleaded where "[t]here are no allegations regarding ongoing organization or decision-making, an actual role for each Defendant in a functional unit, or the existence of any activities beyond the alleged racketeering").

### c.     Plaintiffs fail to plead the "conduct" of an enterprise

Similarly, Plaintiffs have not alleged facts demonstrating the conduct of an enterprise for civil RICO claim purposes. "Mere association with an enterprise does not violate § 1962(c)." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d at 370–71. Rather, to satisfy the "'conduct or participate' element requires a defendant to 'have some part in directing those affairs.'" *Id.* (quoting *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993)). That is "one is not

liable under [§ 1962(c)] unless one has participated in the operation or management of the enterprise itself." *Id.* (quoting Reves, 507 U.S. at 183). Plaintiffs are therefore required to allege facts demonstrating that each Defendant participated in the operation or management of the enterprise.

The Complaint contains no factual allegations to support this conclusion. *See* Compl. ¶¶ 97–147. Plaintiffs have therefore failed to plead this aspect of their RICO claim. *See Zazzali v. Hirschler Fleischer, P.C.*, 482 B.R. 495, 516 (D. Del. 2012) ("While the Complaint formulaically recites that Defendant was in 'control' of the RICO enterprise, this threadbare recital of 'control' is insufficient, as the Complaint fails to plead any facts demonstrating that Defendant was in control."); *In re Aetna UCR Litig.*, No. 07-3541, 2015 WL 3970168, at *31 (D.N.J. June 30, 2015) ("These plaintiffs have not made factual allegations demonstrating that any defendant knowingly conducted or participated in the conduct of the enterprise's affairs, as opposed to its own affairs, and that it did so through a pattern of racketeering activity." (internal quotation marks, citations, and alterations omitted)).

## 2. Without Plaintiffs' RICO claim, there is no subject matter jurisdiction.

The RICO claim is the only basis for federal question jurisdiction. The other nine counts in the Complaint all plead pendent state-law causes of actions. Diversity jurisdiction is unavailable. *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997) (explaining that "in suits between aliens on one side of the controversy and aliens and citizens on the other" diversity jurisdiction may not be invoked). If the Court dismisses the RICO claim, it may dismiss the remaining state-law claims as well. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction.").

The Third Circuit has explained that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting B*orough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). This rule is applied where a RICO claim is the only basis for federal jurisdiction. *See V-Tech Servs., Inc. v. St.*, 215 F. App'x 93, 96 (3d Cir. 2007) (affirming district court's refusal to exercise supplemental jurisdiction over state-law claims after dismissing RICO claim); *Ferguson v. Moeller*, No. 16-41, 2016 WL 4530383, at *10 (W.D. Pa. Aug. 30, 2016) (holding that "[p]laintiffs have failed to plead cognizable RICO claims over which this Court has original jurisdiction" and "[t]herefore, the Court 'must' decline to exercise supplemental jurisdiction over the pendent state law claims"); *Rock v. Ribbons Express, Inc.*, No. 09-1127, 2009 WL 10687747, at *3 (E.D. Pa. Nov. 30, 2009) ("Having dismissed Plaintiff's RICO claim, we find no justification to exercise jurisdiction over Plaintiff's state law claims.").

### C.     *Forum Non Conveniens* **Provides an Independent Basis for Dismissal of the Action.**

The Court is also empowered to dismiss this action under the doctrine of *forum non conveniens*, which "empowers federal courts to dismiss an action when 'a foreign tribunal is plainly the more suitable arbiter of the merits of the case.'" *Path to Riches, LLC v. CardioLync, Inc.*, 290 F. Supp. 3d 280, 284 (D. Del. 2018) (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 425 (2007)). As explained above, Pennsylvania has minimal, if any, connection to any of the parties—including Plaintiffs—or to the allegations in the action. Plaintiffs are not from Pennsylvania and have no contacts here: Kyko is a Canadian company; Kyko Global is a Bahamian company; and Prithvi Solutions, Inc. is a Delaware Corporation with

no alleged connection to Pennsylvania. Compl. ¶¶ 1–3. Plaintiffs' choice therefore is entitled to little weight. *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013) ("Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference."); *see also Windt v. Qwest Comm'ns Int'l, Inc.*, 529 F.3d 183, 191 (3d Cir. 2008) (holding that because foreign plaintiff had "no connections to New Jersey" beyond the litigation, "the District Court did not abuse its discretion in according the Trustees' choice of forum a low degree of deference"); *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 74 (2d Cir. 2003) (holding that "plaintiffs and their case have only a faint connection to the United States and thus their choice of forum does not merit the same substantial deference afforded to a suit initiated in a plaintiff's home forum.

Furthermore, the relevant parties, witnesses, and evidence are all located outside Pennsylvania. The Complaint establishes that all Defendants reside outside the United States. *See* Compl. ¶¶ 8, 12, 14, 15, 17, 21, 25, 29, 31, 36, 38. There are no allegations supporting the presence of any witnesses in the United States, and the only activities in the entire Complaint that allegedly occurred within Pennsylvania are wire transfers into and out of a PNC Bank account. *See* Compl. ¶¶ 117–24; *Kisano Trade*, 737 F.3d at 878 (because "[t]he location of the parties, their witnesses, and the availability of evidence favor resolution in Israel . . . [t]he District Court did not abuse its discretion in concluding that the private interest factors weighed in favor of dismissal").

Manifestly, this case should be dismissed based on the doctrine of *forum non conveniens*.

III.     <u>CONCLUSION</u>

This Court should dismiss Jayaraman from this action for any of the three above-stated reasons: (i) there is no personal jurisdiction over Jayaraman; (ii) Plaintiffs' RICO claim is insufficiently plead such that it should be dismissed and the Court should decline to exercise supplemental jurisdiction over the remaining state-law claims; and (iii) *forum non conveniens* due the fact this action has no connection to Pennsylvania.

Respectfully submitted,

ELLIOTT & DAVIS PC

By: <u>/s/ Jeffrey T. Morris</u>
      Jeffrey T. Morris, Esquire
      PA ID #31010
      6425 Living Place, Suite 200
      Pittsburgh, PA 15206
      morris@elliott-davis.com
      Tel:  (412) 434.4911, ext. 34
      Fax: (412) 774.2168

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing Brief in Support of Defendant Anandhan Jayaraman's Motion to Dismiss has been served by Electronic mail, this 11th day of November 2019, upon the following:

Joseph F. Rodkey, Jr, Esq.
FOWKES RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont PA 15139

Jason M. Maceyda, Esq.
Kyko Global, Inc.
P. O. Box 87491
Canton, MI 48187

Michael H. Ginsberg, Esq.
John D Goetz, Esq.
Douglas Baker, Esq.
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA 15219

/s/ *Jeffrey T Morris*
Jeffrey T. Morris

<u>CERTIFICATE</u>

I, Jeffrey T Morris, certify that on November 8, 2019, prior to filing of the within Motion to Dismiss on behalf of Defendant Anandhan Jayaraman I conferred telephonically with Plaintiff's counsel of my intention to file the Motion but the issues to be raised in the Motion could not be resolved.

*/s/ Jeffrey T. Morris*
Jeffrey T Morris
Counsel for Defendant Anandhan Jayaraman

Dated: <u>11/08/2019</u>