IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., *et al*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PRITHVI INFORMATION SOLUTIONS, LTD., *et al*, <br><br> *Defendants*. | Civil Action No. 2:18-cv-1290 <br><br> Hon. William S. Stickman, IV |

## **ORDER OF COURT**

Before the Court is the Motion for Joinder to SSG Defendants' Motion to Dismiss (ECF No. 72) purportedly filed by Value Team Corporation ("VTC"), as well as Plaintiffs' Motion to Deem Requests for Admission Directed to VTC Admitted (ECF No. 76), and Motion to Establish Service of Process Date as to VTC (ECF No. 91). For the reasons set forth herein, the Court will deny "VTC's" Motion for Joinder to SSG Defendants' Motion to Dismiss and Plaintiffs' Motion to Deem Requests for Admission Admitted. Finally, the Motion to Establish Service of Process Date as to VTC will also be denied.

Although this action was filed on September 26, 2018, VTC did not appear, file an Answer or other responsive pleading, or otherwise participate in this litigation for nearly a year. Then, on September 18, 2019, counsel for SSG Defendants,[1] an attorney with the Jones Day law firm, purported to enter his appearance for Value Team Corporation ("VTC") (ECF No. 64) stating

---

[1] The SSG Defendants are composed of: SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis.

(perhaps quixotically) that he represents an entity which no longer exists. *See* 9/18/2016 Notice of Appearance, ¶2 ("VTC has been an inactive and defunct entity since 2016."). Nevertheless, counsel purported to accept service of Plaintiffs' Complaint on behalf of VTC as of that day. *Id.* at ¶5. Before the Court may consider the substantive issues in the parties' outstanding Motions regarding VTC, it must first determine the extent that VTC, as an allegedly defunct entity, can participate in these proceedings.

VTC, a British Virgin Islands ("BVI") Corporation, was struck off BVI's Registry of Corporate Business Affairs on November 1, 2016. *See* Plaintiffs' Brief in Opposition to Motion for VTC to Joint SSG Defendants' Motion to Dismiss (ECF No. 90), Exhibit E. The Jones Day law firm seemingly acknowledged during November 4, 2019, oral argument that they have had no client contact with VTC as it is a "defunct"[2] corporation. *See also* 9/18/2019 Notice of Appearance. In fact, the Jones Day law firm's Notice of Appearance specifically states, "out of an abundance of caution, the undersigned enter their appearance on behalf of VTC in order to protect the interests of the SSG Defendants against any attempts by Plaintiffs to obtain a judgment against VTC and then pursue that judgment against the SSG Defendants." *See id.* at ¶ 4. The Court is unable to ascertain if the Jones Day law firm's appearance is entered with the consent of VTC, a liquidator, a receiver, a resident agent, or nobody.

The Notice of Appearance acknowledges that the appearance was entered "to protect the interests of the SSG Defendants against any attempts by Plaintiffs to obtain a judgment against VTC and then pursue that judgment against the SSG Defendants." *Id.* at ¶4. It is apparent to the Court from the parties' filings that some of the SSG Defendants were once employed by and

---

[2] Black's Law Dictionary defines "defunct" as "[n]ot existing or useful anymore; extinct; dissolved; terminated." *Defunct,* Black's Law Dictionary (11th ed. 2019).

operated VTC. Thus, counsel's appearance—by its very language—was directed to the protection of SSG from the potential secondary liability incidental to a VTC default.

Fed. R. Civ. P. 17(b) governs when a party has the capacity to be sued in federal court. "Capacity is conceived to be a party's personal right to litigate." 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1542 (3d ed. August 2019 Update). In this case, VTC's capacity to be sued and to participate in these proceedings is governed by the law under which VTC was organized. *See* Fed. R. Civ. P. 17(b)(2). All parties agree that VTC is a BVI Corporation. Likewise, there is no dispute that VTC was struck off BVI's Registry of Corporate Business Affairs on November 1, 2016.

VTC is, as the 9/18/2018 Notice of Appearance states, a defunct entity. But what does this mean for its participation in this action? The answer hinges on the application of the British Virgin Islands Business Companies Act of 2004 ("BCA"). In interpreting foreign law, such as the BCA, this Court is guided by Fed. R. Civ. P. 44.1 which provides, in pertinent part:

> In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence.

The advisory committee's note to Rule 44.1 explains:

> In further recognition of the peculiar nature of the issue of foreign law, the new rule provides that in determining this law the court is not limited by material presented by the parties; it may engage in its own research and consider any relevant material thus found.

Fed. R. Civil P. 44.1 advisory committee's note. Thus, the Court is permitted to examine and interpret the relevant terms of the BCA.

The BCA, which became effective on January 1, 2005, is the principal statute of the BVI relating to BVI company law, regulating both offshore companies and local companies. It was, therefore, effective on November 1, 2016, when VTC was struck off the Register. Section 215(1) of the BCA outlines the effect of a company's being struck off:

3

> (1) Where a company has been struck off the Register, the company and the directors, members and any liquidator or receiver thereof, may not
>
>> (a) Commence legal proceedings, carry on any business or in any way deal with the assets of the company;
>>
>> (b) ***Defend any legal proceedings, make any claim or claim any right for, or in the name of, the company***; or
>>
>> (c) Act in any way with respect to the affairs of the company.

(emphasis added). The BCA provides only limited exceptions to the general prohibition of struck off companies from participating in litigation:

> (2) Notwithstanding section (1), where a company has been struck off the Register, the company, or a director, member, liquidator or receiver thereof may,
>
>> (a) Make application for the restoration of the company to the Register;
>>
>> (b) Continue to defend proceedings that were commenced against the company prior to the date of the striking-off; and
>>
>> (c) Continue to carry on legal proceedings that were instituted on behalf of the company prior to the date of striking off.

BCA, §215(2).

VCA was stuck off the BVI's Register on November 1, 2016, well over a year before this action was filed. Thus, the exceptions of Section 215(2) are inapplicable. Under the plain language of Section 215(b), VTC may not "defend any legal proceedings, make any claim or claim any right for, or in the name of, the company, or act in any way with respect to the affairs of the company." BCA Section 215(1)(b) and (c).

Under Fed. R. Civ. P. 17(b), VTC's capacity to sue or be sued or otherwise participate in this action is governed by the law of the BVI. Because VTC was struck off the BVI's Register on November 1, 2016, it does not have the capacity to appear, defend itself or otherwise participate

in this litigation. VTC cannot be given more rights in this Court than it would have in its own country of origin.

Thus, this 15th day of November 2019, IT IS HEREBY ORDERED that VTC's Notice of Appearance (ECF No. 64) is **STRICKEN**, as is its Motion to Join SSG Defendants' Motion to Dismiss (ECF No. 72). For the same reason, Plaintiffs' Motion to have Requests for Admission Deemed Admitted against VTC (ECF No. 76) is **DENIED**. VTC, which cannot appear, proceed and participate in this case is not subject to the obligations of discovery. Finally, Plaintiffs' Motion to Establish Service of Process Date as to VTC (ECF No. 91) is **DENIED** as redundant to their Motion for Entry of Default Judgment (ECF No. 48), which this Court denied without prejudice by its September 5, 2019, Order (ECF No. 62).

BY THE COURT:

_____
WILLIAM S. STICKMAN, IV
UNITED STATES DISTRICT JUDGE