IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation<br><br>    Plaintiffs,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company | Case No.   2:18-cv-1290 |

## MOTION TO WITHDRAW ADMISSIONS

Defendant Anandhan Jayaraman ("Jayaraman") by his undersigned counsel files the within Motion pursuant to F.R.C.P. Rule 36 (b) to Withdraw Admission of matters assertedly deemed admitted under Rule 36 (a) (3) of the Federal Rules of Civil Procedure and states as follows:

1.  Plaintiffs through counsel claim to have served upon Jayaraman certain Jurisdictional Discovery Requests in September 2019 while Jayaraman was *pro se* which were

not responded to within 30 days thereafter.  A true and correct copy of the Jurisdictional Discovery Requests is attached as Exhibit "A".

2. Said Jurisdictional Discovery Requests included certain embedded Requests for Admission which also included certain Requests for Production of Documents and Interrogatories.  Of some significance, the Jurisdictional Discovery requests in their caption and title do not specifically state they contain Requests for Admission nor is there any admonishment or warning that failure to respond to those Requests within 30 days will be a deemed an admission.  This is of significance because the Jurisdictional Discovery Requests were served upon Jayaraman as a *pro se* party defendant in this action.

3. Plaintiffs have contended in this proceeding that because the embedded Requests for Admission in the Jurisdictional Discovery Requests were not responded to within 30 days of service upon Jayaraman they are deemed admitted by virtue of Rule 36(a)(3) F.R.C.P.

4. Pursuant to Rule 36 (b) F.R.C.P. with respect to deemed admission of Requests for Admission "… The court may permit withdrawal or amendment if it would promote the presentation of <u>the merits of the action</u> and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action <u>on the merits</u>…".  (Emphasis supplied).  *C.J. Hughes Constr. Co. v. Eqm Gathering Opco, LLC*, 358 F. Supp. 3d 486 (W.D. Pa. 2019).  Rule 36 (b) permits a court to exercise discretion when deciding whether or not to permit a withdrawal or amendment of requests for admission. *Gwynn v. City of Phila.*, 719 F.3d 295, 298–99 (3d Cir.2013); *In re Wolf*, 556 B.R. 676, 685 (Bankr. E.D. Pa. 2016), *aff'd*, 573 B.R. 179 (E.D. Pa. 2017), *subsequently aff'd*, 739 F. App'x 165 (3d Cir. 2018) (citation omitted).

5. It is submitted by Jayaraman that permitting withdrawal of the claimed deemed admissions to the Requests for Admission contained in the Jurisdictional Discovery Requests

will promote the presentation of the merits of the jurisdictional issue raised by Jayaraman in his Motion to Dismiss as well as by other Defendants in this proceeding.

6. The matters contained in the Requests for Admission embedded in the Jurisdictional Discovery Requests largely consist of conclusory statements pertaining to jurisdiction of this Court over Defendant Jayaraman and others, the substance of which is largely if not completely contradicted as to Jayaraman by prior judicial admissions made by at least two of the Plaintiffs in the present action by virtue of the Complaint filed in prior litigation advanced by them against Jayaraman and others in the United States District Court for the Western District of Washington at No. 2: 13-cv-01034. Permitting the amendment of responses to a request for admissions is in the interests of justice if the record demonstrates that the `admitted' facts are contrary to the actual facts." *Federal Deposit Ins. Corp. v. Prusia,* 18 F.3d 637 (8th Cir. 1994).

This factor also substantially undercuts any credible claim of prejudice by Plaintiffs due to withdrawal of the subject admissions. Moreover, it should be noted Rule 36 should not be used "to establish facts which are obviously in dispute or to answer questions of law." *Kosta v. Connolly,* 709 F. Supp. 592, 592 (E.D. Pa. 1989).

7. Further, on the subject of lack of prejudice to Plaintiffs allegedly flowing from an order withdrawing the claimed deemed admissions by Jayaraman, the following passage from the opinion in *Miles v. Elliot*, CIVIL ACTION NO. 94-4669 (E.D. Pa. Mar. 10, 2011) is pertinent:

> Plaintiff cannot reasonably have believed that by their non-response defendants intended to admit facts that would have the practical effect of conceding important elements of plaintiff's case. "And if he did rely on that assumption, this court is loathe to reward what would have been an unreasonable reliance in order to glorify technical compliance with the rules of civil procedure." *Westmoreland v. Triumph Motorcycle Corp.,* 71 F.R.D. 192 (D.C. Conn. 1976); *see also Conlon v. United States*, 474 F.3d

> 616, 624 (9th Cir. 2007) ("Although [defendant] relied on the deemed admissions in choosing not to engage in any other discovery, . . . we are reluctant to conclude that a lack of discovery, without more, constitutes prejudice."); *Human Resource Dev. Press, Inc. v. IKON Office Solutions Inc.*, 246 F.R.D. 82, 86 (D. Mass. 2007) (granting motion to withdraw deemed admissions where, "although [defendant] might well have sought withdrawal sooner, [plaintiff] can hardly be surprised by [defendant's] request").

*Miles v. Elliot*, CIVIL ACTION NO. 94-4669, at *6 (E.D. Pa. Mar. 10, 2011).

It is submitted Plaintiffs cannot be deemed prejudiced by an order now withdrawing the asserted deemed admissions respecting the jurisdictional discovery directed to Jayaraman by their anticipated contention they relied on same in not proceeding to diligently pursue the deposition of Jayaraman in the course of jurisdictional discovery. Such reliance in any event was not reasonable.

        8.      Moreover, contrary to Plaintiff's contention that it is mandatory to file a motion under Rule 36 (b) to obtain an order withdrawing or amending a deemed admission, Plaintiffs themselves filed a Motion to Deem Admitted Requests for Admission directed to Defendant Value Team Corporation [Doc. No. 76] when a similar set of jurisdictional Requests for Admission directed to another Defendant in this case were not responded to within 30 days, rather than simply asserting the Requests were deemed admitted without further ado. Significantly, this Court denied that Motion. [Doc. No. 106]. Further in this regard, A formal motion is not always necessary to grant leave for withdrawal of admissions. *U.S. v. Petroff – Kline*, 557 F.3d 285, 293 (6th Cir.2009). Instead, "a withdrawal or request to withdraw ...may be imputed from a party's actions." *Chancellor v. City of Detroit*, 454 F.Supp.2d 645, 666 (E.D.Mich.2006) (emphasis in original) (citation omitted); *see Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153–154 (6th Cir.1997) (counsel's oral arguments, without using the words, "I move," constitute sufficient request for withdrawal of admission).

9.  Jayaraman's responses to the Jurisdictional Discovery Requests, including the embedded Requests for Admission are attached as Exhibit "B".

WHEREORE, Defendant Jayaraman requests the entry of Order Pursuant to F.R.C.P. Rule 36 (b) permitting withdrawal of certain claimed admissions by Jayaraman respecting Plaintiffs' Jurisdictional Discovery Requests pursuant to F.R.C.P. Rule 36 (a) (3).

Respectfully submitted,

ELLIOTT & DAVIS PC

By: /s/ Jeffrey T. Morris
Jeffrey T. Morris, Esquire
PA ID #31010
6425 Living Place, Suite 200
Pittsburgh, PA 15206
morris@elliott-davis.com
Tel:  (412) 434.4911, ext. 34
Fax: (412) 774.2168

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing Defendant Jayaraman Motion Pursuant to F.R.C.P. Rule 36 (b) to Withdraw Admission has been served by Electronic mail, this 15th day of January 2020, upon the following:

Joseph F. Rodkey, Jr, Esq.
FOWKES RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont PA 15139

Jason M. Maceyda, Esq.
Kyko Global, Inc.
P. O. Box 87491
Canton, MI 48187

Michael H. Ginsberg, Esq.
John D Goetz, Esq.
Douglas Baker, Esq.
JONES DAY
500 Grant St., Suite 4500
Pittsburgh, PA 15219

/s/ *Jeffrey T Morris*
Jeffrey T. Morris

## CERTIFICATION OF COUNSEL

In accordance with the court's interim chambers rules I hereby certify I conferred in good faith with counsel for Plaintiffs concerning the within Motion to Withdraw Admissions and further contacted the Court to schedule a telephone conference call respecting the Motion prior to filing same. Plaintiffs' counsel declined to consent to the Motion and I was informed by this Court that the scheduling of a conference call concerning the Motion would not be required.

Dated:  01/15/2020                               */s/ Jeffrey T. Morris*_____
                                                 Jeffrey T. Morris
                                                 counsel for Defendant, Anandhan Jayaraman