IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., *et al*,<br><br>        *Plaintiffs*,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD., *et al*,<br><br>        *Defendants*. | Civil Action No. 2:18-cv-1290<br><br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Plaintiffs' Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 128) and supporting brief (ECF No. 129). For the following reasons, the Court hereby DENIES the motion.

By September 5, 2019 Order, the Court denied Plaintiffs' request (ECF No. 46) and motion for default judgment (ECF No. 48) against Defendant Value Team Corporation ("VTC") without prejudice to seek such relief at a later stage in the case. (ECF No. 62). Then, on September 18, 2019, counsel for SSG Defendants, an attorney with Jones Day law firm, which also represents other Defendants in the case, purported to enter his appearance for VTC stating that he represented an entity which no longer exists. (ECF No. 64). The Court was next presented with a Motion for Joinder to SSG Defendants' Motion to Dismiss purportedly filed by VTC (ECF No. 72), as well as Plaintiffs' Motion to Deem Requests for Admissions Directed to VTC Admitted (ECF No. 76) and Motion to Establish Service of Process Date as to VTC (ECF No. 91).

By November 15, 2019 Order, the Court addressed the issue of whether VTC could participate in the proceedings as it was unable to ascertain if the Jones' Day law firm's appearance

1

was entered with the consent of VTC, a liquidator, a receiver, a resident agent or nobody. (ECF No. 106). It was struck by the fact that the Notice of Appearance was entered to protect the SSG Defendants from the potential secondary liability incidental to a VTC default. (ECF No. 106, pp. 2-3). There was no dispute that VTC, a British Virgin Islands ("BVI") Corporation was struck off BVI's Registry of Corporate Business Affairs on November 1, 2016. The Court ultimately determined that because VTC was struck off of the BVI's Registry, it did not have the capacity to appear, defend itself or otherwise participate in this litigation. Therefore, the Court struck VTC's Notice of Appearance (ECF No. 64) as well as its Motion to Join SSG Defendants' Motion to Dismiss (ECF No. 72). It denied Plaintiffs' Motion to Have Request to Admission Deemed Admitted against VTC noting that VTC, which could not participate in the litigation, was not subject to the obligations of discovery. Lastly, it denied Plaintiffs' Motion to Establish Service of Process Date as to VTC (ECF No. 91) as redundant to their prior Motion for Entry of Default Judgment (ECF No. 48), which the Court denied without prejudice. Plaintiffs' sought reconsideration of this ruling (ECF No. 107), which the Court denied on March 10, 2020 (ECF No. 122). Plaintiffs filed the instant Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b). (ECF No. 128).

First, Plaintiffs have misconstrued the Court's orders. VTC has not been dismissed from this case. It has the capacity to be sued. What VTC does not have is the capacity to appear, defend itself or otherwise participate in this litigation due to its being struck off of the BVI Registry. The Court has not precluded Plaintiffs from seeking a default judgment against VTC, and Plaintiffs were informed in prior orders that their request was simply premature. Plaintiffs can obtain a final judgment for the purposes of certification under Rule 54(b) by obtaining default judgment against VTC.

Second, the Court's November 15, 2019 Order was not a final judgment order, and the Court will not deem it one under FED. R. CIV. P. 54(b).[1] Plaintiffs characterize *Johnson v. Helicopter & Airplane Serv.'s Corp.*, 389 F. Supp. 509, 517 (D. Md. 1974) as a case where a federal district court certified an order that had dismissed a defendant under Rule 17(b) for appeal under Rule 54(b). The critical distinction between this case and *Johnson*, however, is that the order in *Johnson* dismissed a plaintiff's complaint for lack of capacity to be sued and entered final judgment under Rule 54(b). Here, the Court's order of November 15, 2019 merely struck the appearance of an attorney purporting to represent VTC. It did not dismiss VTC as a Defendant or enter final judgment. Striking the appearance of an attorney for a party under Rule 17(b) alone and holding that a party does not have does not the capacity to appear, defend itself or participate in litigation does not qualify as a final judgment warranting certification under Rule 54(b).

---

[1] A judgment can be certified for appeal under Rule 54(b) by a federal district court if it is final as to particular claims or parties and there is no reason for delay. FED. R. CIV. P. 54(b); *Tilden Fin. Corp. v. Palo Tire Serv., Inc.*, 596 F.2d 604, 606 (3d Cir 1979). The burden is on the party moving for certification. *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003–04 (3d Cir. 1992). A federal district court has broad discretion in determining whether certification is appropriate. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)). A certification analysis under Rule 54(b) consists of two steps. First, a court must determine where there has been an ultimate disposition on a claim for relief qualifying as a "final judgment." *Elliott v. Archdiocese of New York*, 682 F.3d 213, 220 (3d Cir. 2012). What is "final" for the purposes of Rule 54(b) is largely coextensive with what qualifies as "final" under 28 U.S.C. § 1291. 10 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2656 (4th ed. 2020). Second, if there has been a final judgment, a court must determine where there is any just reason for delay. At the second step, a court may consider the following non-exhaustive list of factors in balancing judicial administrative interests with the equities: 1) the relationship between adjudicated and unadjudicated claims, 2) the possibility that the need for review might be mooted by future developments, 3) the possibility that the reviewing court might have to consider the same issue a second time, 4) the presence of a counterclaim that could result in a set-off against a judgment sought to be certified, 5) delay, 6) economic and solvency considerations, 7) the desire to shorten the time for trial, 8) frivolity of competing claims, and 9) expenses. *Curtiss-Wright Corp.*, 446 U.S. at 8 & n.2; *Elliott*, 682 F.3d at 220.

AND NOW, this 6th day of July 2020, Plaintiffs' Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (ECF No. 128) is HEREBY DENIED.

                                                */s/ William S. Stickman IV*
                                                WILLIAM S. STICKMAN IV
                                                UNITED STATES DISTRICT JUDGE