IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company,<br><br>*Defendants*. | Civil Action No. 2:18-cv-01290<br><br>*Electronically Filed* |

**THE SSG DEFENDANTS'[1] EMERGENCY MOTION FOR A STATUS CONFERENCE TO SCHEDULE AN EVIDENTIARY HEARING ON THE CAPACITY OF PSI, AND <u>THE STANDING OF KYKO, TO BRING THIS ACTION</u>**

---

[1] The "SSG Defendants" include only SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Ltd., Edwin Wong, Andreas Vourloumis, Shyam Maheshwari, Dinesh Goel, and Ira Syavitri Noor.

1.      The SSG Defendants request an emergency status conference to address issues related to the capacity of Plaintiff Prithvi Solutions, Inc. ("PSI") to bring this lawsuit under Federal Rule of Civil Procedure 17(b), the relationship between PSI and Kyko, and Kyko's ability to bring a lawsuit on behalf of PSI.

### a)  PSI had no capacity to file this lawsuit.

2.      PSI had no capacity to file its Complaint on September 26, 2018.  It had no capacity to participate in the case since then.  It was undisputedly a void corporation, with an inoperative corporate charter and no legal rights, since March 1, 2013.

3.      On August 11, 2020, at 10:03 a.m.—while counsel of record attended a case management conference with the Court—Kiran Kulkarni, the CEO of Kyko,[2] purported to file a Certificate for Revival of Charter in Delaware on behalf of PSI.  Exhibit A.

4.      Mr. Kulkarni declared that PSI has been a void corporation since March 1, 2013, affirming that on that date PSI's "charter became inoperative and void for non-payment of taxes and/or failure to file a complete annual report…."  Exhibit A, at 4.  Thus, PSI was indisputably a void corporation, with an inoperative charter, beginning on March 1, 2013, and continuing until at least August 11, 2020.[3]

5.      "Fed. R. Civ. P. 17(b) governs when a party has the capacity to be sued in federal court."  ECF No. 106 at 3 ("Capacity is conceived to be a party's personal right to litigate." (citation omitted)).  For a corporation like PSI, its capacity to sue is determined by the law under

---

[2] "Kyko" refers collectively to Kyko Global, Inc. and Kyko Global GmbH, the other two Plaintiffs in this action.

[3] PSI's void status for at least seven years also exposes significant statute-of-limitations defects in PSI's claims.  Among other things, PSI had no capacity to file anything in this litigation for nearly two years, including the Complaint.  Moreover, an "inoperable" entity could not "discover" anything in November 2016.  *See* Compl. ¶¶ 158, 187, 197, 205, 229, 288.

which it was organized.  Fed. R. Civ. P. 17(b)(2); *see* ECF No. 106 at 3.  PSI was incorporated in Delaware, Compl. ¶ 3; ECF No. 121, at 5, and its legal capacity is therefore governed by the laws of Delaware.

6. Under Delaware law, if a corporation fails to complete certain required filings, including an annual franchise tax report, then its charter is voided and all of its powers under law are rescinded and annulled.  8 Del. C. § 510 ("If any corporation … neglects or refuses for 1 year to pay the State any franchise tax or taxes … or shall neglect or refuse to file a complete annual franchise tax report, the charter of the corporation shall be void, and all powers conferred by law upon the corporation are declared inoperative.").

7. One of the specific powers forfeited by a void corporation is the ability to "sue and be sued in all courts and participate, as a party or otherwise, in any judicial administrative, arbitrative or other proceeding, in its corporate name."  8 Del. C. § 122(2); *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990) ("[T]he charter or certification of incorporation of the corporation has, pursuant to 8 Del. C. § 510, become void and revoked and all powers heretofore conferred upon the corporation have become 'inoperative.' The corporation has thereby ceased to exist and has lost any standing to appeal and be heard, even if represented by counsel.").

8. As established by Mr. Kulkarni's Certificate for Revival of Charter, PSI, as a void corporation, had no capacity to file this lawsuit in September 2018 nor capacity to maintain this lawsuit for nearly two years.  Likewise, under Delaware law and this Court's rulings related to VTC, PSI lacked capacity to bring this action under Federal Rule 17(b).  *See* ECF Nos. 106, 163. Simply put, PSI had no right or ability to sue any defendant in this case.

### b) Kyko has misrepresented PSI's status since the Complaint was filed.

9. Since the Complaint was filed, Kyko has represented to this Court that PSI is an active Delaware corporation with the ability to bring this suit. Kyko alleged, "Plaintiff Prithvi Solutions, Inc. ('PSI') ***is*** a Delaware corporation with its principal place of business in Wilmington, Delaware." Compl. ¶ 3 (emphasis added). That was untrue: Under 8 Del. C. § 510, and according to Mr. Kulkarni's own sworn statement, PSI had "ceased to exist" since at least March 1, 2013. *Transpolymer*, 582 A.2d at 936.

10. In a brief, Kyko represented: "PSI is a Delaware corporation because, ***at the time of filing the Complaint***, PSI was incorporated in Delaware and had its principal place of business in Delaware." ECF No. 146, at 14 (emphasis added). But "at the time of filing the Complaint," PSI was void, lacked an operative charter, and had no legal right to bring or otherwise participate in this action. Exhibit A.

11. Kyko's witnesses have also misrepresented PSI's corporate status. David Amorose submitted a swown delcaration that "PSI ***is*** a Delaware corporation that was formed in 2007." ECF No. 109-6, ¶ 4 (emphasis added).

12. Kyko thus misrepresented facts in its Complaint to bring this action and has continued those misrepresentations for nearly two years. While filing motion after motion arguing that Value Team Corporation could not participate in litigation because of its corporate status, Plaintiffs' counsel failed to tell the Court that they themselves were purporting to act on behalf of a void corporation that had "ceased to exist," *Transpolymer*, 582 A.2d at 936, and repeatedly misrepresented that PSI was a Delaware corporation in good standing. Such conduct violates counsel's duties under Federal Rule of Civil Procedure 11(b) ("By presenting to the court a pleading, written motion, or other paper … an attorney … certifies that to the best of the

person's knowledge, information, and belief, … the factual contentions have evidentiary support.").

### c) Questions abound regarding Kyko's purported ownership of PSI and its capacity to revive it under Delaware law.

13. Mr. Kulkarni's Delaware filing raises a more fundamental—and potentially more serious—issue. According to Delaware court records, it appears Kyko does not own PSI. In a Delaware Superior Court action in 2013, all of PSI's shares were transferred by court order to Sojitz Corporation. *See* Exhibit B. In 2013, Sojitz Corporation filed an action against Prithvi Information Solutions Ltd. ("PISL") in Delaware Superior Court to register and collect a foreign judgment Sojitz had obtained against PISL (the "Delaware Attachment Action"). *Id.* To satisfy PISL's debt, Sojitz successfully attached all of PSI's stock—owned by PISL—through a Writ of Attachment of Stock Pursuant to 8 Del. C. § 324. *Id.* at 18. In short, Sojitz appears to have been the sole, controlling shareholder of PSI beginning in mid-2013.

14. Despite Sojitz's apparent ownership of all of PSI's shares, Kiran Kulkarni filed a Delaware Annual Franchise Tax Report on August 10, 2020, in which he stated, under penalty of perjury, that he is a Director and the CEO of PSI. *See* Exhibit C.

15. In this case, Kyko has repeatedly asserted its ownership of PSI's shares by citing orders entered in Washington state court as the basis for Kyko's purported ownership of PSI. Compl. ¶ 4 ("By operation of orders entered in the Superior Court of King County in the State of Washington, Kyko is a controlling shareholder of PSI…."); ECF No. 16, at 3 n.2 ("Kyko has also been awarded PISL's shares in PSI thereby making Kyko a controlling shareholder of PSI."). But Kyko overstates what the King County orders actually said. The judicial referee in that case ordered PISL to turn over its shares in PSI—if it had any such shares—to Kyko. Exhibit D, at 2-3, 5.

16. In reality, the judical referee never resolved whether Kyko could validly obtain PSI's shares or whether those shares were already owned by Sojitz. Having been informed by Madhavi Vuppalapati that PSI's "shares were turned over to Sojitz Corpoation pursuant to a Writ of Attachment entered on April 4, 2013," in the Delaware Attachment Action, the referee stated: "Since Sojitz Corporation is not a party to this matter any conflict over the rights to ownership of these shares cannot be adjudicated here and should be resolved separately between Kyko Global Inc., et al and Sojitz Corporation." *Id.* at 5.

17. It is therefore unclear whether Kyko is, or has ever been, a "controlling shareholder of PSI." Compl. ¶ 4. Without an ownership interest in PSI, Kyko had no authority to seek to revive PSI's charter in Delaware.

### d) Kyko has no standing without PSI in the case.

18. Resolution of these issues is case determinative. Without PSI in the case, Kyko has no ability to maintain this lawsuit because, by its own allegations, Kyko has no putative standing except through PSI. *See* Compl. ¶ 4; ECF No. 16, at 4 (arguing that the Washington state court order is "valid under Washington state law because it merely placed Kyko in the shoes of PSI").

19. Further, the Complaint alleges only injuries to PSI. *See, e.g.,* Compl. ¶¶ 155 ("PSI has suffered damages because it has been deprived of the Bonds funds to execute business operations in the United States."); *id.* ¶ 188 (same); *id.* ¶ 198 (same); *id.* ¶ 206 (same); *id.* ¶ 230 (same); *id.* ¶ 286 (same); *Id.* ¶¶ 294, 298, 301, 306, 315, 318, 323.

20. Most tellingly, Kyko has volunteered, more than once, to remove itself from this litigation to fix diversity jurisdiction if necessary. ECF No. 110, at 19 ("Plaintiffs have the right to amend their Complaint and remove the Kyko entities…."); *id*. at 19 n.12 ("Plaintiffs maintain

that … Kyko … is not an indispensable party and there is no prejudice to Defendants if the Kyko entities are dropped from the case."); ECF No. 146, at 14 n.16; *see also* ECF No. 121 at 39 n.16.

21. Kyko has no standing without PSI in the case, meaning PSI's dismissal will require dismissal of the entire action. *See, e.g., Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) (constitutional standing requires "the invasion of a concrete and particularized legally protected interest" (citation omitted)); *Acrisure Holdings, Inc. v. Frey*, No. CV 18-1514-RGA-MPT, 2019 WL 1324943, at *9 (D. Del. Mar. 25, 2019) ("Wrongdoing to a subsidiary does not confer standing upon the parent company, even where the parent is the sole shareholder of the subsidiary."); *Tullett Prebon, PLC v. BGC Partners, Inc.*, No. CIV.A.09-5365 (SRC), 2010 WL 2545178, at *4 (D.N.J. June 18, 2010), *aff'd*, 427 F. App'x 236 (3d Cir. 2011) (collecting cases).

### e) An evidentiary hearing is needed.

22. Before this case should proceed, it must be clear that PSI has the capacity to bring the claims here. That question turns on several factual issues, including (i) the effect of PSI's decision to litigate for nearly *two years* without any legal right to do so under Delaware law; (ii) PSI's current status under Delaware law; and (iii) who owns PSI.

23. The evidentiary hearing should also address whether Kyko has ever had a good-faith basis under Federal Rule of Civil Procedure 11 for bringing this case on behalf of PSI.

24. Parties with knowledge about these issues include Kiran Kulkarni, Kyko's CEO; Kyko's general counsel; David Amorose; and Guru Pandyar. Furthermore, since Kyko's purported ownership of PSI depends on its allegation that it is "a controlling shareholder," Compl. ¶ 4, Kyko should be given an opportunity to introduce the shares of PSI that it purportedly owns, along with documents reflecting their proper transfer to Kyko, into evidence.

25. The SSG Defendants request that this Court hold an emergency conference to address these issues, set an expedited briefing schedule—staying all other aspects of this litigation in the meantime—and hold an evidentiary hearing to resolve whether PSI has ever had capacity to bring this action and whether Kyko may bring this action on behalf of PSI.

Respectfully submitted,

Dated:  August 13, 2020

/s/  *John D. Goetz*
Michael H. Ginsberg (Pa. Bar #43582)
John D. Goetz (Pa. Bar #47759)
Douglas Baker (Pa. Bar #318634)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA  15219-2514
Telephone:  (412) 391-3939
Facsimile:  (412) 394-7959
Email: mhginsberg@jonesday.com
Email: jdgoetz@jonesday.com
Email: ddbaker@jonesday.com

**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis**