EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation, | |
| *Plaintiffs*, | Civil Action No. 2:18-cv-01290-WSS |
| v. | *Electronically Filed* |
| PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company, | |
| *Defendants*. | |

**PROTECTIVE ORDER**

     Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following Protective Order has been entered by Court.

**Proceedings and Information Governed.**

     1.     This Order and any amendments or modifications hereto ("Protective Order") shall govern any document, information, or other thing furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action. The information protected includes, but is not limited to, answers to interrogatories, answers to

requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Highly Confidential – Source Code Information" (collectively, "Protected Information") in accordance with the terms of this Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

    2.    For purposes of this Protective Order:

    (a)    The "Confidential Information" designation shall mean that the document is comprised of trade secrets or commercial information which is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Federal Rule of Civil Procedure 26(c)(7), or other information required by law or agreement to be kept confidential.

    (b)    The "Confidential Attorney Eyes Only Information" designation shall mean that the document is comprised of Confidential Information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

    (c)    The "Highly Confidential – Source Code Information" designation shall mean extremely sensitive "Confidential Information" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    (d)    Protected Information does not include, and this Protective Order shall not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

    3.    Protected Information may be designated in the following manner.

    (a)    Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as

containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

(b) Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
SUBJECT TO PROTECTIVE ORDER**

(c) Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as containing Highly Confidential – Source Code Information by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL – SOURCE CODE INFORMATION
SUBJECT TO PROTECTIVE ORDER**

> **Comment [JM1]:** Plaintiffs do not believe this is necessary.

(d) A party may designate information disclosed at a deposition as Protected Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Protected Information. If no such designation is made at the deposition or within such fourteen (14) calendar day period (during which period, the transcript shall be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Protected Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(e) It is the responsibility of counsel for each party to maintain materials containing Protected Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

3

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) day time frame, and after the conference required under Local Rule 37.1, the receiving party may at any time thereafter seek a Court Order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information or Protected Information may only be used for purposes of preparation, trial and appeal ~~of this action.~~. The terms and conditions of this Protective Order shall apply to this action and any other actions or proceedings among the parties arising from or related to this action regardless of whether the other actions or proceedings are currently pending or subsequently instituted after execution of this Protective Order. ~~P~~rotected Information may not be used under any circumstances for prosecuting any patent application, or for patent licensing ~~or for any other purpose~~. The provisions of LCvR 16.1.D, relating to the inadvertent disclosure of privileged information, shall apply in all cases governed by this Protective Order.

> **Comment [JM2]:** The SSG Defendants indicated in the Rule 26(f) Report that they will continue to contest personal jurisdiction and subject matter jurisdiction. Therefore, Plaintiffs are entitled to use the information in another proceeding in the event this case is dismissed for lack of personal jurisdiction and subject matter jurisdiction.

7. Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals provided that such individuals are informed of the terms of this Protective Order: (a) three~~two~~ (3~~2~~) employees, directors, and officers of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; (b) ~~two (2)~~ in-house counsel who are identified by the receiving party; (c) 4 outside counsel for the receiving party; (d) supporting personnel employed by (a), (b) and (c), such as paralegals, legal secretaries, data entry clerks and legal clerks; (e) experts or consultants; (f) any persons requested by counsel to furnish services

4

such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (g) the Court and its personnel.

8. Subject to paragraph 9 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following as set forth in paragraph 7 individuals provided that such individuals are informed of the terms of this Protective Order: (a) two (2) in-house counsel who are identified by the receiving party; (b) outside counsel for the receiving party; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks and legal clerks; (d) experts or consultants; (e) any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (f) the Court and its personnel.

9. Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant or employees, the receiving party shall provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party shall thereafter have fourteen (14) days from receipt of the Confidentiality Agreement to object to any proposed individual. Such objection must be made for good cause and in writing, stating with particularity the legal and fact reasons for objection. Failure to object within fourteen (14) days shall constitute approval. If the parties are unable to resolve any objection, the receiving party may apply to the Court to resolve the matter. There shall be no disclosure to any proposed individual during the fourteen (14) day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection or the Court has ruled upon any resultant motion.

10. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person, not already allowed access to such information under this Protective Order, if:

    (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a Rule 30(b)(6) designee;

    (b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

(c)     counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the Court and its personnel, and persons to whom disclosure may be made, and who are bound by the Protective Order, may be present during the disclosure or discussion of the Protected Information. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

**Disclosure and Use of Highly Confidential—Source Code Information.**

> Comment [JM3]: As previously stated, Plaintiffs do not think this is necessary.

12.     To the extent production of source code becomes necessary in this case, a producing party may designate source code as Highly Confidential—Source Code Information if it comprises or includes confidential, proprietary, or trade secret source code.

13.     The parties agreed to cooperate in good faith so as to protect the producing party's source code while not unreasonably hindering the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this action.

14.     Protected Information designated as Highly Confidential—Source Code shall be subject to all of the protections afforded to Confidential Attorney Eyes Only Information and may be disclosed only to the authorized individuals to whom Confidential Attorney Eyes Only Information may be disclosed, as set forth in paragraph 8, with the exception of the two in-house counsel specified in paragraph 8(a). Disclosure of this information to the individuals identified in paragraph 78(fe) may only be made if the disclosure is reasonably necessary for this litigation and the individuals have signed the Confidentiality Agreement in the form attached as Exhibit B.

15.     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (8:00 a.m. to 6:00 p.m. on open business days) or at other mutually agreeable times, at an office of the producing party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the computer(s) in order to access the source code. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

16.     The receiving party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or

other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph 15 in the first instance. The producing party shall provide all such source code in paper form including bates numbers and the label specified in paragraph 3(c). The producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 5 whereby the producing party is the "receiving party" and the receiving party is the "producing party" for purposes of the dispute resolution provisions of that paragraph.

17. The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all paper copies of any printed portions of the source code in a secured, locked area under the supervision and control of an individual authorized to be in possession of the information. The receiving party may also temporarily keep paper copies of any printed portions of the source code at (a) the Court for any proceedings where the use of the source code may be relevant; (b) the site of any depositions where the use of the source code may be relevant; and (c) any intermediate location reasonably necessary to transport the copies (e.g., at a hotel prior to a Court proceeding or deposition) as long as the receiving party takes reasonable steps to secure the copies.

18. Highly Confidential—Source Code Information may only be transported by the receiving party at the direction of a person authorized to be in possession of the information by hand carry, Federal Express, or other similar reliable courier. Highly Confidential—Source Code Information may not be transported or transmitted electronically over a network of any kind, including a LAN, intranet, or the internet, except as required by the Court pursuant to paragraph 19 below.

19. The receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format without the producing party's permission, except as is necessary to create documents that, pursuant to the Court's rules, procedures, or orders, must be filed or served electronically. The receiving party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the producing party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

**Non-Party Information.**

20. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may

designate documents, tangible things, or testimony confidential pursuant to this Protective Order. Filing Documents With the Court.

21. In the event that any party wishes to submit Protected Information to the Court, such party shall follow the procedures prescribed by the Court, including obtaining leave of Court prior to filing any documents under seal.

**No Prejudice.**

22. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Conclusion of Litigation.**

23. Subject to Paragraph 6 with respect to currently pending or subsequently instituted actions or proceedings arising from or related to this action, wWithin sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order shall be under an obligation to destroy or return to the producing party all materials and documents containing Protected Information, and to certify to the producing party such destruction or return. However, all legaloutside counsel for any party shall be entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

24. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order that may be subject to a motion to disclose another party's information designated as Protected Information pursuant to this Protective Order, shall promptly notify that party of the motion so

that it may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

25. It is Ordered by the Court that this Protective Order will be enforced by the sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

26. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Order.

/s/ DRAFT
Jayson M. Macyda
*Counsel for Plaintiffs Kyko Global, Inc., Kyko Global GmbH, and Prithvi Solutions, Inc.*

/s/ DRAFT
John D. Goetz
*Counsel for SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Ltd., Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, Andreas Vourloumis*

/s/ DRAFT
Jeffrey T. Morris
*Counsel for Anandhan Jayaraman*

SO ORDERED:

DATE: _____

_____
United States District Judge

9

**[PROTECTIVE ORDER – APPENDIX A]**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KYKO GLOBAL, INC.**, a Canadian corporation, **KYKO GLOBAL GmbH**, a Bahamian corporation, **PRITHVI SOLUTIONS, INC.**, a Delaware Corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>**PRITHVI INFORMATION SOLUTIONS, LTD**, an Indian corporation, **VALUE TEAM CORPORATION**, a British Virgin Islands corporation, **SSG CAPITAL PARTNERS I, L.P.**, a Cayman Islands Limited Partnership, **SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED**, a private Hong Kong company, **MADHAVI VUPPALAPATI**, an individual, **ANANDHAN JAYARAMAN**, an Individual, **SHYAM MAHESHWARI**, an individual, **IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS**, an individual, **DINESH GOEL**, an individual, **WONG CHING HIM a/k/a Edwin Wong**, an individual, **ANDREAS VOURLOUMIS**, an individual, **PRITHVI ASIA SOLUTIONS LIMITED**, a Hong Kong company,<br><br>*Defendants*. | Civil Action No. 2:18-cv-01290-WSS<br><br>*Electronically Filed* |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

   I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

   I submit to the jurisdiction of this Court for enforcement of the Protective Order.

   I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except <ins>as permitted in Paragraph 6</ins><del>for purposes of the above-captioned litigation</del> and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court. I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

   I understand that I am to retain all documents or materials designated as or containing Protected Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Protected Information are to be returned to counsel who provided me with such documents and materials.

DATE: _____    Signature:_____

               Printed Name:_____

               Title:_____

2

**[PROTECTIVE ORDER – APPENDIX B]**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **KYKO GLOBAL, INC.**, a Canadian corporation, **KYKO GLOBAL GmbH**, a Bahamian corporation, **PRITHVI SOLUTIONS, INC.**, a Delaware Corporation, | |
| *Plaintiffs*, | Civil Action No. 2:18-cv-01290-WSS |
| v. | *Electronically Filed* |
| **PRITHVI INFORMATION SOLUTIONS, LTD**, an Indian corporation, **VALUE TEAM CORPORATION**, a British Virgin Islands corporation, **SSG CAPITAL PARTNERS I, L.P.**, a Cayman Islands Limited Partnership, **SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED**, a private Hong Kong company, **MADHAVI VUPPALAPATI**, an individual, **ANANDHAN JAYARAMAN**, an Individual, **SHYAM MAHESHWARI**, an individual, **IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS**, an individual, **DINESH GOEL**, an individual, **WONG CHING HIM a/k/a Edwin Wong**, an individual, **ANDREAS VOURLOUMIS**, an individual, **PRITHVI ASIA SOLUTIONS LIMITED**, a Hong Kong company, | |
| *Defendants*. | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Protected Information," as defined in the Protective Order entered in the above-captioned action (hereinafter "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

   I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by such terms.

   I submit to the jurisdiction of this Court for enforcement of the Protective Order.

   I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except <ins>as permitted in Paragraph 6</ins> <del>for purposes of the above-captioned litigation</del> and not to disclose any such information to persons other than those specifically authorized by said Protective Order, without the express written consent of the party who designated such information as confidential or by order of this Court.

DATE: _____  Signature:_____

             Printed Name:_____

             Title:_____

2