IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation<br><br>      Plaintiffs,<br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company<br><br>      Defendants. | Case No. 2:18-cv-1290-WSS |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO THE SSG DEFENDANTS' EMERGENCY MOTION FOR A STATUS CONFERENCE TO SCHEDULE AN EVIDENTIARY HEARING ON THE CAPACITY OF PSI, AND THE <u>STANDING OF KYKO TO BRING THIS ACTION</u>**

# REFEREE WATNESS'S FEBRUARY 16, 2017 ORDER AWARDING KYKO PSI'S SHARES IS DISPOSITIVE OF KYKO'S OWNERSHIP OF PSI

The parties' respective timelines show that Referee Watness's February 16, 2017, Order awarding Kyko PSI's shares is dispositive of Kyko's ownership of PSI (EFC No. 183, Pgs. 4-6). As the SSG Defendants' timeline admits **(Exhibit A)**:

> • February 16, 2017: A referee orders PISL "to turn over or surrender its right to possess any shares in PSI" to Kyko Global GmbH. (*See* ECF 179-5 at 3).
> • The referee concurrently issued "Supplemental Findings," explaining that he had received an email from Madhavi stating that the shares of PSI at issue "were turned over to Sojitz Corporation pursuant to a Writ of Attachment entered on April 4, 2013 in Castle County Superior Court for Delaware cause number C.A. No. N13J-00945." (ECF 179-5 at 5).
> • The referee states that it cannot determine or resolve the proper ownership of PSI's shares. (ECF 179-5 at 5). Pg. 14

As set forth in Plaintiffs' Initial Response, on February 16, 2017, Referee Watness awarded PSI's stock to Kyko (ECF No. 183-5). By this time, Sojitz' Writs of Attachment had expired and Sojitz informed Kyko that it abandoned its collection efforts against PSI 3 years before. (ECF No. 183, Pgs. 11-12; ECF Nos. 183-2, 183-3).[1] Accordingly, effective February 16, 2017, Kyko became sole owner of PSI's stock *to wit* "Kyko Global GmbH shall be entitled to exercise all rights as sole shareholder of PSI, and Kiran Kulkarni shall be entitled to exercise all rights as sole director and officer of PSI." (ECF No. 183-5).

As further stated in the Initial Response, in entering his February 16, 2017 Order, Referee Watness made the Supplemental Findings in Exhibit A because he was simply unaware that Sojitz had no interest in PSI's stock at this time. Indeed, there was no way for him to know this as indicated in his Order. The reference to Sojitz in his Supplemental Findings was solely caused by Madhavi Vuppalapati's "unsworn statement [made] via email" wherein she states PSI's

---

[1] The SSG Defendants have failed to produce any witnesses (or documentary evidence for that matter) that refutes this. Accordingly, there are no triable issues of fact that warrant an evidentiary hearing. *Cf.* Rule 56.

1

shares were turned over to Sojitz. (ECF No. 183-5). This was a lie done to try to artificially create a lien priority issue between Sojitz and Kyko when in fact none existed (and is part of a pattern of conduct with respect to turnover of shares discussed later below) in her never ending campaign to try to prevent Kyko from recovering the enormous financial losses she (and others) inflicted.[2],[3]

The SSG Defendants know this. The SSG Defendants are self pro-claimed "equity holders" and "long standing partners" of Defendants PISL and Madhavi Vuppalapati who were directly involved in brokering a financial settlement between PISL and Sojitz (ECF 183, Pg. 13); they routinely cite in this case entries, orders and judgments made in the U.S. District Court for the Western District of Washington Case No. 2:13-cv-1034 – MJP, U.S. District Court for the Western District of Pennsylvania 2:17-cv-212-YK, and Washington Superior Court Case No. 13-2-41165-2 SEA[4] wherein Madhavi Vuppalapati's deceptive and fraudulent conduct are set forth in great detail; and they are aware that Ms. Vuppalapati and PISL have refused to appear in this case to defend and that she and her brother Satish Vuppalapati have information pertaining to this case that they openly refuse to provide (ECF No. 167, Pg. 10). In short, the SSG Defendants - lacking any evidence that Kyko does not own PSI - try to capitalize on, and otherwise continue to perpetuate, Madhavi Vuppalapati's fraud committed upon Referee Watness and Kyko in the hope that they can parlay the fraud into a dismissal of Plaintiffs' case.

In challenging Kyko's ownership of PSI, the SSG Defendants are attempting to act as

---

[2] As set forth in Guru Pandyar's Declaration (ECF No. 183-2), Mr. Pandyar was responsible for managing any legal process that would require PSI's stock certificates to be handed to a third-party and he never received any such legal process nor did he deliver PSI's stock to any-third party.

[3] The Washington Superior Court has also held Ms. Vuppalapati in contempt of court and issued a bench warrant for her arrest for failing to provide documentary evidence and answer questions under oath. **(Exhibit B)**

[4] The SSG Defendants' timeline also demonstrates that they engaged in an extensive investigation of Sojitz' litigation against PISL and are well-aware that Ms. Vuppalapati did not cooperate with Sojitz in the judgment collection process.

surrogates for Defendants PISL and Ms. Vuppalapati – their "long standing partners" - who refuse to appear in this action. (Just as the SSG Defendants have consistently done with respect to VTC.). Defendants PISL and Ms. Vuppalapati - and consequently the SSG Defendants who claim *no ownership interest in PSI's shares or in Sojitz* - cannot use this action to re-litigate or collaterally attack the February 16, 2017 Order. *See Empire Abrasive Equip. Co. v. Acceptance Ins. Co.*, 302 F.Supp.3d 687, 692 (E.D. Pa. 2018) ("The full faith and credit clause, as codified in 28 U.S.C. § 1738, requires that state court decisions be given the same preclusive effect in federal court as they would be given in the courts of the rendering state."); *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) ("When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. Sec. 1738 to give full faith and credit to the state judgment . . . ."); *Stanton v. Hutchins*, No. 1:10-cv-74, at *5-6 (W.D. Mich. Apr. 26, 2010) ( "'lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.'" *Robinson v. Wheeling Lake Erie Ry. Co.,* 2009 WL 1015344, *2 (W.D. Mich. Apr. 15, 2009) (Maloney, C.J.) (quoting *Gottfried v. Med. Planning Servs.,* 142 F.3d 326, 330 (6th Cir. 1998)); *In re Piotrowski*, No. 1-05-bk-01013-MDF, Adv. No. 1-06-ap-00010 (Bankr. M.D. Pa. Nov. 14, 2006) (citing *Gottfried*).[5]

Further, the SSG Defendants' attempt to collaterally attack the February 16, 2017 Order should not be permitted because "equity, comity, and our federalist judicial system require the federal court to give the state court judge the first chance to [address the challenge]" as such "affords the state court the respect they are due as our equals in a federalist judicial system." *See Gottfried v. Medical Planning Servs., Inc.*, 142 F.3d 326, 330, 332 (6th Cir. 1998) (Federal

---

[5] The SSG Defendants cannot also attempt to collaterally attack (again) the Collection Agent Order that permits Kyko to pursue claims on behalf of PSI. (ECF No. 183, Pgs. 6, 12)

court abstained from federal challenge to state court order even though plaintiff was not party to state court action.); *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 284 N.8 (3d Cir. 2017) (Discussing *Colorado River* abstention and noting that "[s]trict identity between parties and claims is not necessary for pending proceedings to be substantially similar . . . 'substantial similarity' only means that the parties involved are closely related and that the resolution of an issue in one will necessarily settle the matter in the other.)

During the August 19, 2020, status conference, this Court invited Plaintiffs to present additional evidence of Kyko's ownership of PSI. Because the SSG Defendants cannot attempt to re-litigate or collaterally attack the February 16, 2017 Order and persist in trying to perpetuate Ms. Vuppalapati's fraud, Plaintiffs have requested Referee Watness to amend his February 16, 2017, Order to remove his Exhibit A Supplemental Findings and to remove the unnecessary reference to Sojitz and state that Kyko was the sole owner of PSI's shares as of February 16, 2017. **(Exhibit C).** As set forth in Kyko's correspondence to Referee Watness **(Exhibit C at C003, C022-023, D27)**, Ms. Vuppalapati and her brother Satish Vuppalapati have already unsuccessfully attempted to perpetrate a similar fraud with respect to Referee Watness's Order to have PSI's shares in non-party Agadia Systems Inc. to be turned over to Kyko. Accordingly, Referee Watness is best-suited to address this matter. Moreover, Plaintiffs should not potentially suffer a dismissal of their case based on a similar, yet uncorrected Vuppalapati fraud, perpetuated by the SSG Defendants who lack the ability to challenge the February 16, 2017 Order in the first place.[6] Kyko will file a Notice on this Court's docket evidencing Referee Watness's order(s) regarding Kyko's request to amend the February 16, 2017 Order after he has fully completed his review of this matter.

---

[6] In the event Referee Watness believes that he cannot adjudicate this matter for some reason, then Kyko will request the presiding Judge of the Washington Superior Court to do so or the Delaware Superior Court as these courts have jurisdiction over this issue.

4

## THE SSG DEFENDANTS' WRIT OF ATTACHMENT ARGUMENTS ARE IRRELEVANT REGARDING KYKO'S OWNERSHIP OF PSI

As set forth above, Referee Watness's February 16, 2017, Order is dispositive of Kyko's ownership of PSI. Accordingly, Kyko's Writ of Attachment – filed on July 11, 2018 – has nothing to do with Kyko's ownership of PSI; Kyko either owned PSI as of February 16, 2017 or it did not *to wit* "Kyko Global GmbH shall be entitled to exercise all rights as sole shareholder of PSI, and Kiran Kulkarni shall be entitled to exercise all rights as sole director and officer of PSI." Indeed, Kyko was not required to file the Writ of Attachment but did so to put any potential unknown judgment-creditor[7] of PSI on notice that Kyko had exercised its rights over the company. But this filing has no bearing on whether Kyko was the sole shareholder of PSI effective February 16, 2017.

Further, the SSG Defendants showed this Court the docket sheet from the case of *Sojitz Corporation v. Prithvi information Solutions, Limited*, No. N13J-00945 (Delaware Superior Court 2013). (ECF No. 179-3 pp. 2-4)[fn] That last docket entry reflects a writ of attachment returned on July 1, 2013. *Nothing subsequent*. Plaintiffs attach the Court the docket as of August 25, 2020. **(Exhibit D)** Nothing subsequent to July 1, 2013 is docketed. Had the PSI shares actually been delivered over to the Sheriff, there would have then been public notice of sale and notice of confirmation of an actual public judicial sale. *See* 10 Del. C. Sec. 4972 (requiring "public notice of the sale of goods and chattels by a sheriff, or coroner, under execution process . . ." and in addition that such notice "be delivered to the defendant" ); 10 Del. C. Sec. 4987 ("The sheriff shall, in proper books, keep a record of the disposition of all moneys

---

[7] As previously discussed, by this time, Sojtiz' Writ of Attachment expired and it had informed Kyko that it abandoned its collection efforts against PSI.

5

arising from the sale of property under execution process."). Public information of a judicial sale of PSI shares would exist if such in fact occurred - the SSG Defendants have failed to show the Court any such evidence.

Moreover, Referee Watness's February 16, 2017, Order was not an attachment order for purposes of public sale. Instead, it directed and ordered that PSI's shares be turned over to Kyko and further empowered and granted Kyko the authority "to exercise all rights as sole shareholder of PSI, and Kiran Kulkarni shall be entitled to exercise all rights as sole directors and officer of PSI." (ECF No. 183-3 p. 10 ¶6).[8] Accordingly, the SSG Defendants' arguments pertaining to the Writs of Attachment filed in Delaware simply have nothing to do with Kyko's ownership of PSI's shares as of February 16, 2017.

Finally, the SSG Defendants also state that Kyko was somehow not PSI's shareholder because its Writ of Attachment states that the shares were held by Prithvi Information Solutions Ltd ("PISL"). As the SSG Defendants state **(Exhibit A)**:

> September 11, 2018: Kyko files a Praecipe for Issuance of Writ of Attachment in Delaware, representing that "the stock of Prithvi Solutions, Inc." is "owned by Prithvi Information Solutions Ltd." (ECF 183-7 at 16-17).
> Pg. 17
>
> October 27, 2018: Kyko's requested Writ of Attachment in Delaware issues. (ECF 183-7 at 17).
> • The Writ states that "the certificated stock of Prithvi Solutions, Inc." is "owned by Prithvi Information Solutions Ltd." (ECF 183-7 at 15, 17).
> Pg. 19
>
> November 7, 2018: The Sheriff's Office of the County of New Castle, Delaware, serves Kyko's requested Writ of Attachment upon Corporation Service Company for the entity "Prithvi Information Solutions Ltd."
> • Return is filed on December 6, 2018.
> Pg. 20

The reference to PISL in Kyko's Writ of Attachment is due to the language contained in Referee Watness's February 16, 2017 Order (ECF No. 183-5; 183-7):

---

[8] And it is under this authority that Kiran Kulkarni filed PSI's Certificate of Revival on August 11, 2020.

> WHEREAS Judgment Debtor PISL owns all of the issued and outstanding shares in the capital of Judgment Debtor PSI.
>
> PISL is hereby ordered to turn over or surrender its right to possess any shares in PSI (the "Shares"), and PSI is hereby ordered to reissue new share certificates in the name of Kyko Global GmbH to evidence compliance therewith

Thus, Kyko's Writ of Attachment - filed on July 11, 2018 - merely utilized the language Referee Watness used to award Kyko PSI's shares in the February 16, 2017 Order. Accordingly, the reference to PISL in Kyko's Writ of Attachment is irrelevant and, as previously discussed above, has no bearing on whether Kyko was the sole shareholder of PSI effective February 16, 2017.

## **THERE IS NO BASIS TO CONDUCT AN EXPEDITED EVIDENTIARY HEARING**

There is no basis to conduct an expedited evidentiary hearing. The SSG Defendants cannot act as Ms. Vuppalapati's and PISL's surrogates in perpetrating Ms. Vuppalapati's fraud by trying to collaterally attack Referee Watness's February 16, 2017 Order. Further, Referee Watness should be afforded the opportunity to address the fraud Ms. Vuppalapati committed upon him and Kyko as discussed above.

By now, the SSG Defendants' strategy in this case should be readily apparent to this Court. They have been long-aware of their so-called lack of capacity/PSI ownership "issues" they now raise, but made a strategic decision not to raise them earlier in the hope that their parade of procedural motions would have resulted in dismissal of Plaintiffs' case.[9] With these

---

[9] Federal Rule 9(a)(1)(A) provides that "[e]xcept when required to show that the court has jurisdiction, a pleading need not allege: (A) a party's capacity to sue or be sued." *See* Fed. R. Civ. P. 9(a)(1)(A). Here, Plaintiffs' Complaint sufficiently averred that "[b]y operation of orders entered in the Superior Court of King County in the State of Washington, Kyko is a controlling shareholder of PSI and has been judicially appointed as PSI's collection agent to recoup funds owing from third-parties to PSI." (ECF No. 1 at ¶ 4). This averment satisfies the pleading requirements of Rule 9 as sufficient to allege standing for jurisdictional purposes. A pleader is not required to plead in anticipation of every possible affirmative defense. *See In re Sunrise Securities Litigation*, 793 F. Supp. 1306, 1313 (E.D. Pa. 1992) ("A complaint is not deficient for failing to state every detail that might be the proper subject for interrogatories."); *LCA GP LLC v. City of Plainfield*, Civ. No. 15-3247-KM-JBC (D.N.J. Mar. 15, 2019) (". . . [s]peculative possibilities do not rob the court of

7

attempts having failed - combined with Plaintiffs' August 12, 2020, Motion to Compel Deposition Testimony (ECF No. 178) and Motion for Entry of Default Judgment Against Value Team Corporation (ECF Nos. 176, 177) - the SSG Defendants then declared an "emergency" to bring these "issues" to the Court's attention in the hope that they can escape the discovery process they agreed to participate on July 27, 2020 as reflected in the Rule 26(f) Report (ECF No. 167). Accordingly, the only "emergency" here is that the SSG Defendants are now required to participate in discovery after unsuccessfully devoting almost 2 years trying to avoid participation in the discovery process - their "defense" should be heard after the close of discovery the same as any other affirmative defense, or any of Plaintiffs' claims.

The SSG Defendants' Motion should be denied and this case should proceed in accordance with this Court's Case Management Order (ECF No. 174).

Respectfully submitted,

*/s/ Joseph F. Rodkey, Jr.*
Pa. I.D. No. 66757

FOWKES ♦ RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont, PA 15139

(412) 828-2802 (Phone)
(412) 828-2588 (Fax)
jrodkey@fowkesrodkey.com

---

jurisdiction."); *Schmidt v. Skolas*, 770 F.3d 241, 248 (3d Cir. 2014) ("[u]nder Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses . . ."); Moretti v. Hertz Corp., C.A. No. 14-469-LPS (D. Del. Mar. 17, 2017) *6; Powell v. Wetzel, No. 1:12-cv-2455 (M.D. Pa. Sep. 13, 2016) *11 (Plaintiff not required plead facts sufficient to overcome an affirmative defense.).

The SSG Defendants, however, have failed to meet the pleading requirements for raising an affirmative defense of lack of capacity to sue. In order "[t]o raise an issue regarding a representative's capacity to sue, the challenging party "must do so by a specific denial, which must state any supporting facts that are peculiarly within the party's knowledge." Fed. R. Civ. P. 9(a)(2)." *See T.A. v. Cnty. of Del.*, No. 18-2141, at *7 (E.D. Pa. Mar. 14, 2019). Here, the SSG Defendants raised 28 affirmative defenses in its Answer - lack of capacity to sue was not one of them. (ECF No. 139). They only baldly assert that Plaintiffs' lack standing. (ECF No. 139, Pg. 57).

8

Jayson M. Macyda
Jayson M. Macyda (admitted *pro hac vice*)
Kyko Global, Inc.
P.O. Box 87491
Canton, MI 48187
(248) 243-6685
generalcounsel@kykoglobal.com

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF Notification System on this 26th day of August, 2020 upon the following:

Michael H. Ginsberg
mhginsberg@jonesday.com
John D. Goetz
jdgoetz@jonesday.com
Douglas Baker
ddbaker@jonesday.com

JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514

**Counsel for Defendants:**

**SSG Capital Partners I, L.P.**
**SSG Capital Management (Hong Kong) Limited**
**Shyam Maheshwari**
**Ira Syavitri Noor a/k/a Ira Noor Vourloumis**
**Dinesh Goel**
**Wong Ching Him a/k/a Edwin Wong**
**Andreas Vourloumis**
**Value Team Corporation**

Jeffrey T. Morris
Elliott & Davis, PC
6425 Living Place, Suite 200
Pittsburgh PA 15206
morris@elliott-davis.com

**Counsel for Defendant, Anandhan Jayaraman**

The undersigned certifies that a true and correct copy of the foregoing document was served via U.S. Mail for posting on this 26th day of August, 2020 upon the following:

Prithvi Information Solutions, LTD.
Prithvi Asia Solutions Limited
214 S. Craig Street
Suite 5
Pittsburgh, PA 15213

       The undersigned certifies that a true and correct copy of the foregoing document was served via Email on this 26th day of August, 2020 upon Madhavi Vuppalapati by sending an email to:

Madhavi@prithvisolutions.com
Vuppalapatim@gmail.com
Satish@prithvisolutions.com
Vuppalapatis@gmail.com
ajayaraman@gmail.com

*/s/ Joseph F. Rodkey, Jr.*