# Exhibit 3

```
                                                                    FILED
                                                              14 MAY 21 PM 3:49
                                                              Chief Civil Calendar
                                            Noted for May 30, 2014 / Without Oral Argument
                                                              SUPERIOR COURT CLERK
                                                                      E-FILED
                                                           CASE NUMBER: 13-2-41165-2 SEA
```

## SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| KYKO GLOBAL INC., a Canadian corporation and KYKO GLOBAL GMBH a Bahamian corporation, | Case No. 13-2-41165-2 SEA |
| Judgment Creditors, | MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS; APPOINTMENT OF REFEREE; COMPEL PRODUCTION OF DOCUMENTS |
| v. | |
| PRITHVI INFORMATION SOLUTIONS, LTD., a Pennsylvania corporation; PRITHVI INFORMATION SOLUTIONS INTERNATIONAL, LLC, a Pennsylvania limited liability company; PRITHVI SOLUTIONS, INC., a Delaware corporation; INALYTIX INC., a Nevada corporation; AVANI INVESTMENTS INC., a Delaware corporation; ANANYA CAPITAL INC., a Delaware corporation; MADHAVI VUPPALAPATI, DCGS, INC., a Pennsylvania company; EPP, INC., a Washington corporation; FINANCIAL OXYGEN INC., a Washington corporation; HUAWEI LATIN AMERICAN SOLUTIONS INC., a Florida corporation; and L3C, INC., a Washington corporation, | EXPEDITED CONSIDERATION REQUESTED |
| Judgment Debtors. | |

### I. OVERVIEW AND RELIEF REQUESTED

Plaintiffs, KYKO GLOBAL INC., and KYKO GLOBAL GMBH ("Kyko") hereby move the court for the following relief against Debtor Madhavi Vuppalapati ("Debtor") and the other judgment debtors in this proceeding:

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 1

SEADOCS:465614.1
558590-0001

MILLER NASH LLP.
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

1. Determination of Debtor's assertion of the Fifth Amendment and attorney client privilege to avoid answering questions regarding debtor's assets;

2. Appointment of a referee for future exams to attend and rule on objections on future proceedings to be held in the same matter as a deposition;

3. Order requiring Debtor to turn over documents identified during the examination and to sanction Debtor for failing to turn over documents ordered by the court but not produced by Debtor.

Given the pending proceedings set for this later this week of additional supplemental proceedings involving Debtors Madhavi Vuppalapati and other judgment debtors, plaintiffs' requests expedited consideration on its motion.

## II. FACTS AND RELEVANT PROCEDURAL HISTORY

On June 17, 2013, Kyko brought suit in United States District Court for the Western District of Washington against Madhavi Vuppalapati and a number of co-defendants asserting, among other things claims for fraud, misrepresentation, and conversion. Kyko then obtained a judgment against Madhavi Vuppalapati and its co-judgment debtors, based on her and the other Defendants' confessions, which was entered on September 6, 2013, including various Prithvi entities controlled and run by Madhavi Vuppalapati. The judgment was domesticated in the Superior Court of King County, Washington, on December 6, 2013. The judgment is in the principal amount of $17,568,854, with an additional amount of prejudgment interest in an amount of $796,776 accrued as of the date of judgment, plus all legal costs and interest at 2.45% per month from the date of judgment, all of which is running into millions more dollars at issue.

On February 13, 2014, a supplemental proceeding exam of Madhavi Vuppalapati, a judgment debtor in the above-caption case took place. Debtor was ordered to produce documents related to her assets and those of co-debtor organizations and to appear for examination under oath. Dec. of Yand, Ex. 2, Ex. 1.

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 2

SEADOCS:465614.1
558590-0001

MILLER NASH LLP.
ATTORNEYS AT LAW
T: (206) 622-8484 F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

1.         During the first examination, debtor refused to answer questions based on the Fifth Amendment right against self-incrimination in response many of the questions asked. This blanket assertion of the Fifth Amendment without any further explanation for the reasons. Kyko then asked the court for a ruling on whether Debtor had to answer questions concerning corporate entities that Debtor had financial interests as set forth in her affidavit dated March 28, 2013 and the court, after considering the strenuous objections from Debtor's counsel, ruled that Debtor must answer if those business entities were not alleged by Kyko to be fraudulent. Dec. of Yand, Ex. 2 at 13. Thereafter, she answered questions whether she was a director of Prithvi Catalytic Inc., as well as other Prithvi entities. <u>See</u> Dec. of Yand, Ex. 1 at 15. However, in spite of the court prior ruling, Debtor repeated over 20 times her Fifth Amendment refusal to answer during the examination. <u>Id.</u> Given the limited time available to conduct the examination, the parties had to adjourn the proceeding without Debtor providing meaningful responses.

        Debtor was ordered to appear a second time before the court on May 16, 2014 and ordered to bring additional records and to answer interrogatories. <u>Id.</u> at Ex. 1, Ex. 26.[1]

        At the time of the examination, Debtor failed to bring any additional records related to divestment or sale of shares in Prithvi Catalytic Inc. or Agadia, Inc., both entities that debtor previously testified she had stock or an interest in through other entities. <u>Id.</u> at Ex. 2, at 60; Ex. 2, pp. 36 & 45.

        Additionally, during the examination on May 16, Debtor refused to answer any questions about either Prithvi Catalytic or Agadia, although she had answered questions about both companies previously. <u>Id.</u> at Ex. 1, pp. 101, 112. She also refused to testify about Prithvi Catalytic even though she previously answered interrogatory answers on that same topic and produced documents related to the transaction. <u>Id.</u> at Ex. 1, pp. 108, 115. These blanket refusals

---

[1] The court's order for examination on May 9, 2014 was continued by stipulation to May 16, 2014 specifically so that debtor can bring documents requested in the order. Dec. Yand, Ex. 5. She appeared on May 16 without any additional records and then proceeded to testify about various records in her possession that she had not turned over. Id. at Ex. 4.

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 3

MILLER NASH LLP.
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

SEADOCS:465614.1
558590-0001

1  to answer were not accompanied by any factual basis for asserting the Fifth Amendment
2  privilege to assess what the risk of criminal prosecution existed. Counsel refused to provide any
3  factual basis to support asserting the Fifth Amendment privilege. Id. at Ex. 1, p. 61.
4         Debtor continued to invoke the Fifth Amendment through the rest of the
5  examination without providing any factual context to assess the privilege[2]. Id. at 61. Attached
6  to the Declaration of Yand as Exhibit 3 is a list of questions to which debtor asserted her Fifth
7  Amendment. These refusals to answer prevented an effective examination of Debtor's assets and
8  business interests that may be used to satisfy the judgment.
9         Additionally, attached as Exhibit 4 is a list of documents that Debtor indicated she
10 had and did not produce or that she could obtain and provide to her counsel. Id. at Ex. 4. This
11 included a car she sold but did not disclose in her interrogatory answers dated January 27, 2014.
12 Id. She did bring a copy the extension for her 2013 tax return, tax returns for Prithvi LLC for
13 2011, for Prithvi Solutions Limited, Inalytix for 2010-2012, bank statements for Prithvi LLC and
14 Prithvi Solutions Inc., Debtor lease for her home and for business, her New York life insurance
15 policy, credit cards statements, accounts receivable for Prithvi Information Solutions
16 International, a company car, accounts receivables received by Debtor, contact information for
17 Shivanand B who is the shareholder for Cemetrix, and documents related to Prithvi entities in
18 foreign companies. Id. at Ex. 4. In fact, Debtor testified that she intended to pay the judgment
19 using foreign assets. Id.
20        During a break in the examination of Debtor on May 16, counsel for Kyko
21 requested a hearing with the court to address Debtor's blanket refusals to answer. Since the court
22 was not available to hear the objections at that time, the parties were directed to file this motion
23 and seek the court's determination on the issues.

---

[2] Debtor repeatedly refused to answer questions regarding her knowledge of judgment debtors DCGS, Inc. and EPP, Inc. without reference as to why. See Dec. of Yand, Ex. 3.

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 4

SEADOCS:465614.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

### III. ISSUES PRESENTED

1. Whether Debtor wrongfully asserted 5th amendment objections without giving factual support of the objection, on questions the court already ordered to be answered and on questions that Debtor had previously responded and thereby waived any privilege objection?

2. Whether the court should appoint a referee pursuant to RCW 6.32.010 to address the objections raised by Debtor and to rule on future objections during the proceedings in this case and to direct further examinations of Debtors pursuant to the same proceedings for conducting depositions, given the complexity of the matters involving multi-state and multi-national companies and significant size of the judgment at issue?

3. Whether the court should ordered Debtor to produce documents identified during the examination and be sanctioned for not producing documents previously ordered to be produced?

### IV. EVIDENCE RELIED UPON

This motion is based on the Declaration of James Yand in Support of Motion for Determination, its attached exhibits, and the pleadings and records on file herein.

### V. AUTHORITY

1. <u>Debtor's Blanket Fifth Amendment Objections Prevents Disclosure of Assets And Lacks Factual Support of Criminal Prosecution</u>.

Generally, a witness invoking the Fifth Amendment privilege against self-incrimination1 must establish a factual basis giving reasonable cause to believe that an answer would expose him to a danger of incrimination. There is no blanket Fifth Amendment right to refuse to answer questions based on the assertion that any and all questions might tend to be incriminatory. <u>Eastham v. Arndt</u>, 28 Wn. App. 524, 624 P.2d 1159 (1981); <u>See also State v. Lougin</u>, 50 Wn. App. 376, 749 P.2d 173 (1988) (allowing a witness to claim the Fifth Amendment in general, without determining whether the specific question exposes the witness to

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 5

SEADOCS:465614.1
558590-0001

MILLER NASH LLP.
ATTORNEYS AT LAW
T: (206) 622-8484 F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

jeopardy, violates the defendant's Sixth Amendment right to compulsory process). The privilege must be claimed as to each question and the matter submitted to the court for its determination as to the validity of each claim. Id. at 524.

RCW 6.32.200 provides that incriminating testimony during supplemental proceedings may not to be used in a criminal proceeding.[3] Although RCW 6.32.200 grants a limited immunity to witnesses who testify in supplemental proceedings authorized by RCW 6.32, a witness may still assert his or her Fifth Amendment privilege against self-incrimination in limited circumstances. Eastham v. Arndt, 28 Wn. App. 524, 624 P.2d 1159 (1981).

In order for Debtor to claim the privilege, she "must demonstrate a reasonable factual predicate that [her] answer could incriminate her in order to sustain [her] claim of privilege." Id. at 533. If the "incriminatory nature of an answer to the questions propounded is not evident from the implications of the questions in the setting in which they were asked," the witness will be found in contempt. Id. at 535-36 (holding because the debtor "did not provide a factual basis which would allow the court to grant the claim of privilege," the claim was "properly rejected" and "the contempt decree [was] affirmed").

The Fifth Amendment claim of the privilege against self-incrimination must also be judged by the standards of Hoffman v. United States, 341 U.S. 479, 71 S. Ct. 814, 95 L. Ed. 1118 (1951). The Hoffman court determined that the assertion of the privilege against self-incrimination "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." Hoffman, at 486, 71 S. Ct. at 818; see Eastham v. Arndt, supra. "Without this requirement, any judgment debtor could assert his Fifth Amendment

---

[3] RCW 6.32.200 provides: "A party or witness examined in a special proceeding authorized by this chapter is not excused from answering a question on the ground that his or her examination will tend to convict him or her of a commission of a fraud, or to prove that he or she has been a party to or privy to or knowing of a conveyance, assignment, transfer, or other disposition of property for any purpose; or that he, she, or another person claims to be entitled as against the judgment creditor or receiver appointed or to be appointed in the special proceeding to hold property derived from or through the judgment debtor, or to be discharged from the payment of a debt which was due to the judgment debtor or to a person in his or her behalf. But an answer cannot be used as evidence against the person so answering in a criminal action or criminal proceeding."

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 6

SEADOCS:465614.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

privilege, and judgment creditors would be powerless to enforce their judgments." Compton v. Societe Eurosuisse, S.A., 494 F. Supp. 836, 838 (S.D. Fla.1980).

> The courts cannot accept Fifth Amendment claims at face value, because that would allow witnesses to assert the privilege where the risk of self-incrimination was remote or even nonexistent, thus obstructing the functions of the courts.

United States v. Melchor Moreno, 536 F.2d 1042, 1046 (5th Cir.1976). "It is well established that the privilege protects against real dangers, not remote and speculative possibilities." Zicarelli v. New Jersey Comm'n of Investigation, 406 U.S. 472, 478, 92 S. Ct. 1670, 1675, 32 L. Ed. 2d 234 (1972).

Thus, the judgment debtor " 'must establish a factual predicate from which the court can, by use of 'reasonable judicial imagination' (aided by suggestions of counsel), conceive of a sound basis for the claim.' " Eastham, 28 Wn. App. at 531–32, 624 P.2d 1159 (quoting Thoresen v. Superior Court, 11 Ariz. App. 62, 66, 461 P.2d 706 (1979)). In making such a showing, the Eastham court approved of a procedure in which the trial court could conduct an in camera hearing, thereby preserving the confidences of the witness, where external circumstances do not support the privilege claim. Eastham, 28 Wn. App. at 533–34 n.2, 624 P.2d 1159.

Here, Debtor is protected by the immunity afforded by statute against use of the supplemental proceedings testimony in a criminal proceeding. Furthermore, debtor obtained a protective order limiting the use of testimony to these legal proceedings.[4] These protections significantly limit the circumstances that would justify asserting a blanket refusal to answer.

More importantly, this court has had the opportunity to rule in the case on the assertion of the Fifth Amendment and has ordered debtor to answer questions regarding her interest in Prithvi Catalytic and other entities that debtor has an interest, so long as those entities are not asserted to be fictitious and fraudulent. Nevertheless, Debtor refused to answer, bringing

---

[4] See Decl. of Yand, Ex. 6.

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 7

SEADOCS:465614.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

the proceedings to halt since no information was being provided about assets that might be available for execution.

### 2. Court Should Appoint Referee for All Further Proceedings

RCW 6.32.030 provides in pertinent part:

> Any person may be made a party to a supplemental proceeding by service of a like order in like manner as that required to be served upon the judgment debtor, and upon proof by affidavit or otherwise, to the satisfaction of the judge, that execution has been issued and return made thereon wholly or partially unsatisfied, and also that any person or corporation has personal property of the judgment debtor of the value of twenty-five dollars or over, or is indebted to him or her in said amount, or is holding the title to real estate for the judgment debtor, or has knowledge concerning the property interests of the judgment debtor, the judge may make an order requiring such person or corporation, or an officer thereof, to appear at a specified time and place before him or her, or a referee appointed by him or her, and answer concerning the same.

Washington statutes provide the court and judgment creditors with significant equitable remedies to assist in recovery on judgments. RCW 6.32.120 provides that the court may enjoin the transfer of property of the debtor. Likewise, under RCW 6.32.010, if there is a danger of the "debtor absconding" the court may order the debtor's arrest.

The court is authorized by RCW 6.32.010 to appoint a referee: "[U]pon application by the judgment creditor such court or judge may, by an order, require the judgment debtor to appear at a specified time and place before the judge granting the order, *or a referee appointed by the judge*, to answer concerning the same…". With the wholesale assertion of the Fifth Amendment privilege by Debtor to prevent disclosure of assets, it is necessary to appoint a referee to address the scheduling, attendance and ruling on objections, in the same manner as would follow for a deposition. See CR 69(b).[5] The cost should be borne by both parties, with power of the referee to allocate expense for cause. The referee may direct the further examination of Debtors in the same manner as taking a deposition.

---

[5] CR 69(b) provides: "In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may examine any person, including the judgment debtor, in the manner provided in these rules for taking depositions or in the manner provided by RCW 6.32."

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 8

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

SEADOCS:465614.1
558590-0001

1          3.      <u>Attorney Client Privilege Not Apply to Funding of Legal Fees</u>

2          Additionally, Debtor was asked how she was paying her attorneys. Dec. of Yand,
3 Ex. 1 at 129. She refused to answer based on the assertion of privilege by her attorney. This
4 objection is not well founded since the source of funds is not protected.

5          The party asserting the attorney-client privilege has the burden of demonstrating
6 both the existence of an attorney-client relationship and how the information sought fits within
7 the privilege. <u>In re Grand Jury Subpoenas</u>, 803 F.2d 493, 496, 84 A.L.R. Fed. 833 (1986),
8 modified, 817 F.2d 64 (9th Cir.1987). As a general rule, the identity of an attorney's clients and
9 the nature of fee arrangements with clients are not confidential communications protected by the
10 attorney-client privilege. <u>Seventh Elect Church v. Rogers</u>, 102 Wn.2d 527, 688 P.2d 506 (1984).

11          Here, Debtor should be ordered to answer the source of funds to pay her many
12 attorneys in these proceedings. These are funds that might otherwise be available for payment of
13 this judgment.

14          4.      <u>Order Production of Documents</u>

15          During the course of the examination, debtor identified numerous documents that
16 reflect interests in various assets or financial affairs. Dec. of Yand, Ex. 4. Debtors should be
17 ordered to produce all such documents identified. Additionally, debtor testified to the
18 disposition of mini Cooper automobile in January 2014 for $10,000 during the time she was
19 ordered to disclose such assets and produce such records. <u>Id.</u> at Ex. 1, pp. 95-96. Debtor should
20 be sanctioned for intentionally concealing the existence and sale of this asset from her
21 interrogatory answers. Any funds from such sale should be applied to the judgment
22 immediately.

23          To the records that debtor has refused to produce, the court should order that they
24 be turn over immediately since they may lead to assets that can be used to satisfy this judgment.

25
26

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 9

SEADOCS:465614.1
558590-0001

MILLER NASH LLP.
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

## VI. CONCLUSION

In order to address the numerous refusals to answer and to produce records by Debtor, the court should appoint a referee to address the privilege issues raised by Debtor in these supplemental proceedings, order that Debtor assert a sufficient factual basis for asserting the privilege when it arises, answer questions regarding her source for legal fees, order Debtor to produce documents requested by Kyko and sanction Debtor for failing to disclose the existence and sale of her Mini Cooper and produce documents previously ordered by the court.

## VII. PROPOSED ORDER

A proposed form of order is attached hereto.

DATED this 21st day of May, 2014.

s/ James T. Yand
John R. Knapp, Jr., WSB No. 29343
James T. Yand, WSB No. 18730
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101
Tel: (206) 622-8484
Fax: (206) 622-7485
E-mail: john.knapp@millernash.com
E-mail: james.yand@millernash.com

Attorneys for Judgment Creditors
Kyko Global, Inc. and Kyko Global GMBH

MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS - 10

SEADOCS:465614.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

1   I hereby certify that on the date set forth below I served the foregoing MOTION
2   FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS; APPOINTMENT OF
3   REFEREE; COMPEL PRODUCTION OF DOCUMENTS, DECLARATION OF JAMES
4   YAND and PROPOSED ORDER on:

| | |
|---|---|
| Mark D. Kimball<br>Mary K. Thurston<br>MDK Law Associates<br>Law Offices of Mark Douglas Kimball, P.S.<br>777 108th Avenue NE, Suite 2170<br>Bellevue, WA 98004<br>Phone: (425) 455-9610<br>Fax: (425) 455-1170<br>E-mail: mark@mdklaw.com<br>E-mail: mary@mdklaw.com | ☒ Via U.S. Mail, Postage Prepaid<br>☐ Via Hand Delivery<br>☐ Via Federal Express<br>☐ Via Facsimile<br>☒ Via Electronic Mail |

DATED this 21st day of May, 2014.

*s/ James T. Yand*
James T. Yand

CERTIFICATE OF SERVICE - 1

SEADOCS:465614.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| KYKO GLOBAL INC., a Canadian corporation and KYKO GLOBAL GMBH a Bahamian corporation,<br><br>Judgment Creditors,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD., a Pennsylvania corporation; PRITHVI INFORMATION SOLUTIONS INTERNATIONAL, LLC, a Pennsylvania limited liability company; PRITHVI SOLUTIONS, INC., a Delaware corporation; INALYTIX INC., a Nevada corporation; AVANI INVESTMENTS INC., a Delaware corporation; ANANYA CAPITAL INC., a Delaware corporation; MADHAVI VUPPALAPATI, DCGS, INC., a Pennsylvania company; EPP, INC., a Washington corporation; FINANCIAL OXYGEN INC., a Washington corporation; HUAWEI LATIN AMERICAN SOLUTIONS INC., a Florida corporation; and L3C, INC., a Washington corporation,<br><br>Judgment Debtors. | Case No. 13-2-41165-2 SEA<br><br>ORDER GRANTING MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS, APPOINTING REFEREE, PRODUCING DOCUMENTS AND SANCTIONS<br><br>[PROPOSED] |

Plaintiffs/Judgment Creditors Kyko Global and Kyko Global GMBH ("Kyko") have moved for:

ORDER GRANTING MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS, ETC. - 1

SEADOCS:465530.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

1. Determination of Debtor Madhavi Vuppalapati ("Debtor") assertion of the 5th Amendment and attorney client privilege to avoid answering questions regarding debtor's assets;

2. Appointment of a referee for future exams to attend and rule on objections on future proceedings to be held in the same matter as a deposition;

3. Order requiring Debtor to turn over documents identified during the examination and to sanction Debtor for failing to turn over documents ordered by the court but not produced by Debtor.

This Court, having considered the motion and supporting declaration, and the pleadings and filings herein, and good cause having been shown, now hereby

IT IS ORDERED that plaintiffs/judgment creditors Kyko's motion for is hereby granted as follows:

1. Debtor's blanket assertion of the Fifth Amendment privilege to avoid answering questions regarding Debtor's assets is improper without first stating a valid factual basis for fear of criminal prosecution. Debtor will answer all questions not do not meet this requirement. Additionally, Debtor will answer all questions regarding her source of funds used to pay legal fees since this information is not protected by the attorney-client privilege. To the extent Debtor has been previously ordered to answer questions about companies that are not the target of specific fraud allegations, she must continue to answer all those questions along with any other questions on assets she has previously testified to in the past under oath;

2. The court hereby appoints a referee under RCW 6.32.010 for future exams to attend and rule on objections on future proceedings to be held in the same matter as a deposition. The referee will have all the powers set forth in RCW 6.32 and the Court Rules to rule on objections and to schedule supplemental proceedings in the same manner as depositions.

ORDER GRANTING MOTION FOR DETERMINATION OF FIFTH
AMENDMENT OBJECTIONS, ETC. - 2

MILLER NASH LLP.
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

SEADOCS:465530.1

1. The referee appointed is _____ unless both parties stipulate to the choice of a referee of their choosing. The referee shall all have powers necessary to conduct supplemental proceedings pursuant to this order and make all necessary ruling. Each Plaintiffs and Defendants shall be responsible for half of the referee's fee, unless the referee decides otherwise. Any appeal from the referee's order will be to this court and it must be filed within 5 days of the referee's ruling;

3. Debtor Madhavi Vuppalapati is to turn over all documents previously ordered from Debtor in the court's orders of December 17, 2013 and April 17, 2014, including those identified by Debtor during the February 13 and May 16, 2014 examinations as being in her possession or control within five days from the date of this order. Debtor is sanctioned $____ _____ for failing to turn over documents ordered by the court previously but not produced by Debtor, including information on the Mini Cooper sold by Debtor in January 2014 but not previously disclosed to Judgment Creditors. This sanction will be stricken if Debtor is in full compliance with this order within ten days from entry. Debtor is ordered to turn over to plaintiff the proceeds of the sale of the Mini Cooper with five days of the date of this order.

IT IS SO ORDERED this ____ day of May, 2014.

_____
Mariane C. Spearman, Chief Civil Judge
King County Superior Court

ORDER GRANTING MOTION FOR DETERMINATION OF FIFTH
AMENDMENT OBJECTIONS, ETC. - 3

SEADOCS:465530.1

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

1. Presented by:

2. *s/ James T. Yand*

3. John R. Knapp, Jr., WSB No. 29343
James T. Yand, WSB No. 18730

4. MILLER NASH LLP
4400 Two Union Square

5. 601 Union Street
Seattle, WA 98101

6. Phone: (206) 622-8484
Fax: (206) 622-7485

7. E-mail: john.knapp@millernash.com
E-mail: james.yand@millernash.com

8. Attorneys for Judgment Creditors

9. Kyko Global, Inc. and Kyko Global GMBH

10.
11.
12.
13.
14.
15.
16.
17.
18.
19.
20.
21.
22.
23.
24.
25.
26.

ORDER GRANTING MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS, ETC. - 4

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101