# Exhibit 4

FILED
14 MAY 29 AM 11:31
Chief Civil Calendar
Noted for May 30, 2014 / Without Oral Argument
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 13-2-41165-2 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| KYKO GLOBAL INC., a Canadian corporation and KYKO GLOBAL GMBH a Bahamian corporation,<br><br>    Judgment Creditors,<br><br>    v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD., a Pennsylvania corporation, et al.,<br><br>    Judgment Debtors. | Case No. 13-2-41165-2 SEA<br><br>REPLY IN SUPPORT OF KYKO'S MOTION FOR DETERMINATION OF FIFTH AMENDMENT OBJECTIONS; APPOINTMENT OF REFEREE; COMPEL PRODUCTION OF DOCUMENTS |

1.    <u>Defendant's Fifth Amendment Objections are Intended to Hide Assets</u>

Judgment Debtor Madhavi Vuppalapati has invoked the Fifth Amendment privilege not to avoid criminal prosecution but to conceal assets. She cannot point to any inquiry no less actual investigation by any federal, state or local law enforcement agency, although these allegations against her have existed for almost a year. It is true that Ms. Vuppalapati does face significant civil responsibility for her actions, as outlined in various legal proceedings. However, civil liability does not amount to reasonable fear of criminal prosecution without more. That "more" is completely missing when the questions relate to the identity of assets belonging to the judgment debtors and where they are located. Vuppalapati simply does not establish a reasonable danger of criminal prosecution related to these answers. She invoked the Fifth

REPLY IN SUPPORT OF KYKO'S MOTION FOR DETERMINATION OF
FIFTH AMENDMENT OBJECTIONS - 1

SEADOCS:465748.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

1 Amendment in response to the following simple questions that relate to her assets not threat of
2 criminal activities:

3     1. Did she review the prior transcript (February 13 exam) and make any changes
4 to any prior answers that she gave[1];
5     2. Questions about the company documents she produced at the May 16 examination that relate to ownership of stock[2];
6     3. Any questions about her affidavit (Ex. 4) showing her ownership of various companies, although she answered questions about it in her first exam after being ordered by this
7 court to do so[3];
8     4. Her understanding of the factoring agreement with Kyko Global Inc. ("Kyko"), although she answered this question at the first exam;[4]
9     5. She refused to testify about Prithvi Catalytic, not a fake company, even though she previously answered interrogatories on that same topic and produced documents related to
10 the transaction.[5]
11     6. Divestment of her shares in a company called Agadia Systems Inc. ("Agadia")[6]

12 Ms. Vuppalapati fails to show how answering these specific questions relate to
13 any concerns expressed in her criminal attorney's declaration or other declarations submitted that
14 she committed a crimes sufficient to trigger prosecution. As a result, she has stonewalled
15 Kyko's efforts to collect on a judgment that is properly due. This wholesale refusal to answer
16 questions on specific topics or about the identity of assets in a company or the documents she
17 produced, does not meet the "reasonable cause to apprehend danger from a direct answer" that
18 might otherwise reveal assets that can satisfy a judgment.[7] Having failed to establish the

---

[1] Declaration of Yand, Ex. 3 at 6.

[2] Id. Ex. 1, at p.112.

[3] Id at Decl. of Yand, Ex. 3 at 6.

[4] Id at 7.

[5] Id. at Ex. 1, pp. 108, 115.

[6] Id at Ex. 3, p. 111.

[7] The assertion of the privilege against self-incrimination "must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer." Hoffman v. United States, 341 U.S. 479, 486, 71 S. Ct. 814, 95 L. Ed. 1118 (1951); "Without this requirement, any judgment debtor could assert his Fifth Amendment privilege, and judgment creditors would be powerless to enforce their judgments." Compton v. Societe Eurosuisse, S.A., 494 F. Supp. 836, 838 (S.D. Fla.1980). Furthermore, defendant's statements that she answered many questions

REPLY IN SUPPORT OF KYKO'S MOTION FOR DETERMINATION OF
FIFTH AMENDMENT OBJECTIONS - 2

SEADOCS:465748.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

necessary factual predicate, Vuppalapati's objections should be overruled and she should answer questions about the identity and location of her assets and those of the various judgment debtors.

2. Waiver of Fifth Amendment Applies to Previous Answers

As illustrated above, Vuppalapati was asked almost identical questions from the first exam but she refused to answer in the second, regardless of the court's prior ruling that answers were due on companies not asserted to be fake. As acknowledged by defendant in her response, waiver occurs when a claim of privilege is not timely invoked. See Response of Defendant at 9. In her first exam, Vuppalapati answered questions about her affidavit, her ownership in Prithvi Catalytic, the factoring agreement and divesture in Agadia.[8] These responses constitute a waiver as to those topics testified to by Vuppalapati. Since her answers were incomplete, the questioning returned to these topics at her continued examination on May 16 but she now refuses to answer. These questions relate to Vuppalapati's knowledge of assets that might be used to satisfy this judgment. If she fears she did something illegal, she does not articulate the factual basis for it other than the factual allegations that support the original lawsuit. Presumably, she would not have confessed to a judgment in federal court in the original lawsuit if she was concerned about her criminal liability.

---

during her May 16 exam is partially true since many of the cited transcript pages related to questions about Vuppalapati's effort to locate and produce documents ordered by the court. This is what generated Exhibit 4 to the Decl. of Yand. As acknowledged by defendant, contents of documents do not implicate the Fifth Amendment. Response Brief at 12. Furthermore, corporations possess no right against self-incrimination. Braswell v. United States, 487 U.S. 99, 104–10, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988) (Custodial act of production is not personal act subject to Fifth Amendment). Vuppalapati refers to questions asked in the 2004 exam in the Prithvi Catalytic bankruptcy proceeding, but her response fails to inform the court she was ordered by Judge Taddonio to answer questions regarding the identity and contact information of shareholders over her Fifth Amendment objections.

[8] The court's prior ruling ordering answers to these questions, overruling defendant's Fifth Amendment objections, was never appealed by defendants. This support waiver as to any further objections by defendants on these questions.

REPLY IN SUPPORT OF KYKO'S MOTION FOR DETERMINATION OF
FIFTH AMENDMENT OBJECTIONS - 3

SEADOCS:465748.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

1         3.     <u>Appointment of Referee is Necessary to Conduct an Adequate</u>
2 <u>Examination</u>

        The revolving door to this court on the many questions raised during these many supplemental proceedings is sufficient to demonstrate the need to have a referee appointed to address the objections and scheduling issues raised in this case.[9] The court is empowered to use a referee to make the process work rather than allowing a flood of objections to deny the proper functioning of the supplemental examinations, as has occurred here. The referee can direct where examinations will take place and for how long, rule on objections and address the production of records and only bring rulings to this court for review after the facts and issues have been fully considered and ruled upon by the referee. Although this may appear to be more expensive at the outset, it will serve to reduce the court time and stream of motions that have been flooding into the court for attention. Judgment debtors have failed to articulate any reason not to have a referee address the reality of what this case has produced in terms of repeated objections and various motions that show no sign of ebbing given the size of the judgment still remaining unsatisfied.

        4.     <u>Vuppalapati Must Answer Questions about Legal Fees</u>

        Ms. Vuppalapati has not responded to Kyko motion to compel her answers to questions about the source for payment of her impressive phalanx of attorneys in this and other proceedings. Therefore, the court should order answers to these questions and production of any financial records related thereto.

        5.     <u>Motion to Compel Documents Should be Granted</u>

        Defendant Vuppalapati cannot deny that she has failed to comply with this court's orders to produce documents, as reflected in Exhibit 4 to Decl. of Yand filed in support. She

---

[9] Defendant cites Washington Practice Section 40:12 which actually supports the court's authority: "Appoint referee. The court may appoint a referee to take testimony and may compel the attendance of witnesses before the referee. The referee will take the testimony and continue the hearing to another date, and report the testimony taken to the court for action." This creates the record and ruling of the referee that still allow the court the final say.

REPLY IN SUPPORT OF KYKO'S MOTION FOR DETERMINATION OF
FIFTH AMENDMENT OBJECTIONS - 4

SEADOCS:465748.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

1 admitted in her exam of May 16 that she has or can get access to numerous records but has not
2 done so, even though the proceedings were continued specifically for this purpose. Id. at Ex. 4.
3 She states in response to this motion that Kyko failed to advise her of what documents were still
4 missing. However, at the time of the May 9 exam, Ms. Vuppalapati advised that she still had
5 documents that she was waiting to receive but these were never produced. In her email of
6 May 14, counsel for Ms. Vuppalapati states she reviewed the two orders requiring documents
7 and had produced everything except some documents from India. However, in reply to this
8 email on May 14, counsel for Kyko stated that the information about the shareholders provided
9 was not responsive since it failed to identify the address for the shareholders as requested. See
10 **Exhibit 1** attached.[10] Kyko is more concerned about getting the documents rather than seeking
11 sanctions but something must be done to stop the endless excuses and noncompliance with the
12 court's orders. The proposed order specifically addresses this avoidance of sanctions if the
13 court's orders are obeyed.

6. Conclusion

For the many reasons identified in this motion, the court should appoint a referee to address the myriad of objections and compliance issues that this case has fostered. The referee can address the Fifth Amendment objections and otherwise manage the scheduling of future exams and the production of records. From this record made by the referee, the court can make whatever additional ruling are necessary to ensure that the equitable remedies in the supplemental proceedings are available to Kyko to properly collect on its judgment.

---

[10] Plaintiff is avoiding the need for yet another declaration by attaching the email directly and representing that it is true and correct copy of the original. This email response to counsel for Vuppalapati was apparently overlooked, likely due to the large number of exchanges between the parties on numerous pending motions and exams.

REPLY IN SUPPORT OF KYKO'S MOTION FOR DETERMINATION OF
FIFTH AMENDMENT OBJECTIONS - 5

SEADOCS:465748.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

| | |
|---|---|
| 1 | DATED this 29th day of May, 2014. |
| 2 | |
| 3 | |
| 4 | s/ James T. Yand<br>John R. Knapp, Jr., WSB No. 29343 |
| 5 | James T. Yand, WSB No. 18730<br>MILLER NASH LLP |
| 6 | 4400 Two Union Square<br>601 Union Street |
| 7 | Seattle, WA 98101<br>Tel: (206) 622-8484 |
| 8 | Fax: (206) 622-7485<br>E-mail: john.knapp@millernash.com |
| 9 | E-mail: james.yand@millernash.com |
| 10 | Attorneys for Judgment Creditors<br>Kyko Global, Inc. and Kyko Global GMBH |

REPLY IN SUPPORT OF KYKO'S MOTION FOR DETERMINATION OF
FIFTH AMENDMENT OBJECTIONS - 6

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

SEADOCS:465748.1
558590-0001

| | | | |
|---|---|---|---|
| 1 | | I hereby certify that on the date set forth below I served the foregoing REPLY IN | |
| 2 | SUPPORT OF KYKO'S MOTION FOR DETERMINATION OF FIFTH AMENDMENT | | |
| 3 | OBJECTIONS; APPOINTMENT OF REFEREE; COMPEL PRODUCTION OF DOCUMENTS | | |
| 4 | on: | | |

5  Mark D. Kimball ☐ Via U.S. Mail, Postage Prepaid
   Mary K. Thurston ☐ Via Hand Delivery
6  MDK Law Associates ☐ Via Federal Express
   Law Offices of Mark Douglas Kimball, P.S. ☐ Via Facsimile
7  777 108th Avenue NE, Suite 2170 ☒ Via Electronic Mail
   Bellevue, WA 98004
8  Phone: (425) 455-9610
   Fax: (425) 455-1170
9  E-mail: mark@mdklaw.com
   E-mail: mary@mdklaw.com
10

11 DATED this 29th day of May, 2014.

12

13                                          *s/ James T. Yand*
14                                          James T. Yand

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1

SEADOCS:465748.1
558590-0001

MILLER NASH LLP
ATTORNEYS AT LAW
T: (206) 622-8484 | F: (206) 622-7485
4400 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101

# Yand, James

**From:** Yand, James
**Sent:** Thursday, May 15, 2014 10:23 AM
**To:** 'Mary Thurston'
**Cc:** "Mark Kimball"; Fadaie, Gill
**Subject:** RE: Requested Information

Mary-

The information below on its face appears to be an attorney's office in India and not the full address and contact details (phone numbers, email addresses) of these two shareholders of PCI. How is this responsive?

Jim

---

**From:** Mary Thurston [mailto:mary@mdklaw.com]
**Sent:** Thursday, May 15, 2014 9:30 AM
**To:** Yand, James
**Cc:** "Mark Kimball"
**Subject:** Requested Information

Dear Jim:

Please find below the contact information of the two shareholders of PCI as requested.

Additionally, I have gone through both the orders and the debtor's exam with Madhavi. The only documents that she has access and control over that she has not produced is documentation evidencing the transaction for Prithvi Catalytic, Inc. She has ordered that from her bank in India and it will be produced once it arrives. If you believe any other particular documents have not been produced or there are any other discrepancies, please feel free to contact me and let me know.

Sujatha Reddy
C/o M Srinivas Rao, Advocate
H No. 1-1-379/319, SRT-290, 1st Floor, Jawahar Nagar, Near RTC X Roads, Hyderabad – 500 020

Raja Kumari N
C/o P Rajeshwar Rao, Advocate
Flat No 121B Block 4, Janapriya Apartments, Saroornagar, Hyderabad – 500 035


Very Truly,
Mary Thurston


MDK|Law

Mary K. Thurston, J.D.


EXHIBIT 1