# Exhibit 6



KING COUNTY, WASHINGTON

JUL 0 7 2014

SUPERIOR COURT CLERK
BY PHILLIP HENNINGS
DEPUTY

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | |
|---|---|
| KYKO GLOBAL INC., A Canadian corporation and KYKO GLOBAL GMBH a Bahamian corporation,<br><br>    Judgment Creditors,<br><br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD., A Pennsylvania corporation; PRITHVI INFORMATION SOLUTIONS INTERNATIONAL, LLC, a Pennsylvania a limited liability company; PRITHVI SOLUTIONS, INC. a Delaware corporation; INALYTIX INC., a Nevada Corporation; AVANI INVESTMENTS INC., a Delaware Corporation; ANANYA CAPITAL INC., a Delaware Corporation; MADHAVI VUPPALAPATI, DCGS, INC., a Pennsylvania company; EPP. INC., a Washington corporation, FINANCIAL OXYGEN INC., a Washington corporation; HUAWEI LATIN AMERICAN SOLUTIONS, INC., a Florida corporation; and L3C, INC., a Washington corporation,<br><br>    Judgment Debtors. | Case # 13-2-41165-2 SEA<br><br>Interim Report of Referee and Request for Instructions |

Comes now Eric B. Watness, Referee Appointed herein, to submit an Interim Report and seek instructions from the Court as follows:

1.0 Issue Presented: A dispute has arisen between the parties concerning the scope of authority transferred to the Referee pursuant to the May 30, 2014 Order Appointing Referee. The Judgment Debtor has objected to the Judgment Creditor's request that the Referee order her to turn over personal property not specifically mentioned in the Order Appointing Referee. Rather the Judgment Debtor believes that that issue should be addressed by the judge presiding over

1

this proceeding. The Judgment Creditor reads the Order Appointing Referee more broadly to allow the Referee to make these determinations.

The Referee requests that the Court determine the following question: Does the Referee have or should it be granted the power to require the Judgment Debtor to turn over personal property not specifically mentioned in the court order or, alternatively, should that relief be determined by the Judge presiding over this case?

2.0 Background: the Judgment Creditor has asked that the Referee specifically require the Judgment Debtor to turn over:...... The Order Granting Motion for Appointment of Referee entered on May 30, 2014 states that a Referee is appointed "... under RCW 6.32.010 for future exams to attend and rule on objections on future proceedings to be held in the same matter as a deposition. The Referee will have all the powers set forth in RCW 6.32 and the Court Rules to rule on objections and to schedule supplemental proceedings in the same manner as depositions." It goes on to state that "The Referee shall all have powers necessary to conduct supplemental proceedings pursuant to this order and make all necessary rulings."

The Order specifically reserves for determination by the Referee the request that the Judgment Debtor "... turn over to plaintiff the proceeds of the sale of the Mini Cooper with(in) five days of the date of this order." Other personal property not specifically mentioned in the Order is or may become known to the Judgment Creditor through this Supplement Proceedings process.

RCW 6.32.080 provides that a judge can order property to be turned over to the sheriff. The word "Referee," however, does not appear in that section. RCW 6.32.080 states:

> Order requiring delivery of money or property to sheriff. Where it appears from the examination or testimony taken in the special proceedings authorized by this chapter that the judgment debtor has in his or her possession or under his or her control money or other personal property belonging to him or her, or that one or more articles of personal property capable of manual delivery, his or her right to the possession whereof is not substantially disputed, are in the possession or under the control of another person, the judge by whom the order or warrant was granted, or to whom it is returnable, may in his or her discretion, and upon such notice given to such persons as he or she deems just, or without notice, make an order directing the judgment debtor, or other person, immediately to pay the money or deliver the articles of personal property to a sheriff designated in the order, unless a receiver has been appointed or a receivership has been extended to the special proceedings, and in that case to the receiver.

Instructions from the Court and clarification of the scope of the appointment order are requested by the Referee because the statute does not specifically authorize the Referee to require turning

2

over property and the court order refers to the Referee only the question of proceeds from the sale of the Mini Cooper but not other personal property.

Respectfully submitted this 1st day of July, 2014

Eric B. Watness, Referee