IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation<br><br>      Plaintiffs,<br>v.<br><br>PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation,  SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company<br><br>      Defendants. | Case No. 2:18-cv-1290-WSS |

**PLAINTIFFS' MOTION TO OBTAIN EXTENSION OF TIME TO SERVE RESPONSES AND OBJECTIONS TO THE SSG DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS AND TO OBTAIN PROTECTIVE ORDER PURSUANT TO RULE 26(c)**

NOW COME Plaintiffs Kyko Global, Inc., Kyko Global GmbH, and Prithvi Solutions Inc. (collectively "Plaintiffs") and state the following as their Motion:[1]

***Plaintiffs' should be permitted to serve responses and objections to the SSG Defendants' written discovery requests on or before October 1, 2020***

On August 11, 2020, the Court conducted a Case Management Conference wherein the Court, among other things, set fact discovery to conclude on June 14, 2021 (ECF 174). On August 11, 2020, the SSG Defendants served Plaintiffs with their First Request for Production of Documents and First Set of Interrogatories ("Written Discovery"). **(Exhibit A)**. On August 24, 2020, Plaintiffs contacted the SSG Defendants to request a three week extension - or to October 1, 2020 - to file their responses and objections due to a severe illness of Plaintiffs' primary document reviewer who is located in India. (*See* **Exhibit B**, August 24, 2020 Macyda email)**.**[2] On August 27, 2020, the SSG Defendants refused Plaintiffs request and demanded that certain information be produced (*See* **Exhibit B**, August 27, 2020 Baker email). Counsel subsequently had a telephone call to discuss their positions.

After this phone call, on September 1, 2020, the SSG Defendants stated that they understood the challenges that the cornavirus has caused Plaintiffs, understood that most of Plaintiffs' documents were located in India and were amenable to some extension of time, but that they were still unwilling to provide Plaintiffs with an extension with respect to all Written Discovery.[3] (*See* **Exhibit B**, September 1, 2020 Ginsberg email listing certain contracts and

---

[1] On September 9, 2020, Ms. Rebecca McBride sent an email which indicated that counsel should file a motion regarding their discovery dispute which is not to exceed five pages. Plaintiffs' counsel - Jayson Macyda - was inadvertently omitted from this email and was made aware of it on Thursday evening, September 10, by Plaintiffs' co-counsel, Joe Rodkey.

[2] Exhibit B contains a series of emails between the parties which highlight their differences that give rise to this Motion. As such, Plaintiffs hereby incorporate the parties' emails herein.

[3] "[W]e are willing to accommodate Kyko's need for additional time to produce documents. We still expect that Kyko will provide its written responses on or before September 11 and the specific documents addressed in this email."

agreements and a complete copy of Plaintiffs' hard drive formerly owned by Defendant Vuppalapati ("Hard Drive")). On September 4, 2020, Plaintiffs responded to the SSG Defendants' queries pertaining to certain contracts/agreements and informed them that Plaintiffs will not provide a complete copy of the Hard Drive because: (i) it contains Ms. Vuppalapati's attorney-client information; (ii) a complete turnover would likely result in Ms. Vuppalapati filing additional legal proceedings against Plaintiffs in India; (iii) Ms. Vuppalapati is a Defendant in this case and needs to appear, defend, and state her position with respect to her attorney-client information; (iv) the SSG Defendants failed to show how every single document on the Hard Drive is relevant to this case as to warrant a complete turnover of the Hard Drive; and (v) given (i)-(iv), Plaintiffs proposed that the Hard Drive be searched utilizing mutually agreeable search terms or have the Court order search terms if the parties were unable to mutually agree. (*See* **Exhibit B**, September 4, 2020 Macyda email).

Plaintiffs' refusal to turnover a complete copy of the Hard Drive (discussed in detail later in this Motion) has prompted the SSG Defendants to refuse to enter into a stipulation - as expressly permitted under Rule 29 - which would permit Plaintiffs to file their responses and objections to the Written Discovery on or before October 1, 2020. (*See* **Exhibit B**, Ginsberg September 4, 2020 email; **Exhibit B**, Macyda September 8, 2020 email; **Exhibit C**, September 9, 2020 Ginsberg email). Further, it appears that the SSG Defendants desire that Plaintiffs provide them with some kind of incomplete production/response, instead of just stipulating to the proposed October 1, 2020 response date. **(Exhibit D**, Ginsberg September 11, 2020 email)[4].

As set forth in Plaintiffs' Initial Disclosures **(Exhibit E)** and Kiran Kulkarni's Declaration

---

[4] It is unclear what the SSG Defendants hope to accomplish by receiving incomplete responses other than to harass Plaintiffs. Moreover, Rule 26(e) imposes a duty upon a party to supplement an incomplete response in a "timely manner," which would lead right back to October 1, 2020.

2

**(Exhibit F)**, the requested documentation is primarily located in an office in India that has been shut down due to the coronavirus and where the Head of Indian Operations suffered from dengue fever which required an extended hospital stay (which prevented his participation in responding to the Written Discovery).  With respect to the Interrogatories, Plaintiffs (who are corporate entities) need to consult with various people located in India to formulate responses and Rule 33(d) otherwise permits a party to respond with reference to business records which, as mentioned above, are primarily located in India.

Rule 33(b)(2) states that a party must serve its answers and objections within 30 days and that "[a] shorter or longer time may be ...ordered by the court." *See Also* Rule 34(b)(2)(A).[5]  Fact discovery concludes in 9 months and mediation is set to occur on October 7, 2020.  Therefore, the SSG Defendants will not be prejudiced if they receive Plaintiffs' responses and objections on or before October 1, 2020. Accordingly, Plaintiffs request this Court to enter an Order that permits them to file their responses and objections to the Written Discovery on or before October 1, 2020.

*The Hard Drive's contents should be produced by using search terms*

The Hard Drive is Plaintiffs' property which it purchased at an auction. On June 13, 2014, Judge Pechman entered an Order that afforded Ms. Vuppalapati an opportunity to review the Hard Drive to remove any of her attorney-client communications. **(Exhibit G)**.  Ms. Vuppalapati retained legal counsel at this time, however, it does not appear that this review occurred. (*See* **Exhibit B**, September 4, 2020 Macyda email).  Therefore, whether any of Ms. Vuppalapati's attorney-client communications can now be given to the SSG Defendants is unclear and is for

---

[5]  Rule 26(c)(1)(B) permits the Court to "specify[] terms, including time and place  ... for the disclosure or discovery."

Judge Pechman to decide.[6]

Moreover, it is long-past due for Madhavi Vuppalapati, who is a Defendant in this case, to appear and to be precluded from continuing to use her husband Defendant Jayaraman as a proxy to defend on her behalf. If Ms. Vuppalapati appears and gives written consent to have her attorney-client communications given to the SSG Defendants, then Plaintiffs will do so. As this Court has been previously made aware, Plaintiffs and Ms. Vuppalapati are engaged in protracted litigation in India and handing over her attorney-client communications and other personal information[7] on the Hard Drive would likely lead to Ms. Vuppalapati initiating additional legal action against Plaintiffs in India.

Even though the SSG Defendants claim no property interest in the Hard Drive, they seek to bypass Rule 26(b) by claiming that they nevertheless have full right of access to Plaintiffs' Hard Drive the same as if they are Plaintiffs.[8] These and similar statements are designed to try to avoid the fact that the SSG Defendants cannot show that *every single document located on the Hard Drive* is relevant to the claims and defenses in this case[9] or otherwise does not contain attorney-client communications as to permit a complete turnover of the entire Hard Drive.

Rule 26(b)(1) explicitly rejects the SSG Defendants' "every goes" argument for the production of documents: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any **nonprivileged** matter that is **relevant** to any party's **claim or defense** and proportional to the needs of the case ..."(emphasis added). *See also*

---

[6] Plaintiffs will not use these communications in this case.

[7] The Hard Drive also contains family photos which include pictures of children. (*See* **Exhibit B**, September 8, 2020 Macyda email).

[8] "What goes for you, goes for us. If the hard drive is not produced, we will move to preclude Kyko's reliance on it ..." **(Exhibit C).** Moreover, and not surprisingly, the corollary to this statement does not seem to apply to Plaintiffs' access to the SSG Defendants' hard drives.

[9] There are tens of thousands of documents on the Hard Drive, and as Plaintiffs previously informed the SSG Defendants, not all of these documents are relevant to the parties' dispute. **(Exhibit B)**.

*Cole's Wexford Hotel Inc. v. Highmark Inc.*, 209 F.Supp.3d 810, 823 (W.D. Pa. 2016)(holding that "the scope of discovery is limited to matter that is **relevant to claims or defenses** and is proportional to the needs of a case" and rejecting that '[d]iscovery requests may be deemed relevant if there is any possibility that the information may be relevant to the general subject matter of the action.'")(emphasis added); Rule 26(b)(2)(C)(iii)(precluding production of documents outside scope of discovery).

Plaintiffs have repeatedly told the SSG Defendants that they are willing to produce documents according to mutually agreeable search terms which is a commonly used process to produce voluminous ESI.[10] Moreover, Plaintiffs have told the SSG Defendants that they would hire a third-party vendor to run the search, and after the search is completed, review the documentation and then provide it to the SSG Defendants.  The SSG Defendants refuse insisting that they want everything simply because they want everything. This is not proportional to the needs of the case.

Rule 26(c)(1)(B), (C) states that, upon a showing of good cause, a court may "specify[] terms ... for the disclosure or discovery"  and "prescrib[e] a discovery method other than the one selected by the party seeking discovery." Accordingly, Plaintiffs request that this Court enter an Order that requires the parties to meet and confer to try to generate mutually agreeable search terms, and if they are unable to do so, to have this Court order the necessary search terms which will be utilized by a third-party vendor to produce documents from the Hard Drive, and to award Plaintiffs fees and costs pursuant to Rule 26(c)(3).

---

[10] *See Pyle v. Selective Ins. Co. of America*, 2016 WL 5661749, Case No. 2:16-cv-335 (W.D. Pa. Sept. 30 2016); *Lawson v. Love's Travel Stops & Country Stores Inc.*, 2019 WL 7102450, Case No. 1:17-cv-1266 (M.D. Pa. Dec. 23 2019); *Burt Hill Inc. v. Hassan*, 2010 WL 419433, No. Civ.A. 09-1285, at *10 (W.D. Pa. Jan. 29, 2010).

Respectfully submitted,

*/s/ Joseph F. Rodkey, Jr.*
Pa. I.D. No. 66757

FOWKES ♦ RODKEY
732 Allegheny River Blvd.
P.O. Box 173
Oakmont, PA 15139

(412) 828-2802 (Phone)
(412) 828-2588 (Fax)
jrodkey@fowkesrodkey.com

Jayson M. Macyda
Jayson M. Macyda (admitted *pro hac vice*)
Kyko Global, Inc.
P.O. Box 87491
Canton, MI 48187
(248) 243-6685
generalcounsel@kykoglobal.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served via the Court's CM/ECF Notification System on this 13th day of September, 2020 upon the following:

> Michael H. Ginsberg
> mhginsberg@jonesday.com
> John D. Goetz
> jdgoetz@jonesday.com
> Douglas Baker
> ddbaker@jonesday.com
> JONES DAY
> 500 Grant Street, Suite 4500
> Pittsburgh, PA  15219-2514

**Counsel for Defendants:**

**SSG Capital Partners I, L.P.**
**SSG Capital Management (Hong Kong) Limited**
**Shyam Maheshwari**
**Ira Syavitri Noor a/k/a Ira Noor Vourloumis**
**Dinesh Goel**
**Wong Ching Him a/k/a Edwin Wong**
**Andreas Vourloumis**
**Value Team Corporation**

> Jeffrey T. Morris
> Elliott & Davis, PC
> 6425 Living Place, Suite 200
> Pittsburgh PA 15206
> morris@elliott-davis.com

**Counsel for Defendant, Anandhan Jayaraman**

The undersigned certifies that a true and correct copy of the foregoing document was served via U.S. Mail for posting on this 13th day of September, 2020 upon the following:

> Prithvi Information Solutions, LTD.
> Prithvi Asia Solutions Limited
> 214 S. Craig Street
> Suite 5
> Pittsburgh, PA 15213

The undersigned certifies that a true and correct copy of the foregoing document was served via Email on this 13th day of September, 2020  upon Madhavi Vuppalapati by sending an email to:

7

Madhavi@prithvisolutions.com
Vuppalapatim@gmail.com
Satish@prithvisolutions.com
Vuppalapatis@gmail.com
ajayaraman@gmail.com


*/s/ Joseph F. Rodkey, Jr.*