EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation, | |
| *Plaintiffs*, | Civil Action No. 2:18-cv-01290-WSS |
| v. | |
| PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company, | |
| *Defendants*. | |

### SSG DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS KYKO GLOBAL, INC., KYKO GLOBAL GMBH, AND PRITHVI SOLUTIONS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants SSG Capital

Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira

Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong,

and Andreas Vourloumis (collectively, the "SSG Defendants") hereby require Plaintiffs Kyko

Global, Inc., Kyko Global GmbH, and Prithvi Solutions, Inc. (collectively, "Plaintiffs") to

respond to the following Requests for Production of Documents, and produce the requested

documents for inspection and copying, within thirty days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these definitions and instructions

and the SSG Defendants' requests for production:

1.      "Document" is used in the broadest sense contemplated by Federal Rule of Civil

Procedure 34, including any and all:  agreements; drafts; communications; correspondence; e-

mails; telegrams; cables; facsimiles; memoranda; records; books; financial statements;

summaries of records or notes of personal conversations or interviews; diaries; calendars;

forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue

prints; tables; indexes; pictures; recordings; tapes; microfilm; charge clips; accounts; analytical

records; minutes or records of meetings or conferences; reports and/or summaries of

investigations; opinions or reports of consultants; appraisals; reports and/or summaries of

negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts;

stenographic, handwritten or any other notes; projections; working papers; federal and state

income tax returns; checks, front and back; check stubs or receipts; shipping documents;

manifests; invoice vouchers; computer files; computer printouts and computer disks and tapes;

tape data sheets or data processing cards or disks or any other written, recorded, transcribed,

punched, taped, filmed or graphic matters; however produced or reproduced.

2.      "Communication" includes every manner of transmitting or receiving facts,

information, opinions, or thoughts, including:  orally; by documents, writing, e-mail, or copy

thereof; by words transmitted by telephone, radio, or any method of voice transmission or

recording; by video transmission or recording; and by any Internet-, cellular-, or SMS-based messaging platform.

3.      The word "Person" means any natural or artificial person, including business entities and other legal entities.

4.      "Kyko" means Plaintiffs "Kyko Global, Inc." and "Kyko Global GmbH" both individually and collectively, and includes any and all employees, officers, directors, agents, representatives, and other persons acting, or who have acted, on Kyko's behalf.

5.      "PSI" means Plaintiff "Prithvi Solutions, Inc." and includes any and all employees, officers, directors, agents, representatives, and other persons acting, or who have acted, on PSI's behalf.

6.       "You," "Your," and "Plaintiff" refer to Plaintiffs Kyko Global, Inc., Kyko Global GmbH, and PSI, individually and collectively, and any employees, officers, directors, agents, representatives, or other persons acting, or who have acted, on any Plaintiff's behalf.

7.      "PISL" means Defendant Prithvi Information Solutions, LTD, an Indian corporation.

8.      "PASL" means Defendant Prithvi Asia Solutions Limited, a Hong Kong company.

9.      "Prithvi Defendants" means any Prithvi-affiliated defendant in this action, including PISL, PASL, Madhavi Vuppalapati, Anandhan Jayaraman, and Satish Vuppalapati.

10.      "Madhavi" means "Madhavi Vuppalapati."

11.      "Satish" means "Satish Vuppalapati."

12.      "Jayaraman" means "Anandhan Jayaraman."

13.     "Prithvi Parties" means any Prithvi-affiliated party, including PSI, PISL, PASL, Prithvi Information Solutions LLC, Prithvi Catalytic, Inc., and any other person or entity currently or previously acting as an agent or representative of such entities.

14.     "SSG Defendants" means Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis.

15.     "SSG Fund I" means Defendant SSG Capital Partners I, L.P., a Cayman Islands Limited Partnership with its principal place of business located in George Town, Grand Cayman, Cayman Islands.

16.     "SSG HK" means Defendant SSG Capital Management (Hong Kong) Limited, a Hong Kong company with its principal place of business located in Hong Kong.

17.     "VTC" means Defendant Value Team Corporation, a British Virgin Islands corporation with its principal place of business located in Tortola, British Virgin Islands.

18.     "Complaint" refers to the Complaint filed by Plaintiffs in the above-captioned action on or about September 26, 2018, in the United States District Court for the Western District of Pennsylvania, Case No. 2:18-cv-01290.

19.     The "Washington Federal Litigation" refers to any litigation initiated by Kyko against Prithvi-related entities in the United States District Court for the Western District of Washington, including but not limited to *Kyko Global, Inc. et al. v. Prithvi Information Solutions, Ltd. et al.*, No. 2:13-cv-01034-MJP (W.D. Wash.).

20.     "And" or "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.

21.    The use of the word "includes" or "including" shall be construed to also mean "without limitation."

22.    Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

23.    "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising, or concerning.

24.    The documents requested herein shall be produced as they are kept in the usual course of business or shall be organized and labeled according to the number of the document request.

25.    The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.  All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to Plaintiffs or any of their attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

26.    In the event Plaintiffs assert any form of objection or privilege as a ground for not answering a document production request or any part of a request, please set forth the legal grounds and facts upon which the objection or privilege is based.  If the objection relates to only part of the document, the balance of the document production should be answered in full.  With respect to any document which is withheld on a claim of privilege, Plaintiff shall provide, at the time responses are due hereunder, a statement setting forth as to each such document the following information:

        a.    the name(s) of the sender(s) of the document;

        b.    the name(s) of the author(s) of the document;

c.      the name(s) of the Person(s) to whom the document or copies were sent;

d.      the date of the document;

e.      a brief description of the nature and subject matter of the document; and

f.      the nature of the privilege or the authority which is claimed to give rise to it.

27.      If any documents requested have been destroyed, lost, mislaid, or are otherwise missing, please so state, specifying for each document or thing:

a.      the type of document;

b.      a description of the nature and contents of the document;

c.      the identity of the author;

d.      the circumstances under which it ceased to exist;

e.      the identity of all Person(s) having knowledge of the circumstances under which it ceased to exist; and

f.      the identity of all Person(s) who had knowledge of the contents.

28.      Should Plaintiffs obtain any other documents or information which would supplement or modify the documents or information supplied by Plaintiff in response to this request, Plaintiff is directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information to SSG Defendants without delay.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**  Please produce the agreement between PISL and PSI referenced in Paragraph 8 of Kiran Kulkarni's sworn declaration in this case.  ECF No. 40-1, ¶ 8 ("PISL and PSI entered into an agreement wherein the Bonds were issued for the benefit of PSI and the Bonds funds were to be used solely by PSI to execute business operations in the United States."). (Sworn Declaration of Kiran Kulkari).

**REQUEST NO. 2:**  Please produce all other documents relating to Plaintiffs' allegations and statements that PSI was entitled to the Bond funds, including:

a)  "Consistent with the Bond Offer Circular, PISL and PSI entered into an agreement wherein the Bonds were issued for the benefit of PSI and the Bonds funds were to be used solely by PSI to execute business operations in the United States."  Compl. ¶¶ 101, 320.

b)  "PSI was entitled to use the Bonds funds to execute business operations in the United States." Compl. ¶ 154.

c)  "PSI was entitled to use and possess the Bonds funds and had a property right in same." Compl. ¶ 200.

d)  "Defendants were not entitled to use and possess the Bonds funds and did not have a property right in same."  Compl. ¶ 201.

e)  Allegations that PSI was wrongfully deprived of the Bond funds.  *See, e.g.,* Complaint ¶¶ 155, 188, 198, 202, 206, 230.

a)  "[C]onsistent with the Bond Circular and with the knowledge of the bond holders, the bond funds were earmarked for use in the U.S. to conduct business operations in the U.S. and PISL and PSI subsequently entered into an agreement for the benefit of PSI to have PSI solely execute business operations in the U.S. by utilizing the bond funds."  ECF No. 167, at (Plaintiffs' Additions to Rule 26(f) Report).

**REQUEST NO. 3:**  Please produce the loan agreements between (i) PSI and SSG Fund I, (ii) PSI and SSG HK, and (iii) PSI and VTC.  Compl. ¶¶ 127, 131.

**REQUEST NO. 4:**  Please produce all other documents relating to any loan agreement between PSI and any other party in this case.  This Request includes all documents relating to any "loan agreement" or "loan transaction" between (i) PSI and SSG Fund I, (ii) PSI and SSG HK, and (iii) PSI and VTC.  *See* Compl. at ¶¶ 56, 61, 66, 131, 147, 290-98, 300-310, 312-18.  This Request

includes all documents relating to Plaintiffs' allegation that any loans are "due and payable upon demand."  Compl. ¶¶ 292, 296.

**REQUEST NO. 5:**  Please produce all documents relating to Plaintiffs' allegations about receivables owing to PSI from SSG Fund I, SSG HK, or VTC.  *See* Compl. ¶¶ 127-28, 131, 144.

**REQUEST NO. 6:**  Please produce all documents relating to Plaintiffs' allegations that "[o]n or about November, 2016, PSI discovered the nature and extent" of its claims, as alleged in the Complaint at Paragraphs 158, 187, 197, 205, 229, 288; *see also* ECF No. 167, at 8 ("Plaintiffs discovered the nature and extent of their claims referenced above on or about November 2016.").

**REQUEST NO. 7:**  Please produce all documents relating to any due diligence or investigation PSI conducted regarding the Bond funds between 2010 and September 26, 2018.

**REQUEST NO. 8:**  Please produce all "PSI's books and records" that Kyko "independently … obtained," as described in in Plaintiffs' statement in the Rule 26(f) Report.  ECF No. 167, at 4.

**REQUEST NO. 9:**  Please produce all documents related to or created by any "external independent Accounting firm," as described in Plaintiffs' statement in the Rule 26(f) Report.  *Id.*

**REQUEST NO. 10:**  Please produce all documents from the personal computers of Madhavi Vuppalapati that Kyko obtained in or around April 2014, as described in Washington Federal Litigation, ECF Nos. 163–167, 182–187.  This Request includes the "over thirty thousand e-emails" and "several thousands of documents or attachments" that Kyko obtained from those computers, as described in the sworn affidavit of Samir Kulkarni, Kyko's "IT consultant." Washington Federal Litigation, ECF No. 166.

**REQUEST NO. 11:**  Please produce all other documents that Kyko has in its possession from the personal computers of Prithvi Parties, including officers or employees such as Guru Pandyar and David Amorose.

**REQUEST NO. 12:**  Please produce all documents identified in, referred to, or relied upon in response to SSG Defendants' First Set of Interrogatories directed to Plaintiffs.

**REQUEST NO. 13:**  Please produce all documents identified in, or referenced in, the Complaint in this case.

8

Dated:  August 11, 2020

/s/  *John D. Goetz*
Michael H. Ginsberg (Pa. Bar #43582)
John D. Goetz (Pa. Bar #47759)
Douglas Baker (Pa. Bar #318634)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: mhginsberg@jonesday.com
Email: jdgoetz@jonesday.com
Email: ddbaker@jonesday.com

**Counsel for Defendants SSG Capital
Partners I, L.P., SSG Capital Management
(Hong Kong) Limited, Shyam Maheshwari,
Ira Syavitri Noor a/k/a Ira Noor
Vourloumis, Dinesh Goel, Wong Ching
Him a/k/a Edwin Wong, and Andreas
Vourloumis**

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served to the counsel and parties below via email on this 11th day of August, 2020:

| | |
|---|---|
| Jayson Macyda<br>Kyko Global Inc. and Affiliates<br>P.O. Box 87491<br>Canton, MI 48187<br>(248) 243-6685<br>generalcounsel@kykoglobal.com | Madhavi@prithvisolutions.com<br>Vuppalapatim@gmail.com<br>Satish@prithvisolutions.com<br>Vuppalapatis@gmail.com |
| | *Prithvi Information Solutions Ltd.* |
| Joseph F. Rodkey, Jr.<br>FOWKES RODKEY<br>P.O. Box 173, 732 Allegheny River<br>Boulevard<br>Oakmont, PA 15139<br>(412) 828-2802<br>jrodkey@fowkesrodkey.com | Madhavi@prithvisolutions.com<br>Vuppalapatim@gmail.com<br>Satish@prithvisolutions.com<br>Vuppalapatis@gmail.com |
| | *Madhavi Vuppalapati* |
| *Counsel for Plaintiffs* | |
| Jeffrey T. Morris<br>ELLIOTT & DAVIS P.C.<br>6425 Living Place<br>Suite 200<br>Pittsburgh, PA 15206<br>morris@elliott-davis.com | |
| *Counsel for Defendant*<br>*Anandhan Jayaraman* | |

Respectfully submitted,

/s/   *John D. Goetz*

**Counsel for Defendants SSG Capital**
**Partners I, L.P., SSG Capital Management**
**(Hong Kong) Limited, Shyam Maheshwari,**
**Ira Syavitri Noor a/k/a Ira Noor Vourloumis,**
**Dinesh Goel, Wong Ching Him a/k/a Edwin**
**Wong, and Andreas Vourloumis**

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYKO GLOBAL, INC., a Canadian corporation, KYKO GLOBAL GmbH, a Bahamian corporation, PRITHVI SOLUTIONS, INC., a Delaware Corporation,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**PRITHVI INFORMATION SOLUTIONS, LTD, an Indian corporation, VALUE TEAM CORPORATION, a British Virgin Islands corporation, SSG CAPITAL PARTNERS I, L.P., a Cayman Islands Limited Partnership, SSG CAPITAL MANAGEMENT (HONG KONG) LIMITED, a private Hong Kong company, MADHAVI VUPPALAPATI, an individual, ANANDHAN JAYARAMAN, an Individual, SHYAM MAHESHWARI, an individual, IRA SYAVITRI NOOR A/K/A IRA NOOR VOURLOUMIS, an individual, DINESH GOEL, an individual, WONG CHING HIM a/k/a Edwin Wong, an individual, ANDREAS VOURLOUMIS, an individual, PRITHVI ASIA SOLUTIONS LIMITED, a Hong Kong company,**<br><br>*Defendants*. | Civil Action No. 2:18-cv-01290-WSS<br><br>*Electronically Filed* |

**SSG DEFENDANTS' FIRST SET OF
<u>INTERROGATORIES TO PLAINTIFF PRITHVI SOLUTIONS, INC.</u>**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants SSG Capital

Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira

Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong,

and Andreas Vourloumis (collectively, the "SSG Defendants") hereby require that Plaintiffs

Kyko Global, Inc., Kyko Global GmbH, and Prithvi Solutions, Inc. (collectively, "Plaintiffs")

respond to the following interrogatories, in writing under oath, within thirty (30) days.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall govern these definitions and instructions

and the SSG Defendants' interrogatories:

1.      "Communication" includes every manner of transmitting or receiving facts,

information, opinions, or thoughts from one person to another person, including orally, by

documents, writing, e-mail, or copy thereof, and to words transmitted by telephone, radio, or any

method of voice recording.

2.      The word "Person" means any natural or artificial person, including business

entities and other legal entities.

3.      "Kyko" means Plaintiffs "Kyko Global, Inc." and "Kyko Global GmbH" both

individually and collectively, and includes any and all employees, officers, directors, agents,

representatives, and other persons acting, or who have acted, on Kyko's behalf.

4.      "PSI" means Plaintiff "Prithvi Solutions, Inc." and includes any and all

employees, officers, directors, agents, representatives, and other persons acting, or who have

acted, on PSI's behalf.

5.      "You," "Your," and "Plaintiff" refer to Plaintiffs Kyko Global, Inc., Kyko Global

GmbH, and PSI, individually and collectively, and any employees, officers, directors, agents,

representatives, or other persons acting, or who have acted, on any Plaintiff's behalf.

6.      "PISL" means Defendant Prithvi Information Solutions, LTD, an Indian

corporation.

2

7.      "PASL" means Defendant Prithvi Asia Solutions Limited, a Hong Kong company.

8.      "Prithvi Defendants" means any Prithvi-affiliated defendant in this action, including PISL, PASL, Madhavi Vuppalapati, Anandhan Jayaraman, and Satish Vuppalapati.

9.      "Madhavi" means "Madhavi Vuppalapati."

10.     "Satish" means "Satish Vuppalapati."

11.     "Jayaraman" means "Anandhan Jayaraman."

12.     "Prithvi Parties" means any Prithvi-affiliated party, including PSI, PISL, PASL, Prithvi Information Solutions LLC, Prithvi Catalytic, Inc., and any other person or entity currently or previously acting as an agent or representative of such entities.

13.     "SSG Defendants" means Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis.

14.     "SSG Fund I" means Defendant SSG Capital Partners I, L.P., a Cayman Islands Limited Partnership with its principal place of business located in George Town, Grand Cayman, Cayman Islands.

15.     "SSG HK" means Defendant SSG Capital Management (Hong Kong) Limited, a Hong Kong company with its principal place of business located in Hong Kong.

16.     "VTC" means Defendant Value Team Corporation, a British Virgin Islands corporation with its principal place of business located in Tortola, British Virgin Islands.

17.     "Complaint" refers to the Complaint filed by Plaintiffs in the above-captioned action on or about September 26, 2018, in the United States District Court for the Western District of Pennsylvania, Case No. 2:18-cv-01290.

18.     The "Washington Federal Litigation" refers to any litigation initiated by Kyko against Prithvi-related entities and individuals in the United States District Court for the Western District of Washington, including but not limited to Kyko Global, Inc. et al. v. Prithvi Information Solutions, Ltd. et al., No. 2:13-cv-01034-MJP (W.D. Wash.).

19.     "And" or "or" shall be construed conjunctively or disjunctively as applicable to make the requests inclusive rather than exclusive.

20.     The use of the word "including" shall be construed to also mean "without limitation."

21.     Reference to the singular in any of these requests shall also include a reference to the plural, and reference to the plural shall include a reference to the singular.

22.     "Related to" or "relating to" shall mean directly or indirectly supporting, evidencing, describing, mentioning, referring to, contradicting, comprising, or concerning.

23.     To "state the basis" means to provide the complete factual summary of each element of the claim, allegation, or denial.  The summary should chronologically describe each and every fact, action, and occurrence that relates to the particular claim, allegation, or denial.

24.     "Identify" or "describe" means the following:

    a.     When used in connection with natural persons, "identify" or "describe" means to state the person's full name, present business address and telephone number, present home address, and city of residence as well as the substance of the person's knowledge, where such knowledge was obtained, whether such knowledge was discussed with You, when such discussions occurred, who participated in such discussions, and the substance of all discussions.

    b.     When used in connection with an entity, "identify" or "describe" means to state the entity's full name, last known address(es) and telephone number(s), and organization form (*e.g.*, corporation, sole proprietorship, partnership, joint venture, etc.).

c.      When used in connection with an act, "identify" or "describe" means to provide a description of the act, including the place, date, and time of its occurrence, and the persons and/or entities engaged in the act.

d.      When used in connection with documents, "identify" or "describe" means to state the nature of the document (*e.g.*, memorandum, letter, notes, etc.), its author(s), its addressee(s) or recipient(s), its title or subject matter, and a date.  If the document has already been produced, it can be identified by the Bates number given to it at the time of production.  If the document has not been previously produced, then the SSG Defendants request that it be produced, pursuant to Fed. R. Civ. P. 34, along with Plaintiff's response to these interrogatories.

e.      When used in connection with an oral communication, "identify" or "describe" means to state the time, date, place, and means of the oral communication (*e.g.*, telephone, personal meeting, etc.), the identity of all persons participating in the oral communication, the identity of persons hearing the oral communication, and a detailed description of the oral communication.

25.      In answering these interrogatories, Plaintiff shall furnish all information known or available.  If any of these interrogatories cannot be answered in full, the interrogatory shall be answered to the extent possible and the answer shall state with particularity the reasons why a more complete answer could not be given.

26.      In the event You assert any form of objection or privilege as a ground for not answering an interrogatory or any part of an interrogatory, please set forth the legal grounds and facts upon which the objection or privilege is based.  If the objection relates to only part of the interrogatory, the balance of the interrogatory must be answered in full.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  Please identify and describe each and every factual and legal basis for Plaintiffs' contentions that "PSI was entitled to use the Bonds funds to execute business operations in the United States" and that "PSI was entitled to use and possess the Bonds funds and had a property right in same."  Compl. ¶¶ 154, 200.

**INTERROGATORY NO. 2:**  Please describe each and every factual and legal basis for Plaintiffs' contention that "Defendants were not entitled to use and possess the Bonds funds and did not have a property right in same."  Compl. ¶ 201.


**INTERROGATORY NO. 3:**  Please identify every contractual provision supporting Plaintiffs' contention that "Defendants were not entitled to use and possess the Bonds funds and did not have a property right in same."  Compl. ¶ 201.


**INTERROGATORY NO. 4:**  Please describe the agreement between PISL and PSI—including the date of the agreement, the circumstances of its origin, its scope, and its terms—referenced in Paragraph 101 of the Complaint.  *See also* Compl. ¶¶ 154, 200, 201, 320.


**INTERROGATORY NO. 5:**  Please describe the agreement between PISL and PSI referenced in the sworn declaration of Kiran Kulkarni.  *See* ECF No. 40-1, ¶ 8.


**INTERROGATORY NO. 6:**  Please describe the agreements between PISL and PSI described in Plaintiffs' statements in the Rule 26(f) report:  "the bond funds were earmarked for use in the U.S. to conduct business operations in the U.S. and PISL and PSI subsequently entered into an agreement for the benefit of PSI to have PSI solely execute business operations in the U.S. by utilizing the bond funds."  *See* ECF No. 167, at 3.


**INTERROGATORY NO. 7:**  Please identify and describe each and every provision of the Bond Offering Circular (referenced in Paragraphs 98, 101, and 320 of the Complaint) that permit PISL to make an agreement with PSI to restrict the Bond funds "to be used solely by PSI to execute business operations in the United States." Compl. ¶ 101.


**INTERROGATORY NO. 8:**  Please identify and describe each and every provision of the Bond Offering Circular (referenced in Paragraphs 98, 101, and 320 of the Complaint) that permit PISL to deprive PISL and the Bond holders of the right "to use and possess the Bonds funds." Compl. ¶ 201.

6

**INTERROGATORY NO. 9:**  Please identify and describe what Plaintiffs contend are the material provisions of the loan agreement referenced in Paragraph 127 of the Complaint.  Compl. ¶ 127 ("According to PSI's books and records, SSG Capital Partners and SSG Hong Kong owe $4,000,000 USD to PSI pursuant to a loan agreement.").

**INTERROGATORY NO. 10:**  Please identify and describe what Plaintiffs contend are the material provisions of the loan agreement referenced in Paragraph 131 of the Complaint. Compl. ¶ 131 ("According to PSI's books and records, VTC owes $18,900,000 USD to PSI pursuant to a loan agreement.").

**INTERROGATORY NO. 11:**  Please state the basis for Plaintiffs' claim that PSI discovered the "nature and extent" of Defendants' actions "[o]n or about November, 2016."  *See* Complaint ¶¶ 158, 187, 197, 205, 229, 288.

**INTERROGATORY NO. 12:**  Please describe the full extent of any due diligence or other investigations that Plaintiffs took relating to the Bond funds from 2010 to the filing of the Complaint.

**INTERROGATORY NO. 13:**  Please describe PSI's corporate structure, employees, directors and officers, assets, liabilities, revenues, salary lists, corporate headquarters, locations of employees, and business activities as of September 26, 2018.

**INTERROGATORY NO. 14:**  Please describe any changes between February 1, 2007, and September 26, 2018, in PSI's corporate structure, employees, directors and officers, assets, liabilities, revenues, salary lists, corporate headquarters, locations of employees, and business activities.

**INTERROGATORY NO. 15:**  Plaintiffs contend that information was destroyed by certain Prithvi Parties.  *See* ECF No. 159, at p. 3, and ECF No. 167, at p. 10.  Please describe what destroyed information is necessary for Plaintiffs to maintain any causes of action in the Complaint.

Dated:  August 11, 2020

/s/  *John D. Goetz*
Michael H. Ginsberg (Pa. Bar #43582)
John D. Goetz (Pa. Bar #47759)
Douglas Baker (Pa. Bar #318634)
JONES DAY
500 Grant Street, Suite 4500
Pittsburgh, PA 15219-2514
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
Email: mhginsberg@jonesday.com
Email: jdgoetz@jonesday.com
Email: ddbaker@jonesday.com

**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis**

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served to the counsel and parties below via email on this 11th day of August, 2020:

| | |
|---|---|
| Jayson Macyda<br>Kyko Global Inc. and Affiliates<br>P.O. Box 87491<br>Canton, MI 48187<br>(248) 243-6685<br>generalcounsel@kykoglobal.com | Madhavi@prithvisolutions.com<br>Vuppalapatim@gmail.com<br>Satish@prithvisolutions.com<br>Vuppalapatis@gmail.com<br><br>*Prithvi Information Solutions Ltd.* |
| Joseph F. Rodkey, Jr.<br>FOWKES RODKEY<br>P.O. Box 173, 732 Allegheny River Boulevard<br>Oakmont, PA 15139<br>(412) 828-2802<br>jrodkey@fowkesrodkey.com<br><br>*Counsel for Plaintiffs* | Madhavi@prithvisolutions.com<br>Vuppalapatim@gmail.com<br>Satish@prithvisolutions.com<br>Vuppalapatis@gmail.com<br><br>*Madhavi Vuppalapati* |
| Jeffrey T. Morris<br>ELLIOTT & DAVIS P.C.<br>6425 Living Place<br>Suite 200<br>Pittsburgh, PA 15206<br>morris@elliott-davis.com<br><br>*Counsel for Defendant*<br>*Anandhan Jayaraman* | |

/s/   *John D. Goetz*

**Counsel for Defendants SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Shyam Maheshwari, Ira Syavitri Noor a/k/a Ira Noor Vourloumis, Dinesh Goel, Wong Ching Him a/k/a Edwin Wong, and Andreas Vourloumis**