EXHIBIT C



**Jayson Macyda <generalcounsel@kykoglobal.com>**

## Discovery Responses

**Ginsberg, Michael H.** <mhginsberg@jonesday.com>                Wed, Sep 9, 2020 at 8:38 AM
To: Jayson Macyda <GeneralCounsel@kykoglobal.com>
Cc: "Baker, Douglas D." <ddbaker@jonesday.com>, Joseph Rodkey <jrodkey@fowkesrodkey.com>, "Goetz, John D." <jdgoetz@jonesday.com>, Jeffrey Morris <morris@elliott-davis.com>

Jayson:

Please do not mischaracterize our prior exchange regarding Plaintiffs' request for an extension to respond to the SSG Defendants' first set of discovery. The SSG Defendants are completely amenable to the requested extension with respect to the documents you represent are located at Kyko's office in India. What we have asked is that Plaintiffs provide their written responses and the documents located in the United States and Canada. In particular, we have asked for all documentation regarding the purported loan agreements and the purported inter-company agreement between PISL and PSI regarding the use of the bond funds, all of which Plaintiffs pled in the complaint. If what you are now saying is that you have no loan agreements and no agreement regarding the use of the bond funds, then Plaintiffs can respond to the discovery saying that. But if Plaintiffs continue to assert the existence of these purported agreements, at the very least Plaintiffs should provide Defendants with their material terms.

Frankly, in light of Plaintiffs' inability to produce the loan agreements, I find it stunning that you can threaten to seek sanctions "with respect to Defendants' denials regarding the receivables." Defendants have told you for four years that the reference to loan agreements on PSI's books is fraudulent—there are no loan agreements. In fact the parties had the opposite relationship—the SSG entity defendants, by virtue of being the holders of bonds issued by PISL, are the lender and PISL the debtor. And if there are any sanctions to be had here, it will be with respect to Plaintiffs' false assertions in the complaint of the existence of these loan agreements.

As for the hard drive, the notion that Kyko is able to see the entirety of the hard drive but the SSG Defendants will be limited to materials identified by search terms is unacceptable. We are not asking for *Kyko's* hard drives. Rather, this hard drive belonged to Madhavi Vuppalapati, a defendant here. Kyko bought it at a sheriff's sale and has repeatedly used information from it in litigation, including this case. You cannot selectively use documents from the hard drive whenever you wish, and then hide behind newly-manufactured arguments not to produce it to us. What goes for you, goes for us. If the hard drive is not produced, we will move to preclude Kyko's reliance on it, in any way to support the purported claims that you have asserted.

As Mr. Kulkarni swore in the Washington Federal Litigation, the hard drive contains detailed information about "the source type and location of millions of dollars of assets" that Ms. Vuppalapati, PISL, PSI and others "have been hiding and about which they have lied under oath…." Case No. 2:13-cv-01034-MJP (W.D. Wash.), ECF No. 204 ¶ 5 (attached). This was based on a "cursory review of only about 10% of the documents."

This is an enormous case that Kyko filed, which includes ten separate causes of action, alleges a vast RICO conspiracy that purportedly lasted for *years*, and for which Kyko is seeking over $100,000,000.00 in damages. The hard drive of the center of that purported conspiracy—Madhavi Vuppalapati—is relevant to nearly every issue in this case, which

the SSG Defendants can describe in greater detail if necessary.  Moreover, Kyko has not stated a valid basis for withholding the hard drive under Rule 26(b)(2)(B) or Rule 26(b)(2)(C).  Kyko cannot claim that the hard drive is "not reasonably accessible because of undue burden or cost," Rule 26(b)(2)(B), because Mr. Kulkarni's sworn declaration yesterday states that "Kyko has a copy located in Brampton, Ontario, Canada."  Kulkarni Sept. 7, 2020 Decl. at ¶ 4, n.1.  It would therefore be exceedingly simple and cost-effective for Kyko to simply produce a copy.  As I offered previously, produce the hard drive and the SSG Defendants will undertake the search necessary to identify relevant materials at their expense.

You assert in your email that the SSG Defendants must demonstrate that "every single document on the hard drive is relevant to this case."  That is not the standard for discovery under the Federal Rules and in the Western District.  Discovery is appropriate of items that are relevant or which may lead to the discovery of relevant information.  *See Davis v. Solaris Oilfield Site Servs. Operating, LLC*, No. 19-00627-RJC, 2020 WL 4041548, at *3 (W.D. Pa. July 17, 2020) ("Rule 26 establishes a liberal discovery policy. Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information."); *Tennenbaum Capital Partners, LLC v. Kennedy*, No. CV 09-MC-194, 2018 WL 4300540, at *2 (E.D. Pa. Sept. 7, 2018) ("Relevance in the context of discovery is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.'" (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978))); *In re Schaefer*, 331 F.R.D. 603, 608 (W.D. Pa. 2019) ("The threshold for relevancy under Rule 26 is minimal.") (Hornak, C.J.).

To be sure that Judge Stickman has the full record of our discussions on this topic before him, I will forward a copy of this email to Ms. Abbott.

Regards,

[Quoted text hidden]
[Quoted text hidden]

---

 **ECF No 204 (Kulkarni declaration about Madhavi Computer).pdf**
274K