IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KYKO GLOBAL, INC., *et al*,

                  *Plaintiffs*,

     v.

PRITHVI INFORMATION SOLUTIONS, LTD., *et al*,

                *Defendants*.

Civil Action No. 2:18-cv-1290

Hon. William S. Stickman IV

**ORDER OF COURT**

The SSG Defendants (SSG Capital Partners I, L.P., SSG Capital Management (Hong Kong) Limited, Edwin Wong, Andreas Vourloumis, Shyam Maheshwari, Dinesh Goel, and Ira Syavitri Noor) filed an Emergency Motion for a Status Conference to Schedule an Evidentiary Hearing on the Capacity of PSI, and the Standing of Kyko to Bring this Action (ECF No. 179). The Court conducted a status conference and called for briefing on the issue of whether an evidentiary hearing should be conducted to examine the capacity/standing issues identified by the SSG Defendants in the motion.

The SSG Defendants argue that PSI had no capacity to file this lawsuit because it was a void corporation under Delaware law because of non-payment of taxes and/or failure to file a complete annual report. Because PSI's charter had been voided under Delaware law, the SSG Defendants contend that it lacked the authority to initiate this litigation on September 26, 2018 and to pursue it thereafter.[1]   The SSG Defendants further argue that Kyko has not adequately

---

[1]  PSI's certificate has been revived.  Under Delaware law once a corporation has been reinstated, all prior actions are deemed to have been done and performed "with the same force and effect and to all intents and purposes as if the certificate of incorporation had at all times remained in full force and effect."  8 Del.C. §312(e).

demonstrated that it owns PSI and was, therefore, empowered to revive it.  Finally, the SSG Defendants contend that Kyko lacks standing without PSI in the case.

The Court hereby denies the SSG's request for an evidentiary hearing without prejudice to their ability to reassert the request at the conclusion of discovery.  The initial point raised by the SSG Defendants—that PSI's charter was void at the initiation of this action—has been cured pursuant to applicable Delaware law.  The heart of the motion—alleging that Kyko does not have an ownership interest in PSI—is fact laden and will best be examined at a later stage when the parties have had a chance to take discovery and, in so doing, obtain information about their claims and defenses.[2]

November 13, 2020

BY THE COURT:

/s/   *William S. Stickman IV*_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[2]   The SSG Defendants filed extensive Motions to Dismiss raising a multitude of issues, but did not address the standing of Kyko vis-à-vis its ownership of PSI.  The current request for an evidentiary hearing does not relate to any outstanding motion.  If they believe it is warranted, after the close of discovery, the SSG Defendants may raise the issue of Kyko's ownership of PSI in an appropriate dispositive motion.

2